# EXHIBIT E

| | | Number<br>915.003 |
|---|---|---|
| EEOC | NOTICE | |
| | | Date  June 25, 2015 |

**SUBJECT:** EEOC Enforcement Guidance on Pregnancy Discrimination and Related Issues

**PURPOSE:** This transmittal covers the issuance of the Enforcement Guidance on Pregnancy Discrimination and Related Issues. This document provides guidance regarding the Pregnancy Discrimination Act and the Americans with Disabilities Act as they apply to pregnant workers.

**EFFECTIVE DATE:** Upon receipt.

**EXPIRATION DATE:**  This Notice will remain in effect until rescinded or superseded.

**OBSOLETE DATA:** This Enforcement Guidance supersedes the Enforcement Guidance on Pregnancy Discrimination and Related Issues dated July 14, 2014.  Most of this revised guidance remains the same as the prior version, but changes have been made to Sections I B.1 (Disparate Treatment), and I C.1 (Light Duty) in response to the Supreme Court's decision in *Young v. United Parcel Serv., Inc.*, --- U.S. ---, 135 S.Ct. 1338 (2015).  Section I A.5 of the July 14, 2014 guidance has also been deleted in response to *Young*.

**ORIGINATOR:**  Office of Legal Counsel.


                                                                Jenny R. Yang
                                                                Chair

# ENFORCEMENT GUIDANCE:

# PREGNANCY DISCRIMINATION AND RELATED ISSUES

# Table of Contents

**OVERVIEW OF STATUTORY PROTECTIONS** ............................................................................... 1

**I.  THE PREGNANCY DISCRIMINATION ACT** ........................................................................ 4

    **A.  PDA Coverage**.......................................................................................................... 4

        1.  Current Pregnancy ............................................................................................. 4

            a.  Employer's Knowledge of Pregnancy ..................................................... 5
            b.  Stereotypes and Assumptions ................................................................. 5

        2.  Past Pregnancy ................................................................................................... 7

        3.  Potential or Intended Pregnancy ........................................................................ 8

            a.  Discrimination Based on Reproductive Risk........................................... 9
            b.  Discrimination Based on Intention to Become Pregnant ...................... 10
            c.  Discrimination Based on Infertility Treatment...................................... 11
            d.  Discrimination Based on Use of Contraception .................................... 11

        4.  Medical Condition Related to Pregnancy or Childbirth .................................. 13

            a.  In General .............................................................................................. 13
            b.  Discrimination Based on Lactation and Breastfeeding ......................... 15
            c.  Abortion ................................................................................................. 18

    **B.  Evaluating PDA-Covered Employment Decisions** ................................................. 18

        1.  Disparate Treatment ........................................................................................ 18

            a.  Harassment ............................................................................................ 22
            b.  Workers with Caregiving Responsibilities ........................................... 24
            c.  Bona Fide Occupational Qualification (BFOQ) Defense ..................... 25

        2.  Disparate Impact .............................................................................................. 25

    **C.  Equal Access to Benefits** ........................................................................................ 27

        1.  Light Duty ........................................................................................................ 27

            a.  Disparate Treatment:  .......................................................................... 27
                i.  Evidence of Pregnancy Related Animus ................................................ 27
                ii. Proof of Discrimination Through *McDonnell Douglas* Burden-Shifting
                    Framework ............................................................................................. 27
            b.  Disparate Impact .................................................................................... 29

    2. Leave ................................................................................................................ 31

        a. Disparate Treatment ................................................................................. 31
        b. Disparate Impact ...................................................................................... 34

    3. Parental Leave ................................................................................................. 35

    4. Health Insurance ............................................................................................. 36

        a. Generally .................................................................................................. 36
        b. Insurance Coverage of Abortion ............................................................. 37

    5. Retirement Benefits and Seniority .................................................................. 38

**II. AMERICANS WITH DISABILITIES ACT** .................................................................... 38

  **A. Disability Status** .................................................................................................. 39

  **B. Reasonable Accommodation** ............................................................................. 43

**III. OTHER REQUIREMENTS AFFECTING PREGNANT WORKERS** ......................... 46

  **A. Family and Medical Leave Act (FMLA)** ......................................................... 46

  **B. Executive Order 13152 Prohibiting Discrimination Based on Status as Parent** .... 47

  **C. Reasonable Break Time for Nursing Mothers** ............................................... 48

  **D. State Laws** ........................................................................................................... 49

**IV. BEST PRACTICES** ........................................................................................................... 50

have supporting evidence to justify its policy. Business necessity cannot be established by a mere articulation of reasons. Thus, one court refused to find business necessity where the employer argued that it provided no leave to employees who had worked less than one year because it had a high turnover rate and wanted to allow leave only to those who had demonstrated "staying power," but provided no supporting evidence.[122] The court also found that an alternative policy denying leave for a shorter time period might have served the same business goal, since the evidence showed that most of the first year turnover occurred during the first three months of employment.[123]

### 3. Parental Leave

For purposes of determining Title VII's requirements, employers should carefully distinguish between leave related to any physical limitations imposed by pregnancy or childbirth (described in this document as pregnancy-related medical leave) and leave for purposes of bonding with a child and/or providing care for a child (described in this document as parental leave).

Leave related to pregnancy, childbirth, or related medical conditions can be limited to women affected by those conditions.[124] However, parental leave must be provided to similarly situated men and women on the same terms.[125] If, for example, an employer extends leave to new mothers beyond the period of recuperation from childbirth (e.g. to provide the mothers time to bond with and/or care for the baby), it cannot lawfully fail to provide an equivalent amount of leave to new fathers for the same purpose.

**EXAMPLE 14**
**Pregnancy-Related Medical Leave and Parental Leave Policy - No Disparate Treatment**

An employer offers pregnant employees up to 10 weeks of paid pregnancy-related medical leave for pregnancy and childbirth as part of its short-term disability insurance. The employer also offers new parents, whether male or female, six weeks of parental leave. A male employee

---

[122] *Warshawsky*, 768 F. Supp. at 655.

[123] *Id.*

[124] *See California Fed. Sav. & Loan Ass'n v. Guerra*, 479 U.S. 272, 290 (1987) (The state could require employers to provide up to four months of medical leave to pregnant women where "[t]he statute is narrowly drawn to cover only the period of actual physical disability on account of pregnancy, childbirth, or related medical conditions."); *Johnson v. Univ. of Iowa*, 431 F.3d 325, 328 (8th Cir. 2005) ("If the leave given to biological mothers is granted due to the physical trauma they sustain giving birth, then it is conferred for a valid reason wholly separate from gender.").

[125] *See Johnson*, 431 F.3d at 328 (if leave given to mothers is designed to provide time to care for and bond with newborn, "then there is no legitimate reason for biological fathers to be denied the same benefit"); EEOC Enforcement Guidance: *Unlawful Disparate Treatment of Workers with Caregiving Responsibilities, supra* note 25. Although Title VII does not require an employer to provide child care leave if it provides no leave for other family obligations, the Family and Medical Leave Act requires covered employers to provide such leave. *See* Section III A., *infra*.

alleges that this policy is discriminatory as it gives up to 16 weeks of leave to women and only six weeks of leave to men. The employer's policy does not violate Title VII. Women and men both receive six weeks of parental leave, and women who give birth receive up to an additional 10 weeks of leave for recovery from pregnancy and childbirth under the short-term disability plan.

**EXAMPLE 15**
**Discriminatory Parental Leave Policy**
In addition to providing medical leave for women with pregnancy-related conditions and for new mothers to recover from childbirth, an employer provides six additional months of paid leave for new mothers to bond with and care for their new baby. The employer does not provide any paid parental leave for fathers. The employer's policy violates Title VII because it does not provide paid parental leave on equal terms to women and men.

4. **Health Insurance**

   a. **Generally**

As with other fringe benefits, employers who offer employees health insurance must include coverage of pregnancy, childbirth, and related medical conditions.[126]

Employers who have health insurance benefit plans must apply the same terms and conditions for pregnancy-related costs as for medical costs unrelated to pregnancy.[127] For example:

- If the plan covers pre-existing conditions, then it must cover the costs of an insured employee's pre-existing pregnancy.[128]

---

[126] The legislative history of the PDA makes clear that the statute "in no way requires the institution of any new programs where none currently exist." H.R.Rep. No. 95-948, p. 4 (1978), Leg. Hist. 150, U.S. Code Cong. & Admin. News 1978, pp. 4749, 4752. The application of the non-discrimination principle to infertility and contraception is discussed at Section I A.3.c. and I A.3.d., *supra*.

[127] 29 C.F.R. § 1604.10(b) ("Disabilities caused or contributed to by pregnancy, childbirth, or related medical conditions, for all job-related purposes, shall be treated the same as disabilities caused or contributed to by other medical conditions, under any health or disability insurance or sick leave plan available in connection with employment.").

[128] The Patient Protection and Affordable Care Act (also known as Health Care Reform), Pub. L. No. 111-148, 124 Stat. 119 (2010) (codified as amended in scattered sections of the U.S. Code) contains provisions regarding insurance coverage of pre-existing conditions. Effective January 1, 2014, insurers can no longer exclude coverage for treatments based on such conditions.