# EXHIBIT B

| | |
|---|---|
| **From:** | ███████████████████ |
| **Sent:** | Thursday, March 3, 2016 1:15 PM |
| **To:** | Julia F Sheketoff |
| **Subject:** | RE: ███████████ |

No worries. I did not presume you were trying to impugn or undermine anything. You undoubtedly made the memo much better.

My point is that I want you to be cognizant of time, and changing something back to the way you had it (after someone else took the time to change it) is not efficient. If it is an important issue, leave the more senior person's edit and ask about it in person or on the phone.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

--------Original Message--------

From : Julia F Sheketoff/JonesDay
███████████████████████
cc :
Sent on :03/03/2016 11:11:16 AM EST
Subject : Re: ███████████

Hi ██████

Thanks for your comments.  I didn't mean to impugn or undermine our hierarchy by suggesting edits to the memo. The way I thought about it was that my job was to help you get the best memo possible to the client, and so I was suggesting for your consideration edits that I thought would help clarify our analysis.  I sent you the track-changes version of the document so you could easily reject any (or all) of my suggestions.  In any case, attached is a version incorporating your revisions.

Best,
Julia

Julia Fong Sheketoff
Associate
**[JONES DAY® - One Firm Worldwide](#)**℠

51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3425

| | |
|---|---|
| **From:** | |
| | ███████████████ |

1

To:
Julia F Sheketoff/JonesDay@JonesDay,
Date:
03/02/2016 11:11 PM
Subject:
Re: █████████████

Some general comments.

1.  you should avoid making style edits to the writing of the person whose name goes first on the memo (e.g., the first sentence on p. 2 under exec summary...where you changed "as well as" to "and")

2.  when the person whose name goes first on the memos makes an edit, you should not change it back to the way you had it (e.g., on p. 4 when describing the district court case...the citation alerts the reader to the specific court)

See specific comments below in **bold.**

█████████
Partner
**JONES DAY® - One Firm Worldwide℠**

51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office 202.879.████
Fax 202.626.1700
████████████

---

From:
Julia F Sheketoff/JonesDay
To:
████████████████████
Date:
03/02/2016 04:30 PM
Subject:
Re: ██████████████

Hi █████

I reviewed the memo and proofread it (as did a paralegal).  I made a few changes to your changes -- just to try to be as precise as possible about some of our analysis.  I've attached the latest version of the draft as well as a compare version so you can see all of the changes I made since your draft.

To briefly summarize:

- On page 2, I made changes t ████████████████████████████████████████
████████████████████████████████: **very good edits to the paragraph, except for the first sentence. Delete that.**

- On page 2, ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

2

▇▇▇▇▇▇: **change the first sentence here to be more a statement of the rule, like we did with the preceding paragraph.  I'd like to avoid "could argue" language in the exec summary.  Otherwise, I like your changes a lot.**

- On pages 2-3, I suggested some changes ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ to try to clarify the procedural posture of the various scenarios we're discussing. ▇▇▇▇: **Those look great.**

- On page 4, I changed the description of the court back to District Court for the District of Columbia, because I wanted to make sure the reader didn't think we were referring to the local DC trial court. ▇▇▇▇: **See general comment above.**

- On page 5, I changed the bolded words back to italics for consistency with the style of the rest of the memo.  But if you prefer bold, we can easily change that back. ▇▇▇▇. **That's fine.**

Do these changes look alright to you?  If not, we can (of course) revert back to your version.

Best,
Julia

Julia Fong Sheketoff
Associate
**[JONES DAY® - One Firm Worldwide](#)**ˢᴹ

51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3425

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

| | |
|---|---|
| From: | ▇▇▇▇▇▇▇▇▇▇ |
| To: | Julia F Sheketoff/JonesDay@JonesDay |
| Date: | 03/01/2016 06:41 PM |
| Subject: | ▇▇▇▇▇▇▇▇▇▇ |

Julia,

I made edits to the ▇▇▇ memo and saved it as version 9.

Please do a really good proof (and have an I&A paralegal) do one also.  I found a few typos.

Also, for your own edification, run a black line against version 8.  Your legal research and writing is very strong (as anyone would expect, given your background), but I want you to learn to write more like an advocate and advisor to a general counsel and corporate boards.  That means, at least in part, less "one could argue" language and more definitive statements, at least in the executive summary.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

███████████████

█████
Partner
**JONES DAY® - One Firm Worldwide℠**

51 Louisiana Ave., N.W.
Washington, D.C. 20001
Office 202.879.████
Fax 202.626.1700

████████████

4