IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>and BETH HEIFETZ,<br><br>    *Defendants*. | Case No. 1:19-cv-02443-RDM |

**MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiffs respectfully request leave to file a surreply (Dkt. 20-1) to address new arguments raised for the first time in Jones Day's reply brief (Dkt. 19). Those new arguments include:

- Jones Day's new argument that there is no "practical daylight" between giving new mothers "leave while they are disabled" and giving them "eight weeks of disability leave." Reply 1-2.

- Jones Day's new argument that, contrary to Plaintiffs' longstanding belief and the Complaint's allegations, it actually "offers leave only for the period of actual disability." Reply 1; *see* Reply 3-6.

- Jones Day's new argument that its family leave policy's promise of eight weeks of disability leave to birth mothers is inoperative "shorthand" that does not mean what it says. Reply 1, 4-5, 7-8.

- Jones Day's new argument that Plaintiffs' opposition to its policy was unreasonable in light of the preceding new arguments. Reply 6-8.

- Jones Day's new argument that, even if its policy illegally discriminated against Mark, the only reasonable remedy would be to give Mark nothing. Reply 7.

- Jones Day's new claim that Plaintiffs have "admitted[]" that its discriminatory policy is "reasonable." Reply 4.

- Jones Day's new arguments that Julia's retaliation claims fail to plead either protected activity or causation. Reply 8 n.3.

- Jones Day's new argument that a key D.C. Court of Appeals decision interpreting the D.C. FMLA is not binding because it relied on federal law.  Reply 9-10.

- Jones Day's new argument that Julia's EEOC charge was untimely for failure to cross-file with the D.C. Office of Human Rights.  Reply 10-12.

- Jones Day's new argument that Julia failed to state a disparate impact claim.  Reply 15 n.7.

The Court has wide discretion in determining whether to accept a surreply.  *Plunkett v. DOJ*, 249 F. Supp. 3d 73, 75 n.2 (D.D.C. 2017).  Plaintiffs have sought to draft their brief to be helpful to the Court, and they believe that it meets the criteria for acceptance.  *Edelman v. SEC*, 239 F. Supp. 3d 45, 54 n.5 (D.D.C. 2017).  Accordingly, Plaintiffs respectfully seek leave to file their surreply.[1]

| | |
|---|---|
| /s/ Julia Sheketoff | /s/ Mark C. Savignac |
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 1112 M St. NW #411 | 1112 M St. NW #411 |
| Washington, D.C. 20005 | Washington, D.C. 20005 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

October 28, 2019

---

[1] Jones Day's counsel declined to consent to this motion.