**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, <br><br>    *Plaintiffs*, <br><br> v. <br><br> JONES DAY, *et al.*, <br><br>    *Defendants*. | Civ. No. 1:19-02443 (RDM) <br><br> **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY** |

"The Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).  As such, "surreplies are generally disfavored." *Id.*  When asked for leave to file a surreply, the court should consider, among other things, "whether the movant's reply in fact raises arguments or issues for the first time" and also "whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion." *Id.*

Plaintiffs' motion—filed eleven days after Defendants' reply, a longer window than for the reply itself—asserts that nearly every argument in Defendants' reply is "new."  And their proposed surreply methodically responds to each and every point in Defendants' reply, consuming as many pages as the reply itself.  This is not credible.  In reality, Defendants' arguments were not "new"; they were appropriate responses to arguments in Plaintiffs' opposition.  That is the whole point of a reply brief.  "As Courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Id.* at 188 (quoting *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011)).

1

Nor have Plaintiffs shown that their proposed surreply would add anything helpful to the existing briefing, which has already been extensive. (Plaintiffs' opposition was longer than Defendants' opening and reply briefs combined.) Instead, Plaintiffs use their proposed surreply to recharacterize their central challenge to Jones Day's leave policies. *But see Schoenman v. FBI*, 575 F. Supp. 2d 166, 173 (D.D.C. 2008) ("Plaintiff is not permitted to continuously raise new arguments in additional filings, rather Defendants and the Court are entitled to a definitive statement of Plaintiff's arguments so that the Cross–Motions can finally be resolved.").

First, Plaintiffs now claim they are not challenging Jones Day's Short Term Disability policy at all. Dkt. 21-1 at 7. But only the Short Term Disability policy grants birth mothers leave beyond what fathers receive. Plaintiffs claim they are instead challenging the Firm's family leave policy, but that policy provides only sex-neutral parental leave that Plaintiffs previously said they were *not* challenging. MTD Opp. at 2. To be sure, the family leave policy cross-references and summarizes the disability leave available to birth mothers, to explain how that interacts with the additional, sex-neutral parental leave—but it expressly states that the disability leave is available "under the Firm's Short Term Disability policy." Dkt. 1-1 at 3. The latter policy and its operative terms are therefore what control the legal inquiry, *Johnson v. Univ. of Iowa*, 431 F.3d 325, 328-29 (8th Cir. 2005)—not an isolated snippet of summary. Nor can the plain operative terms of policies attached to Plaintiffs' Complaint be superseded by Plaintiffs' mistaken allegations about them, regardless of whether this is a "contract or statutory interpretation case" (Dkt. 21-1 at 3). In short, if Plaintiffs are challenging neither the Short Term Disability policy nor the additional sex-neutral benefits under the family leave policy, then they have no challenge to the Firm's policies.

Second, Plaintiffs also now argue that Jones Day's "actual policy" somehow differs from its "written policies," attempting to manufacture factual issues out of their legal claims. Dkt. 21-

1 at 2-3.  But that is not what their Complaint alleges.  Compl. ¶ 105 ("The policy for associates is appended to this Complaint.").  And Plaintiffs have consistently maintained that "[t]he issue about the legality of the parental leave policy is a question of law."  Dkt. 12 at 1; *see also* MTD Opp. at 3 ("Jones Day's policy is illegally discriminatory as a matter of law.").  Plaintiffs' newfound belief that discovery will save their claims (Dkt. 21-2 at 2-3, 9) is thus a major tactical reversal.  Anyway, the difference Plaintiffs posit between Jones Day's written policy and actual practice is illusory, as Defendants have explained.  The written policy (which Plaintiffs now disclaim challenging) rebuttably presumes that the birth mother's doctor has certified a standard eight-week recovery period.  The fact that many birth mothers in practice obtain eight weeks of disability leave is thus not remotely indicative of any deviation from the (unchallenged) written policy.

A review of the briefing leaves the distinct impression that Plaintiffs themselves may not have read the full terms of the Short Term Disability policy before Savignac pressed his demand, or even before they filed this lawsuit.  They are therefore now left to develop *post hoc* rationales for their conduct, conceding the validity of policies they previously decried and seeking to switch horses from a facial legal challenge to an as-applied factual one.  The Court should reject the proposed surreply, but should certainly reject Plaintiffs' meritless claims.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion for leave to file a surreply.

November 1, 2019                                          Respectfully submitted,

                                                          */s/ Traci Lovitt*
                                                          Traci Lovitt (Bar No. 467222)
                                                          JONES DAY
                                                          250 Vesey Street
                                                          New York, NY 10281
                                                          Phone: (212) 326-3939

                                                          *Attorney for Defendants*