IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>   *Plaintiffs*,<br><br>           v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>BETH HEIFETZ, and JOHN DOES 1-10,<br><br>   *Defendants*. | Case No. 1:19-cv-02443-RDM |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Plaintiffs respectfully request leave to file a supplemental complaint advancing claims based on Jones Day leadership's retaliation against Plaintiffs for filing this civil rights lawsuit.

Supplemental pleadings are governed by Federal Rule of Civil Procedure 15(d):

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; to include new parties where subsequent events have made it necessary to do so." *Thorp v. District of Columbia*, 325 F.R.D. 510, 513 (D.D.C. 2018) (quoting *United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002)). "The Rule thus promotes as complete an adjudication of the dispute between the parties as is possible." *Id.* That is precisely what Plaintiffs seek.

A motion to file a supplemental complaint should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Sai v. TSA*, 155 F. Supp. 3d 1, 7 (D.D.C. 2016) (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)).  There is every reason to allow the supplemental complaint here.

*First*, this case remains at the pleading stage.  Jones Day's motion to dismiss Plaintiffs' complaint is pending before the Court, no answer has been filed, and no discovery has been taken.  Under these circumstances, allowing the supplemental complaint should work no meaningful delay or prejudice.

*Second*, the proposed supplemental complaint is closely related to this action.  It addresses Jones Day's illegal retaliation against Plaintiffs for filing this action.  That retaliation represents Jones Day leadership's continuation of the willful violations of the civil rights laws that are the subject of this action.  *See Health Insurance Ass'n v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003) ("the court should freely grant a party's request to file a supplemental pleading when the supplemental facts connect it to the pleading").  Moreover, this action and the proposed supplemental complaint both implicate the same body of civil rights law.  *See The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) ("The interests of judicial economy and convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit.").

*Third*, denying the motion would lead to unnecessary inefficiency.  If Plaintiffs are not allowed to file a supplemental complaint, then they must file a new action advancing the same claims set forth in the proposed supplemental complaint.  *See Thorp*, 325 F.R.D. at 514 ("Thorp is

free to recast the arguments of his supplemental complaint as a complaint in a new, perhaps related, action before this court."). That new action would be deemed related to this one, leaving the parties and the Court in the same position they would be in if the supplemental complaint is allowed, but after needless procedural waste associated with opening a new case. *See Fund for Animals*, 246 F.R.D. at 55 (referencing "the judicial interest in hearing all similarly situated claims together"); *Health Insurance Ass'n*, 213 F.R.D. at 66 ("Perhaps the strongest argument in favor of granting a motion to file a supplemental complaint is economy—judicial economy as well as the cost of litigation.").

For these reasons, Plaintiffs respectfully request leave to file their supplemental complaint.[1]

| | |
|---|---|
| /s/ Julia Sheketoff | /s/ Mark C. Savignac |
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 2207 Combes Street | 2207 Combes Street |
| Urbana, IL 61801 | Urbana, IL 61801 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

June 30, 2020

---

[1] Defendants' counsel declined to consent to this motion.

3