IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | Civ. No. 1:19-02443 (RDM) |
| v. | ) ) | **SUPPLEMENTAL FILING REGARDING** |
| JONES DAY, *et al.*, | ) ) | **TITLE VII EXHAUSTION** |
| *Defendants.* | ) ) | |

  On August 4, 2020, this Court ordered the parties to file any materials they believe should be considered if the Court treats the part of Defendants' Rule 12(b)(6) motion regarding exhaustion of Plaintiff Sheketoff's Title VII claim as a motion for summary judgment on that issue.  As this Court is aware, the timeliness of Plaintiff Sheketoff's EEOC charge turns on whether she "initially instituted proceedings with a State or local agency," since in that event the statute affords 300 days to file with the EEOC, rather than the standard 180 days.  42 U.S.C. § 2000e-5(e)(1).  Defendants understand Sheketoff's position to be that her EEOC charge should be *deemed* to have been filed initially with the D.C. Office of Human Rights pursuant to a "work-sharing agreement" between the agencies.  That agreement is not yet in the record, and its existence is not alleged in Plaintiffs' Complaint.  Defendants have not seen such an agreement and have been unable to locate it.

  Attached as **Exhibit 1** is the EEOC charge that Sheketoff filed.  Defendants note that there is a section for notarization "[w]hen necessary for State and Local requirements."  Notarization is indeed required to file a charge with the D.C. agency.  *See* 4 D.C.M.R. § 705.2 ("[T]he finalized complaint shall be signed and verified before a notary public or other person duly authorized to administer oaths and take acknowledgements.").  For that reason alone, Sheketoff's charge—which was not notarized—should not be treated as having triggered the 300-day rule.

Attached as **Exhibit 2** is the notice of charge that the EEOC sent Jones Day regarding the Sheketoff charge. Defendants observe that the notice does not advise Jones Day that the charge was cross-filed with the D.C. Office of Human Rights. Prior work-sharing agreements between the EEOC and the D.C. Office of Human Rights have provided that each agency will "notify ... the Respondent of the dual-filed nature of each such charge it receives for initial processing." *Epps v. Potomac Elec. Power Co.*, No. 1:18-cv-1423, Dkt. No. 17-1 at 8 (§ II.E) (July 8, 2019).

| | |
|---|---|
| August 11, 2020 | Respectfully submitted, |

Traci Lovitt (Bar No. 467222)
Terri L. Chase *(pro hac vice)*
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

 /s/ *Anderson T. Bailey*
Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Phone: (412) 391-3939

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

*Attorneys for Defendants*