# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONES DAY, *et al.*,<br><br>*Defendants*. | Civ. No. 1:19-02443 (RDM)<br><br>**MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION** |

Traci Lovitt (Bar No. 467222)
Terri L. Chase (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Phone: (412) 391-3939

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

                                                              **Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.      Sheketoff Does Not Satisfy the Demanding Standard for Reconsideration ...................... 1

II.     In Any Event, Sheketoff's Arguments Are Misguided and Mistaken ............................... 4

          A.      Whatever the Proper Role of Hours, the Court Correctly Held That Sheketoff Failed To Plead Any Facts Showing "Equal Work." ............................ 4

          B.      An Employee's Actual Job Performance Bears on the Plaintiff's Prima Facie Case, Not Only on the Act's Affirmative Defenses ..................................... 5

CONCLUSION.................................................................................................................................... 6

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Achagzai v. Broadcasting Bd. of Governors*,
   185 F. Supp. 3d 135 (D.D.C. 2016) .................................................................................. 1, 2

*Arias v. DynCorp*,
   856 F. Supp. 2d 46 (D.D.C. 2012) ......................................................................................... 2

*Benedict v. Hankook Tire Co. Ltd.*,
   2018 WL 1655358 (E.D. Va. Apr. 5, 2019) ........................................................................... 2

*Christianson v. Colt Indus. Operating Corp.*,
   486 U.S. 800 (1988) ..................................................................................................... 1, 2, 3

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014) ................................................................................................... 5

*Gunther v. Cnty. of Washington*,
   623 F.2d 1303 (9th Cir. 1979) ............................................................................................... 4

*Haas v. City of Richmond*,
   2018 WL 9865742 (E.D. Va. Aug. 27, 2018) ........................................................................ 3

*Keystone Tobacco Co. v. U.S. Tobacco Co.*,
   217 F.R.D. 235 (D.D.C. 2003) .............................................................................................. 2

*Pueschel v. Nat'l Air Traffic Controllers' Ass'n*,
   606 F. Supp. 2d 82 (D.D.C. 2009) .................................................................................... 2, 3

*Smith v. Murphy & Sons, Inc.*,
   2007 WL 2475877 (N.D. Miss. Aug. 28, 2007) ................................................................... 3

**STATUTES & OTHER AUTHORITIES**

29 U.S.C. § 206(d)(1) ..................................................................................................................... 1

29 C.F.R. § 1620.27(b) ................................................................................................................... 3

Fed. R. Civ. P. 54(b) ....................................................................................................................... 2

Fed. R. Civ. P. 59(e) ....................................................................................................................... 2

The Equal Pay Act ("EPA") requires equal pay for "*equal work* on jobs the performance of which requires equal skill, effort, and responsibility." 29 U.S.C. § 206(d)(1) (emphasis added). This Court dismissed Plaintiff Sheketoff's EPA claim—without prejudice, with leave to replead—because she "fail[ed] to allege that she actually performed work 'substantially equal' to the work performed by her male comparators during the relevant period." (Dkt. 32 at 24.)

Instead of attempting to fix that straightforward pleading defect, Sheketoff has asked the Court to reconsider and hold that an EPA plaintiff need allege only that "she and higher-paid men worked in substantially equal *jobs*." (Dkt. 33 at 5.) On that view, an employee can make a *prima facie* EPA claim merely by pointing to a higher-paid employee whose job, in the abstract, requires "equal skill, effort, and responsibility"—without any regard to the work either employee actually performed in those jobs. Indeed, Sheketoff maintains that a *part-time* worker can state a claim simply by identifying a *full-time* worker who earned more, and that if the employer wants to defeat such a suit, it must first submit to discovery and bear the burden of proving that the pay differential was actually attributable exclusively to the part-time / full-time distinction. (*Id.* at 19 n.7.)

The Court should reject Sheketoff's request. Motions for reconsideration are not meant for "rehash[ing]" issues that have already been decided. *Achagzai v. Broadcasting Bd. of Governors*, 185 F. Supp. 3d 135, 136 (D.D.C. 2016) (Moss, J.). And this Court's conclusion was not wrong, much less clearly wrong. To the contrary, it is Sheketoff who is wrong, both about the statutory requirements and about the basis for this Court's dismissal of her claim.

I. **SHEKETOFF DOES NOT SATISFY THE DEMANDING STANDARD FOR RECONSIDERATION**

"[C]ourts should be loathe" to "revisit prior decisions of [their] own" "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). "Where litigants have once battled for the court's decision, they should not be permitted

1

to battle for it again." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009). As a consequence, a motion for reconsideration is not a chance to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." *Benedict v. Hankook Tire Co. Ltd.*, 2018 WL 1655358, at *3 (E.D. Va. Apr. 5, 2019). And it is certainly not "an opportunity to rehash arguments previously made and rejected." *Arias v. DynCorp*, 856 F. Supp. 2d 46, 51 (D.D.C. 2012). "In the interests of finality, then, the Court generally will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003); *see also Achagzai*, 185 F. Supp. 3d at 136 (looking to Rule 59(e) factors in adjudicating motion for reconsideration under Rule 54(b)).

Sheketoff has not established "extraordinary circumstances" to justify reconsideration. *Christianson*, 486 U.S. at 817. In fact, nowhere does Sheketoff even acknowledge the demanding standard for reconsideration—instead conflating it with the test for whether a court should allow an *amicus* filing. *See Tolton v. Jones Day*, No. 1:19-cv-945, Dkt. No. 156 (D.D.C. filed Sept. 9, 2020) (moving to file her motion for reconsideration as an *amica* brief in *Tolton*). She does not argue a change in the law. Nor does she claim to have uncovered new evidence. Her only hope, then, is to show clear error and manifest injustice. But she cannot do so, for three reasons.

*First*, by her own admission, Sheketoff is making the same points she made in opposition to the Firm's motion to dismiss, just "at greater length." (Dkt. 33 at 6 n.2; *see also* Dkt. 18 at 49-50.) That is not a ground for reconsideration; it is actually a basis to deny her motion. *Achagzai*, 185 F. Supp. 3d at 136; *Keystone Tobacco*, 217 F.R.D. at 237 (party "cannot demonstrate a clear error of law merely by repeating arguments they asserted in their original briefs").

*Second*, Sheketoff's argument is that the Court misinterpreted the EPA—that, in fact, the Act does not require a showing of "equal work." A motion for reconsideration premised on legal error, however, must show that the prior decision is "dead wrong"; more colorfully phrased, "the Court's previous decision … must strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Haas v. City of Richmond*, 2018 WL 9865742, at *3 (E.D. Va. Aug. 27, 2018). Here, even Sheketoff admits that the Court's supposed error is open for debate: She candidly recognizes that her interpretation would erase the "equal work" element from the statute. (Dkt. 33 at 7.) By definition, then, the Court did not commit clear error. Even if the question were close (*but see infra* Part II.B), that would not justify reconsideration. *Christianson*, 486 U.S. at 819 ("close questions, by definition, never have clearly correct answers").

*Third*, even assuming *arguendo* the Court's legal reasoning were off, Sheketoff faces no "manifest injustice." *Christianson*, 486 U.S. at 817; *see also Pueschel*, 606 F. Supp. 2d at 85 ("The moving party has the burden of showing ... that some harm or injustice would result if reconsideration were to be denied."). Sheketoff's EPA claim was redundant of her Title VII and DCHRA claims: All three claims alleged that one discriminatory review influenced her pay. The Title VII and DCHRA claims survived. Sheketoff will thus obtain full discovery into that review regardless. If the evidence reveals no discrimination, her claims will fail, and the dismissal of the EPA claim will make no difference. If Sheketoff were to prevail on her remaining claims, she would not be entitled to duplicative damages anyway. 29 C.F.R. § 1620.27(b); *Smith v. Murphy & Sons, Inc.*, 2007 WL 2475877, at *11 n.5 (N.D. Miss. Aug. 28, 2007) ("The court will not permit plaintiff to seek double recovery under Title VII and the Equal Pay Act for the same disparate pay allegations ...."). Even if Sheketoff could show clear error, this is not a situation where the interests of justice warrant the extraordinary remedy of reconsideration.

**II.    IN ANY EVENT, SHEKETOFF'S ARGUMENTS ARE MISGUIDED AND MISTAKEN**

Even if this Court were to consider the merits of Sheketoff's arguments, there is no basis for reconsideration. Sheketoff is wrong for two independent reasons: She misunderstands what this Court held in dismissing her EPA claim, and she is wrong about what the law demands.

**A.    Whatever the Proper Role of Hours, the Court Correctly Held That Sheketoff Failed To Plead Any Facts Showing "Equal Work."**

Sheketoff's argument concerns whether a law-firm associate's hours bear on her *prima facie* case or instead merely on the affirmative defense for pay systems based on "quantity of production." But that debate is beside the point, because the Court did not dismiss Sheketoff's EPA claim solely because she failed to allege that she billed as many hours as male associates. The failure was that Sheketoff did not "allege that she actually performed work 'substantially equal' to the work performed by her male comparators during the relevant period." (Dkt. 32 at 24.) Sheketoff could have satisfied that pleading standard in any number of ways—including by showing "that she worked as many hours *or otherwise worked as hard as* those who were paid more than she was." (*Id.* at 23 (emphasis added).) The Court did not hold that similarity of hours is an absolute requirement at the pleading stage, only that there must be *some* non-conclusory allegations sufficient to satisfy the statutory elements.

And the Court correctly concluded that there were none. Indeed, the Complaint does not say *anything* about Sheketoff's work during the relevant period (from July 2017 until she left the Firm in August 2018). (Compl. ¶ 210.) Nor does it say a word about her comparators' work. The only allegation about Sheketoff is that she "was an associate in Jones Day's Issues & Appeals practice group." (Compl. ¶ 14.) That was her *title*, but says nothing about the *work she performed*. Yet in the equal work inquiry, "actual job performance and content—not job titles, classifications or descriptions—is determinative." *Gunther v. Cnty. of Washington*, 623 F.2d 1303, 1309 (9th

4

Cir. 1979), *aff'd*, 452 U.S. 161 (1981); *see also EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255 (2d Cir. 2014) (to show equal work, plaintiff "must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications").  The closest the Complaint comes is the offhand observation, in connection with Savignac's claims, that Issues & Appeals associates "frequently draft Supreme Court briefs." (Compl. ¶ 52.)  But the loop is never closed; Sheketoff never alleges that her work during the relevant year, and the work of her male comparators, consisted principally of drafting Supreme Court briefs.

In short, whatever the proper role of hours in the EPA analysis in this context, Sheketoff's Complaint did not make *any* non-conclusory factual allegations about her work, or the work of her comparators, during the relevant period.  Based on that pleading deficiency, this Court correctly dismissed her claim without prejudice and with leave to replead.

### B. An Employee's Actual Job Performance Bears on the Plaintiff's *Prima Facie* Case, Not Only on the Act's Affirmative Defenses.

Sheketoff is also wrong on the law.  Her position is that an employee can establish a *prima facie* case by pointing to any higher-paid employee of the opposite sex who holds the same or similar "job"—without any regard to the *work* either employee actually performed in those jobs.  If that were correct, an associate who spends a year twiddling his thumbs and waiting for the phone to ring could state an EPA claim by comparison to a female associate who bills over 2,200 hours contributing to high-profile trials.  They are both "associates," after all.  Indeed, on Sheketoff's view, *every* associate at a non-lockstep firm like Jones Day (with the sole exception of the highest-paid associate) necessarily has a *prima facie* EPA claim by pointing to the highest-paid opposite-sex associate in his or her class.  And the only way to defeat such a claim would be for the employer to proceed through discovery and then shoulder the burden of proving that the disparity was in fact attributable to differences in work, productivity, seniority, or other factors beyond sex.

For the reasons explained in Jones Day's response to Sheketoff's *amica* brief in *Tolton*—which Defendants attach as Exhibit A and incorporate here by reference—her position is foreclosed by the statutory text and purpose, common sense, and uniform caselaw. While there are different ways of getting to the same place, there is no doubt that an employee's actual performance bears on the *prima facie* case, and that Sheketoff's categorical rule to the contrary is not the law.

## CONCLUSION

The standard for reconsideration is demanding and rightfully so. Sheketoff already had the opportunity to defend her EPA claim. Nothing she offers now suggests that this Court was wrong (much less clearly wrong) in requiring her to plausibly allege that she performed work substantially equal to the work performed by her male comparators. Her motion should be denied.

September 28, 2020                                        Respectfully submitted,

 /s/ *Traci Lovitt*
Traci Lovitt (Bar No. 467222)
Terri L. Chase *(pro hac vice)*
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939

Anderson T. Bailey *(pro hac vice)*
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Phone: (412) 391-3939

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939

*Attorneys for Defendants*