**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK C. SAVIGNAC *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 19-2443 (RDM) |
| JONES DAY *et al.*, | |
| *Defendants*. | |

## <u>ORDER</u>

Plaintiffs Mark Savignac and Julia Sheketoff filed this action in August 2019, challenging the legality of Jones Day's parental leave policy and alleging that they were subjected to various forms of sex discrimination and retaliation arising from their employment as associates at the firm. Dkt. 1. Almost a year later, Plaintiffs moved for leave to file a supplemental complaint alleging that Jones Day, its managing partner, Stephen Brogan, and others retaliated against them in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215; and the D.C. Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.*, when the firm issued and "widely disseminated" a press release responding to the allegations contained in Plaintiffs' complaint. Dkt. 25-1 at 1, 16–17 (Proposed Supp. Compl. ¶¶ 3, 96–113). That motion is now before the Court.

Among other things, Plaintiffs' supplemental complaint, if allowed, would allege that the press release (1) falsely asserts that Plaintiffs filed suit to compel women to make "intrusive disclosures" of medical information to Jones Day, *id.* at 4–5 (Proposed Supp. Compl. ¶¶ 22–26); (2) falsely asserts that Savignac was not fired for challenging the legality of Jones Day's parental

leave policy, *id.* at 5–6 (Proposed Supp. Compl. ¶¶ 27–29); (3) falsely asserts that Savignac demonstrated "poor judgment," "a lack of courtesy to his colleagues," "personal immaturity," and "a disinterest in pursuing his career at Jones Day," *id.* at 6 (Proposed Supp. Compl. ¶ 31); and (4) falsely asserts that Sheketoff's claims were "'false and . . . not made in good faith,'" maliciously stated that her "'contribution to billable client representation was below expectations'" and that her "'attention was focused on idiosyncratic concerns,'" and deceptively created the impression that the allegation that the firm had "doctored her website photo 'to confirm to the firm's Caucasian standards of female beauty,'" was untrue, *id.* at 10, 12–14 (Proposed Supp. Compl. ¶¶ 59, 73, 85–86).  According to Plaintiffs' proposed supplemental complaint, these "malicious statements" were retaliatory and were included with the intent "to destroy Plaintiffs' reputations; to provide current and prospective employers, other members of the legal profession, and prospective clients with permanently available false and misleading negative information to deter them from hiring, promoting, or doing business with" Plaintiffs. Dkt. 25-1 at 15 (Proposed Supp. Compl. ¶¶ 94–95).  The proposed supplemental complaint further alleges that Jones Day, Brogan, and others intended "to deter other victims of illegal discrimination at Jones Day from coming forward by demonstrating Jones Day leadership's eagerness to destroy the career and reputation of anyone who does so."  *Id.* (Proposed Supp. Compl. ¶ 95).

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the [C]ourt may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Motions to supplement or to amend pleadings "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the

parties,'" *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright et al.,

Federal Practice and Procedure § 1504, at 186–87 (2d ed. 1990)); *see also Sai v. TSA*, 155 F.

Supp. 3d 1, 7 (D.D.C. 2016), absent good reasons for denial, "such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of amendment," *Foman v. Davis.*, 371 U.S. 178, 182 (1962).

Here, Defendants argue that "[t]he Court should exercise its discretion to deny the

motion" because Plaintiffs waited to move until "[e]leven months" after the alleged retaliation,

"with a motion to dismiss their [c]omplaint fully briefed." Dkt. 26 at 1. They further argue—at

greater length—that Plaintiffs' motion should be denied because of the futility of their

supplemental claims. *Id.* at 2. As Defendants explain it, Jones Day only prepared its statement

after it was contacted by the *New York Times*, at the instigation of Plaintiffs, and the firm only

published the statement on its website after the complaint was filed and the *New York Times* ran

its story. *Id.* at 1. They took these actions, not to retaliate against Plaintiffs, but to defend the

firm's reputation in the face of Plaintiffs' well-publicized attack on the firm. As Defendants put

it, the "[p]ublic airing of the defendants' legal and factual positions cannot, in the legally

relevant sense," constitute retaliation; rather, their response was "a natural and inevitable

incident of litigation." *Id*. at 3. "Engaging with the press was part of Plaintiffs' strategy (and

threat) from the start," and Defendants can—in their view—hardly be faulted for defending

themselves in the very forum Plaintiffs' invoked. *Id.* at 4. Finally, Defendants assert that

Plaintiffs' proposed claims are futile because "Jones Day's statements were factually true,

rational interpretations of disclosed facts, or non-falsifiable matters of opinion." *Id*. at 2 n.1.

The Court begins with the timeliness of Plaintiffs' motion. Although Defendants are

correct that Plaintiffs could have sought leave to file a supplement complaint earlier than they did, Defendants have failed to identify any undue prejudice they will suffer if Plaintiffs' motion is granted.  This litigation remains in the relatively early stages, and Plaintiffs' proposed, supplemental complaint does not inject any fundamentally new or unrelated issues into the case. *Cf. Thorp v. District of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental pleading because it prejudiced the defendants by adding new parties and "allegations relate[d] to events fully distinct from those underlying" the case); *Sai*, 155 F. Supp. 3d at 7 (denying leave to file a supplemental pleading adding fourteen new FOIA requests that "would almost certainly delay disposition of the case while [the defendant] processe[d] the new requests").  As a result, Plaintiffs' delay in moving to supplement their complaint is not fatal to their motion.

Although Defendants are on firmer ground in arguing that the proposed, supplemental complaint is futile, in light of the liberal rule permitting the amendment or supplementation of pleadings, *see Wildearch Guardians v. Kempthorne*, 592 F. Supp.2d 18, 23 (D.D.C. 2008) ("Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard."); *Foman*, 371 U.S. at 182 (1962) (leave to amend shall be "freely given" (internal quotation marks omitted)), the Court cannot conclude on the current record and in light of the briefs filed to date that Plaintiffs cannot possibly prevail on their new claims.  Defendants, to be sure, raise a host of substantial hurdles that Plaintiffs will face in pursuing their claims. But, to the extent they contend that Plaintiffs lose as a matter of law, Defendants fail to develop those arguments with sufficient clarity to permit the Court to resolve the question on the existing record.  And, to the extent they contend that Plaintiffs' claims are wrong as factually flawed, this is not the proper stage of the proceeding to resolve that contention.

4

Anti-retaliation provisions like those at issue here proscribe actions that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). "[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69. Defendants argue that their press release is non-actionable because the statements therein either make true assertions, exist in publicly available court filings, constitute opinions, or cannot possibly inflict any harm beyond the injury Plaintiffs may have inflicted upon themselves by bringing this litigation. Dkt. 26 at 2–5. But Defendants cite no caselaw holding that public statements relating to a matter in litigation, but not made in the litigation itself, are protected. Nor do they cite to any caselaw holding that opinions are protected in the retaliation context, and, indeed, that proposition is difficult to square with the text or purpose of the relevant anti-retaliation provisions. There is no reason to believe, for example, that an employee would have no recourse if her employer published career-damaging "opinions" about her because the employer was angry that the employee had filed an equal employment opportunity complaint and wanted to dissuade other employees from doing so. And, even if the press release merits similar treatment to a statement made in court filings or in the courtroom—a conclusion that is questionable—the authority cited by Defendants makes clear that there is no "absolute litigation privilege" because "some actions taken in the course of litigation could conceivably constitute retaliation." *Steffes v. Stepan Co.*, 144 F.3d 1070, 1075 (7th Cir. 1998). Because the inquiry into retaliation is highly context-dependent, it is inappropriate for the Court to deem Plaintiffs' motion futile at this stage on these grounds.

To the extent Defendants contend that all of their assertions were true, that contention is both disputed and premature. Plaintiffs allege that several of the assertions were false or

calculated to mislead, and the Court cannot resolve that difference of views on a motion for leave to supplement.  Similarly, Defendants' contention that their press release could not have—and will not—inflict any harm on Plaintiffs beyond that engendered by their complaint and Defendants' right to respond, also turns on questions of fact that the Court cannot resolve in the present context.  Defendants may be right that what matters in the court of public opinion (and what is likely to matter to current or future employers) is that Plaintiffs sued their former employer over what Jones Day characterizes as a generous parental leave policy and that Defendants have every right to dispute Plaintiffs' allegations in the pending litigation.  But the Court cannot, at this early stage of the proceeding, simply reject Plaintiffs' factual allegations that Defendants' broad dissemination of the press statement has caused, and is likely to continue to cause, significant damage to their professional reputations, above and beyond the filings and arguments made in this case.  Even if "recovery is very remote and unlikely," the Court must accept Plaintiffs non-conclusory, factual allegations as true, and must permit Plaintiffs to proceed if their claims clear the modest hurdle of plausibility.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quotation omitted).  Based on the briefing to date, the Court cannot conclude that Plaintiffs' claims fail as a matter of law.

Finally, Defendants contend that Plaintiffs' supplemental claims are "time-barred for the same reasons as Plaintiffs' original Title VII claim."  Dkt. 26 at 2 n.1.  The Court, however, has already rejected this argument in denying Defendants' motion to dismiss Plaintiffs' original Title VII claim.  *Savignac v. Jones Day*, No. 19-2443, 2020 WL 5291980, at *6–8 (D.D.C. Sept. 4, 2020).

The Court will therefore grant Plaintiffs leave to file their proposed, supplemental complaint.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion for leave to file a supplemental complaint, Dkt. 25, is **GRANTED**; it is further

**ORDERED** that the supplemental complaint, Dkt. 25-1, is deemed **FILED**; and it is further

**ORDERED** that Defendants Jones Day and Brogan shall respond to the supplemental complaint on or before March 5, 2021.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  February 11, 2021