## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, | ) ) ) | Civ. No. 1:19-02443 (RDM) |
| *Plaintiffs*, | ) ) | JURY TRIAL DEMANDED |
| *v.* | ) ) |  |
| JONES DAY et al., | ) ) |  |
| *Defendants*. | ) |  |

## ANSWER AND DEFENSES TO
## PLAINTIFFS' SUPPLEMENTAL COMPLAINT

Defendants Jones Day (or the "Firm") and Stephen J. Brogan (together with Jones Day, "Defendants" as used herein), by and through undersigned counsel, hereby file this Answer and Defenses to Plaintiffs' Supplemental Complaint (ECF #43). Any allegation not explicitly admitted is denied. Headings contained in the Supplemental Complaint are not substantive allegations to which an answer is required and to the extent the headings are repeated in this Supplemental Answer, it is solely for ease of reference. To the extent those headings are construed as substantive allegations to which an answer is required, Defendants deny the allegations.

## PRELIMINARY STATEMENT

Plaintiffs have a history of trading on the sensationalism of their claims. Before even filing this lawsuit, they threatened to take Jones Day to "the court of public opinion" and—when the Firm did not acquiesce to their extortionate demands for special treatment—went to *The New York Times*. When they did file this lawsuit, Plaintiffs related their case to the high-profile *Tolton* class action and repeated the same meritless allegations of institutionalized inequality (which the *Tolton* plaintiffs voluntarily withdrew after those allegations collapsed

under factual scrutiny).  *See* Notice of Related Case (ECF #4); *see also* Voluntary Dismissal (ECF #182), *Tolton v. Jones Day*, No. 1:19-cv-00945-RDM (D.D.C.).  And, in conjunction with filing this action, Plaintiffs launched a media campaign with professionally taken family photos in *The New York Times* and *The Washington Post*, and interviews in legal publications.

Whatever Plaintiffs' media strategy, Defendants will defend themselves with the facts in whatever forum Plaintiffs choose.  To that end, the Firm released a statement on August 14, 2019, setting forth some of the context that Plaintiffs omitted from their false and misleading allegations and press statements.  Those same facts have appeared throughout Jones Day's filings in this Court, and they will ultimately help prove the emptiness of Plaintiffs' claims. *See, e.g.*, Br. in Supp. of Defs.' Motion to Dismiss at 5-7 (ECF #15) (responding to Sheketoff's pay claims); Answer at p. 2 and ¶¶ 59, 152 (responding to Sheketoff's claims about a doctored photograph and Savignac's retaliation claim).  It is telling that Plaintiffs' response is to complain that Jones Day is retaliating against them when the Firm relays these facts to the same public audience Plaintiffs have attempted to manipulate.

## <u>RESPONSES TO PLAINTIFFS' ALLEGATIONS</u>

1.  The allegations in Paragraph 1 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith. Defendants incorporate here the averments in their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

2.  The allegations in Paragraph 2 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith. Defendants deny that the Supplemental Complaint states a claim on which relief can be granted.

3.  Defendants deny Paragraph 3 of the Supplemental Complaint.

4.      Defendants deny Paragraph 4 of the Supplemental Complaint

5.      Defendants deny Paragraph 5 of the Supplemental Complaint

6.      Defendants deny Paragraph 6 of the Supplemental Complaint

## PARTIES

7.      The allegations in Paragraph 7 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith. Defendants deny that the Supplemental Complaint states a claim on which relief can be granted.

8.      Defendants deny the first sentence of Paragraph 8 of the Supplemental Complaint.  The allegation that any person "acted in the interest of Jones Day" at any time is a legal conclusion to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs anticipate and, on that basis, deny the third sentence in Paragraph 8 of the Supplemental Complaint.

9.      Defendants deny that Heifetz participated in any alleged retaliation. Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs believe and, on that basis, deny the remainder of Paragraph 9 of the Supplemental Complaint.

## JURISDICTION AND VENUE

10.     Paragraph 10 of the Supplemental Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants incorporate by reference Paragraph 18 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

11.     Paragraph 11 of the Supplemental Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendants incorporate by

reference Paragraph 19 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

12.     Paragraph 12 of the Supplemental Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants incorporate by reference Paragraph 20 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

13.     Paragraph 13 of the Supplemental Complaint states a legal conclusion to which no response is required.   To the extent a response is required, Defendants incorporate by reference Paragraph 21 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

## FACTUAL ALLEGATIONS

14.     Defendants admit Paragraph 14 of the Supplemental Complaint.   Defendants deny that Plaintiffs have stated a claim on which relief can be granted.

15.     The allegations in Paragraph 15 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.   Defendants deny that Plaintiffs have stated a claim on which relief can be granted and further aver that the Court dismissed Sheketoff's EPA claim and Savignac's FMLA interference claim.

16.     Defendants admit that, on August 14, 2019, Jones Day issued a statement with the heading "Jones Day Responds to Litigation Challenging Leave Policy."   Except as expressly admitted here, Defendants deny Paragraph 16 of the Supplemental Complaint.

17.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 17 of the Supplemental Complaint, without

the alterations made by Plaintiffs in the Supplemental Complaint.  Defendants further aver that Paragraph 17 of the Supplemental Complaint does not quote the statement in full.

18.     Defendants admit that the statement Jones Day issued on August 14, 2019, relating to this lawsuit remains accessible through https://www.jonesday.com.

19.     Defendants admit that Jones Day placed links to the August 14, 2019 statement relating to this lawsuit on the Firm's Facebook page and Twitter account; that those links remain active as of this filing; and that the number of followers for those two accounts may have exceeded 20,000 as of the date the links were posted.  Except as expressly admitted here, Defendants deny as stated Paragraph 19 of the Supplemental Complaint.

20.     Defendants deny Paragraph 20 of the Supplemental Complaint and further aver that news stories about Plaintiffs' Complaint and Jones Day's Answer are also available through internet searches.

21.     Defendants deny Paragraph 21 of the Supplemental Complaint.

22.     Defendants deny Paragraph 22 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit, without the alterations made by Plaintiffs in the Supplemental Complaint.

23.     Defendants deny Paragraph 23 of the Supplemental Complaint.

24.     The allegations in Paragraph 24 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.

25.     Defendants deny Paragraph 25 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit.

26.     Defendants admit the general proposition that false accusations can damage the target's reputation, depending on the circumstances.  Except as expressly admitted here, Defendants deny Paragraph 26 of the Supplemental Complaint, deny that any false accusation was made against Plaintiffs, and deny that Plaintiffs have suffered any injury as a result of Jones Day's August 14, 2019 statement relating to this lawsuit.

27.     Defendants deny Paragraph 27 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit.

28.     The allegations in Paragraph 28 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.

29.     Defendants deny Paragraph 29 of the Supplemental Complaint.

30.     Defendants deny Paragraph 30 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit, without the alterations made by Plaintiffs in the Supplemental Complaint.

31.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 31 of the Supplemental Complaint.

32.     Defendants deny Paragraph 32 of the Supplemental Complaint.

33.     The allegations in Paragraph 33 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.

34.     Defendants deny the first sentence of Paragraph 34 of the Supplemental Complaint, deny that Jones Day fired Savignac in retaliation for any protected activity, and

incorporate by reference Paragraphs 10 and 152 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

35.     Defendants deny Paragraph 35 of the Supplemental Complaint.

36.     Defendants deny any implication in the first sentence of Paragraph 36 of the Supplemental Complaint that Jones Day cannot or does not fire employees for showing poor judgment or being intemperate, and deny the second sentence of Paragraph 36 of the Supplemental Complaint.

37.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 37 of the Supplemental Complaint, without the alterations made by Plaintiffs in the Supplemental Complaint.  The remaining allegations in Paragraph 37 of the Supplemental Complaint refer to a written document filed in another lawsuit that speaks for itself and explains both the circumstances surrounding the incident alleged in this paragraph, and the actions that the Firm took in addressing that situation and disciplining the associate involved.  Defendants deny any allegations inconsistent with that document and, except as expressly admitted here, deny Paragraph 37 of the Supplemental Complaint.

38.     Defendants admit that Jones Day does not fire every attorney who has given notice of his or her resignation from the Firm; that Jones Day recruits exceptional associate candidates from Supreme Court clerkships and that some of those candidates have expressed in recruiting uncertainty about having a long-term career with a large, international law firm; and that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit, without the alterations made by Plaintiffs in the Supplemental Complaint.  Except as expressly admitted here, Defendants deny Paragraph 38 of the Supplemental Complaint,

including without limitation the allegation that Heifetz recruits individuals who have clearly conveyed an intention not to remain with Jones Day, and any inference that the circumstances surrounding Savignac's termination are comparable to a voluntary resignation or the recruitment of a promising associate who has yet to commit to a specific career path.

39.     Defendants deny Paragraph 39 of the Supplemental Complaint, except admit that Jones Day does provide some underperforming attorneys with the opportunity to seek alternate employment while still associated with Jones Day.

40.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Supplemental Complaint about Plaintiffs' awareness of the circumstances of the departures of other attorneys from Jones Day and, on that basis, deny them.

41.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Supplemental Complaint and, on that basis, deny them.

42.     Defendants deny Paragraph 42 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit.

43.     The allegations in Paragraph 43 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.

44.     Defendants deny Paragraph 44 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit and that the statement did not include the text of Savignac's January 16, 2019 email, which was instead set out in Paragraph 146 of Plaintiffs' Complaint.

45.     Defendants deny Paragraph 45 of the Supplemental Complaint, except they admit that the text in quotes appears in Jones Day's August 14, 2019 statement relating to this lawsuit, without the alterations made by Plaintiffs in the Supplemental Complaint.

46.     To the extent the allegations in Paragraph 46 of the Supplemental Complaint refer to written documents, those documents speak for themselves and Defendants deny any allegations inconsistent therewith.   Defendants deny the remainder of Paragraph 46 of the Supplemental Complaint.

47.     Defendants deny Paragraph 47 of the Supplemental Complaint.

48.     Defendants deny Paragraph 48 of the Supplemental Complaint.

49.     Defendants deny Paragraph 49 of the Supplemental Complaint.

50.     Defendants deny Paragraph 50 of the Supplemental Complaint.

51.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 51 of the Supplemental Complaint, without the alterations made by Plaintiffs in the Supplemental Complaint.

52.     Defendants admit that the email referenced in Paragraph 52 of the Supplemental Complaint was sent to McClure, that Heifetz was included as a "cc" recipient, and that Heifetz at that time was a partner at Jones Day.   Except as expressly admitted here, Defendants deny Paragraph 52 of the Supplemental Complaint.

53.     Defendants admit that McClure is the Director of Human Resources and Counsel; that the Jones Day Firm Manual identifies that position—along with several others—as one to whom a person can report what he or she believes to be an instance of discrimination; and that Heifetz forwarded to McClure questions that Sheketoff had about the Firm's family

leave policy in August 2018.  Except as expressly admitted here, Defendants deny Paragraph 53 of the Supplemental Complaint.

54. Defendants deny Paragraph 54 of the Supplemental Complaint.

55. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Supplemental Complaint and, on that basis, deny them.

56. Defendants deny Paragraph 56 of the Supplemental Complaint, except they admit that the first quoted text appears in Jones Day's August 14, 2019 statement relating to this lawsuit, without the alterations made by Plaintiffs in the Supplemental Complaint.

57. Defendants deny Paragraph 57 of the Supplemental Complaint.

58. The allegations in Paragraph 58 of the Supplemental Complaint refer to a written document that speaks for itself, and Defendants deny any allegations inconsistent therewith.

59. Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 59 of the Supplemental Complaint.

60. Defendants deny Paragraph 60 of the Supplemental Complaint.

61. Defendants deny Paragraph 61 of the Supplemental Complaint and further aver upon information and belief that Sheketoff remains a practicing attorney.

62. Defendants deny Paragraph 62 of the Supplemental Complaint.

63. Defendants lack knowledge or information sufficient to form a belief as to the unidentified individuals referenced in Paragraph 63 of the Supplemental Complaint, on that basis deny Paragraph 63 of the Supplemental Complaint, and deny any inference that Jones Day's investigation in support of its press release was inadequate.

64.     Defendants deny Paragraph 64 of the Supplemental Complaint and incorporate by reference Paragraphs 70 through 91 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

65.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 65 of the Supplemental Complaint.

66.     Defendants deny Paragraph 66 of the Supplemental Complaint and incorporate by reference Paragraphs 26 through 29 and 33 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

67.     Defendants deny Paragraph 67 of the Supplemental Complaint and incorporate by reference Paragraphs 26 through 29 and 33 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

68.     Defendants deny Paragraph 68 of the Supplemental Complaint and incorporate by reference Paragraphs 26 through 29 and 33 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

69.     Defendants admit that Savignac's salary effective July 1, 2018, was $500,000, and that Sheketoff's salary effective July 1, 2017, was $440,000.  Defendants deny as stated the remainder of Paragraph 69 of the Supplemental Complaint, and incorporate by reference Paragraphs 26 through 29 and 33 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

70.     Defendants deny the allegations in Paragraph 70 of the Supplemental Complaint.

71.     Defendants admit that protected classes have legal rights against unlawful discrimination and that Jones Day's August 14, 2019 statement relating to this lawsuit uses the

term "highly paid."  Except as expressly admitted here, Defendants deny Paragraph 71 of the Supplemental Complaint.

72.     Defendants deny Paragraph 72 of the Supplemental Complaint.

73.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 73 of the Supplemental Complaint.

74.     Defendants deny Paragraph 74 of the Supplemental Complaint.

75.     Defendants deny Paragraph 75 of the Supplemental Complaint.

76.     Defendants deny Paragraph 76 of the Supplemental Complaint.

77.     Defendants deny as stated Paragraph 77 of the Supplemental Complaint and incorporate by reference Paragraphs 26 through 29 and 33 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

78.     Defendants admit that Sheketoff's employment with Jones Day began on October 27, 2014; that she recorded 58 client billable hours in 2014; and that, effective July 1, 2015, Sheketoff's salary was increased by $60,000.  Except as expressly admitted here, Defendants deny Paragraph 78 of the Supplemental Complaint.

79.     Defendants admit the first sentence in Paragraph 79 of the Supplemental Complaint and admit that effective July 1, 2016, Sheketoff's salary was increased by $65,000. Except as expressly admitted here, Defendants deny Paragraph 79 of the Supplemental Complaint.

80.     Defendants admit the first sentence in Paragraph 80 of the Supplemental Complaint; admit that Sheketoff worked with Partner A during calendar year 2016, and that Partner A submitted a review of Sheketoff's performance, which speaks for itself and is described in Paragraph 88 of Defendants' September 18, 2020 Answer and Defenses to

Plaintiffs' Complaint (ECF #35); admit that effective July 1, 2017, Sheketoff's salary was increased by $15,000; and admit that the amount of that increase was based in part on her 2016 assessment statement.  Except as expressly admitted here, Defendants deny Paragraph 80 of the Supplemental Complaint.

81.     Defendants admit that Sheketoff recorded 575 client billable hours in 2017; admit that effective July 1, 2018, Sheketoff's salary was increased by $85,000, to $525,000; and admit that, during the nearly four years she was employed with Jones Day, Sheketoff recorded over 3,000 hours to non-client billable matters, including pro bono clients.  Except as expressly admitted here, Defendants deny Paragraph 81 of the Supplemental Complaint.

82.     Defendants admit that Sheketoff's hours on client billable matters were never high relative to the Firm's expectations for Sheketoff.  Defendants also admit that Sheketoff recorded 179 hours to client billable matters in 2015, 1066 hours to client billable matters in 2016, and 575 hours to client billable matters in 2017, and further aver that those numbers speak for themselves; admit that the adjustments to associate salaries that take effect on July 1 each year are based on the Firm's assessment of the individual associate's performance in the prior calendar year; and admit that the adjustments Sheketoff received on July 1, 2016, and July 1, 2018, were higher by both dollar amount and percentage increase than the adjustment she received on July 1, 2017.  Except as expressly admitted here, Defendants deny, deny as stated, or lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 82 of the Supplemental Complaint and, on that basis, deny them.

83.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit refers to Sheketoff as "a highly paid associate," deny as stated the remainder of Paragraph 83 of the Supplemental Complaint, and incorporate by reference Paragraphs 26

through 29, 33, 91, 95, and 210 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

84.     Defendants admit that Jones Day rewards and advances lawyers based on their individual merit" but are unaware what Plaintiffs are quoting in that sentence, and admit that Jones Day's August 14, 2019 statement relating to this lawsuit refers to Sheketoff as "a highly paid associate."  Defendants deny the second sentence of Paragraph 84 of the Supplemental Complaint and incorporate by reference Paragraphs 26 through 29, 33, 91, 95, and 210 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35)

85.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in the first sentence of Paragraph 85 of the Supplemental Complaint but deny the remaining allegations in that sentence. Defendants deny the second and third sentences in Paragraph 85.

86.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 86 of the Supplemental Complaint, without the alterations made by Plaintiffs in the Supplemental Complaint, and deny the remaining allegations in Paragraph 86 of the Supplemental Complaint.

87.     The allegations in Paragraph 87 of the Supplemental Complaint refer to two photos which  speak for themselves, and Defendants deny Plaintiffs' characterization of those photos as "doctored" and "un-doctored."

88.     Defendants admit that Jones Day's August 14, 2019 statement relating to this lawsuit includes the language quoted in Paragraph 88 of the Supplemental Complaint, without the alterations made by Plaintiffs in the Supplemental Complaint.

89.     Defendants deny Paragraph 89 of the Supplemental Complaint.

90.     Defendants deny as stated Paragraph 90 of the Supplemental Complaint and incorporate by reference Paragraphs 58 through 65 of their September 18, 2020 Answer and Defenses to Plaintiffs' Complaint (ECF #35).

91.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 91 of the Supplemental Complaint and, on that basis, deny them. Defendants deny that Jones Day ever altered any website photo to conform to any "Caucasian standards of female beauty" or that it "radically altered" any photo of Sheketoff.

92.     Defendants admit that on August 19, 2019, Jones Day filed a motion titled "Defendants' Motion for Extension of Time to Respond to Complaint" in the above-captioned action, which motion is docketed at ECF #11.  Except as expressly admitted here, Defendants deny Paragraph 92 of the Supplemental Complaint.

93.     Defendants admit that they filed a motion for an extension of time that included the language quoted in Paragraph 93 of the Supplemental Complaint, without the alterations made by Plaintiffs in the Supplemental Complaint.  Defendants deny the inferences Plaintiffs seek to draw from that motion.

94.     Defendants deny Paragraph 94 of the Supplemental Complaint.

95.     Defendants deny Paragraph 95 of the Supplemental Complaint.

<u>**COUNT XII**</u>
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.***
**(on behalf of Sheketoff and Savignac against Jones Day)**

96.     Defendants incorporate Paragraphs 1-95 above.  Except as expressly admitted, Defendants deny the allegations in Paragraph 96 of the Supplemental Complaint.

97.     Defendants deny Paragraph 97 of the Supplemental Complaint.

98.     Defendants deny Paragraph 98 of the Supplemental Complaint.

99.     Defendants deny Paragraph 99 of the Supplemental Complaint.

100.    Defendants deny Paragraph 100 of the Supplemental Complaint.

101.    Defendants deny Paragraph 101 of the Supplemental Complaint.

## COUNT XIII
### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, AS AMENDED BY THE EQUAL PAY ACT, 29 U.S.C. § 215
**(on behalf of Sheketoff and Savignac against Jones Day, Brogan, and John Does 1-10)**

102.    Defendants incorporate Paragraphs 1-101 above.  Except as expressly admitted,

Defendants deny the allegations in Paragraph 102 of the Supplemental Complaint.

103.    Defendants deny Paragraph 103 of the Supplemental Complaint.

104.    Defendants deny Paragraph 104 of the Supplemental Complaint.

105.    Defendants deny Paragraph 105 of the Supplemental Complaint.

106.    Defendants deny Paragraph 106 of the Supplemental Complaint.

107.    Defendants deny Paragraph 107 of the Supplemental Complaint.

## COUNT XIV
### RETALIATION IN VIOLATION OF THE D.C. HUMAN RIGHTS ACT, D.C. Code § 2-1401 *et seq.*
**(on behalf of Sheketoff and Savignac against Jones Day, Brogan, and John Does 1-10)**

108.    Defendants incorporate Paragraphs 1-107 above.  Except as expressly admitted,

Defendants deny the allegations in Paragraph 108 of the Supplemental Complaint.

109.    Defendants deny Paragraph 109 of the Supplemental Complaint.

110.    Defendants deny Paragraph 110 of the Supplemental Complaint.

111.    Defendants deny Paragraph 111 of the Supplemental Complaint.

112.    Defendants deny Paragraph 112 of the Supplemental Complaint.

113.    Defendants deny Paragraph 113 of the Supplemental Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief.

## JURY DEMAND

Defendants demand a trial by jury for all issues so triable.

## AFFIRMATIVE & OTHER DEFENSES

Without admitting any of the facts alleged in the Supplemental Complaint, Defendants hereby assert and allege the following separate and additional defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs, and without prejudice to Defendants' right to argue that Plaintiffs bear the burden of proof as to any one or more of said defenses. Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever. Defendants presently have insufficient knowledge or information as to whether they may have additional, as yet unasserted, defenses. Defendants therefore reserve the right to assert additional defenses in the event discovery or further proceedings indicate such additional defense would be appropriate:

## FIRST DEFENSE

The Supplemental Complaint fails, in whole or in part, to state a claim upon which relief can be granted or a claim for which the relief sought may be awarded.

## SECOND DEFENSE

Plaintiffs lack standing to seek declaratory or injunctive relief because they are no longer employed by Jones Day.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Defendants' rights to free speech, including under the First Amendment to the U.S. Constitution.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' statements were factually true, rational interpretations of disclosed facts, and/or non-falsifiable matters of opinion.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as for any matters for which Plaintiffs have failed to satisfy administrative, procedural or jurisdictional prerequisites for commencing and maintaining this action.

## SEVENTH DEFENSE

All actions by Defendants with respect to Plaintiffs were lawful and in compliance with applicable provisions of law, rules and regulations, and all actions by Defendants with respect to Plaintiffs were taken for legitimate, non-retaliatory, non-prohibited reasons and/or for good cause.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Jones Day's decisions and actions were based on legitimate, non-retaliatory business reasons and were not pretexts for retaliation.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Jones Day's decisions and actions were consistent with business necessity.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Jones Day's decisions and actions were based on bona fide factors other any allegedly protected activity.

## ELEVENTH DEFENSE

Jones Day at all relevant times has maintained, disseminated and observed anti-retaliation policies that, *inter alia*, provide that all decisions are to be made on the basis of merit without regard to protected activity or on any other basis that is protected under applicable law, and prohibit any form of retaliation against an individual who in good faith reports a claim of discrimination or who opposes any act or practice made unlawful by any federal, state, or local statute, or who cooperates in the investigation of such a report.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants did not intentionally engage in an unlawful practice.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the claims are based on alleged incidents that do not constitute tangible adverse actions against Plaintiffs, Jones Day exercised reasonable care to prevent the alleged incidents, and the Plaintiffs unreasonably failed to take advantage of available preventative or corrective opportunities.

## FOURTEENTH DEFENSE

Plaintiffs have suffered no damages as a result of any alleged act or omission of Defendants.

## FIFTEENTH DEFENSE

Even if Plaintiffs have suffered damages, Plaintiffs' claims are barred in whole or in part by their failure to mitigate, or attempt to mitigate, their damages.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that damages, if any, resulted from the acts and/or omissions of a Plaintiff or any person on whose behalf relief is sought.

### SEVENTEENTH DEFENSE

Plaintiffs' claims for equitable relief are barred in whole or in part to the extent Plaintiffs have not suffered injury or harm and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by Defendants.

### EIGHTEENTH DEFENSE

Plaintiffs' claims for injunctive, equitable, and/or declaratory relief are inappropriate to the extent Plaintiffs have an adequate remedy at law.

### NINETEENTH DEFENSE

The Supplemental Complaint fails to state a claim upon which an award of liquidated or punitive damages can be granted.

### TWENTIETH DEFENSE

Plaintiffs' claims for punitive damages are barred because Defendants did not act with, ratify, authorize, or acquiesce in any acts of fraud, oppression, malice, wanton, willful, or conscious disregard, or reckless indifference toward Plaintiffs.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages are barred to the extent such damages are not authorized by applicable federal or D.C. law.

### TWENTY-SECOND DEFENSE

The imposition of punitive damages or penalties would violate Defendants' constitutional rights, including, without limitation, Defendants' rights to equal protection under the United States Constitution, Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and Defendants' rights to substantive due process under the Fifth and Fourteenth Amendments of the United States Constitution.

## <u>TWENTY-THIRD DEFENSE</u>

Plaintiffs are not entitled to recover attorneys' fees and costs under the causes of action as demanded in the Supplemental Complaint.

Dated:  March 5, 2021                              Respectfully submitted,

                                                   /s/ *Traci Lovitt*
                                                   Traci Lovitt (Bar No. 467222)
                                                   Terri L. Chase (*pro hac vice*)
                                                   JONES DAY
                                                   250 Vesey Street
                                                   New York, NY 10281
                                                   Phone: (212) 326-3939
                                                   Email: tlovitt@jonesday.com
                                                   Email: tlchase@jonesday.com

                                                   Christopher DiPompeo (Bar No. 1003503)
                                                   JONES DAY
                                                   51 Louisiana Avenue NW
                                                   Washington, DC 20001
                                                   Phone: (202) 879-3939
                                                   Email: cdipompeo@jonesday.com

                                                   Anderson T. Bailey (*pro hac vice*)
                                                   JONES DAY
                                                   500 Grant Street
                                                   Pittsburgh, PA 15219
                                                   Phone: (412) 391-3939
                                                   Email: atbailey@jonesday.com

                                                   *Counsel for Jones Day and Stephen J. Brogan*