IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>    *Plaintiffs*,<br><br>         v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>BETH HEIFETZ, and JOHN DOES 1-10,<br><br>    *Defendants*. | Case No. 1:19-cv-02443-RDM |

**NOTICE REGARDING DRAFT PROPOSED PROTECTIVE ORDER**

Before seeking the Court's intervention to resolve four disputes about their draft proposed protective order, the Parties agreed that it might assist the Court in resolving those disputes to have both the agreed and the disputed provisions of the order before it. After protracted discussions, however, the Parties have failed to agree on a joint submission, and it is now clear that no agreement will be possible. *See* Ex. B (email chain). Accordingly, Plaintiffs submit this notice and the attached Draft Proposed Protective Order (Ex. A), understanding that Defendants may choose to submit their own filing.

The Parties are agreed on nearly all of the terms of the Draft Proposed Protective Order but have been unable to reach agreement on four points. Plaintiffs' proposed language on each disputed point is included in the Draft Proposed Protective Order in brackets with highlighting. The four points of disagreement (as Plaintiffs understand them) are as follows:

    1.    Defendants contend that the Order should prohibit a Party from using technological services, including Plaintiffs' document-review platform, to litigate this Action where the use

would involve the remote hosting of data on a company's server and that company has not signed the certification attached to the Order. Plaintiffs contend that there is not good cause for a restriction on the use of reputable technological services that are regularly used in litigation where a Party has sought to obtain the certification without success and, in particular, that Plaintiffs should be permitted to use their document-review platform (Logikcull), which has a policy of not reviewing or signing certifications. *See* Ex. A at 3.

2. Defendants contend that the Order should prohibit a Party from using documents designated as "Highly Confidential" during a deposition unless the deponent could otherwise see that material under the Order. Plaintiffs contend that no such prohibition is appropriate at this time. *See* Ex. A at 3.

3. Defendants contend that the Order should permit a Party to designate documents produced by an opposing Party, thereby subjecting those documents to the Order. Plaintiffs contend that there is not good cause for an Order restricting a Party's use of documents in that Party's possession that were not obtained through discovery (though Plaintiffs acknowledge that other sources may impose obligations of confidentiality). *See* Ex. A at 3.

4. Plaintiffs contend that the Order should include an "Attorney's Eyes Only" provision allowing a Producing Party to designate documents that, if known to Jones Day leadership, would be likely to materially impair a current or former Jones Day employee's relationship with Jones Day; such documents could not be shared with Jones Day leadership during pretrial discovery. Defendants contend that the proposed provision is inappropriate. *See* Ex. A at 9.

\*   \*   \*

Plaintiffs hope that this submission will assist the Court in resolving the dispute.

| | |
|---|---|
| /s/ Julia Sheketoff | /s/ Mark C. Savignac |
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 2207 Combes Street | 2207 Combes Street |
| Urbana, IL 61801 | Urbana, IL 61801 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

June 1, 2021