# EXHIBIT A

DRAFT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, <br><br> *Plaintiffs*, <br><br> v. <br><br> JONES DAY, *et al.*, <br><br> *Defendants*. | Civ. No. 1:19-02443 (RDM) |

## [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

The Court finds that this Action may involve production of confidential, proprietary, commercial and/or private information for which special protection from public disclosure and from use for any purpose other than litigating this Action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Discovery Materials, to adequately protect information the Parties are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such Discovery Materials, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS HEREBY ORDERED THAT:

**I.      Scope of Protective Order**

1.      This Protective Order restricts the use of certain materials for purposes other than litigating this Action and requires that certain materials be provisionally filed under seal or redacted if they are filed on the docket in this case.  This Order does not prejudge the extent to which such materials should remain sealed or redacted or their use at in-court proceedings in this Action, which issues will be addressed as they arise.

2.      This Protective Order applies to and governs the use, production, storage, handling, disclosure, and destruction or return of all documents, information, things, electronically stored

**DRAFT**

information, deposition testimony and exhibits, discovery requests and responses thereto, correspondence, submissions to the Court, expert reports, and other information—including all copies, excerpts, and summaries thereof—produced or supplied by any Party or any other individual or entity in connection with this Action (collectively, "Discovery Material").

3. [Plaintiffs: Where this Protective Order restricts the persons with whom Discovery Material may be "shared," making ordinary use of reputable technological services that are regularly used in litigation as reasonably necessary to litigate this Action shall not be deemed to constitute "sharing" with companies whose servers may host the data. In particular, a Party may use the discovery platform offered by the company called Logikcull to review Discovery Material produced in this Action. Persons subject to this Order remain obligated to exercise, at the very least, the same standard of due and proper care with respect to the storage, custody, use, or dissemination of Discovery Material as is exercised by the recipient with respect to its own equivalent information, and is reasonably calculated to maintain the confidentiality of the Discovery Material in conformance with the terms of this Protective Order.]

4. [Plaintiffs: This Protective Order does not prohibit a Party from using Discovery Material in the course of a deposition in this Action, except that this Order's restrictions on "Privileged/Client Confidential" information shall apply; but any Party may seek a Protective Order with respect to one or more specific deponents at an appropriate time.]

5. [Plaintiffs: This Protective Order only permits a Party to designate Discovery Material produced by that Party; nothing in this Order shall limit a Party's use of documents or information in that Party's possession that the Party obtained outside discovery.]

6. Nothing in this Protective Order shall limit a Party's use of (a) documents or information in the public domain (meaning that the Discovery Material in question is or at one time was generally known or reasonably ascertainable by means independent of discovery in this Action),

**DRAFT**

or (b) documents or information provided by non-parties and not designated as "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential" pursuant to this Protective Order. Notwithstanding any other provision, this Protective Order also shall not in any way supersede, preempt, amend, alter, modify, or prejudice, or otherwise impact any duty of confidentiality that any Party has asserted or may assert against any other Party or non-party, or alter in any way any existing restriction related to the dissemination of Discovery Material or other information related to this Action.

## II. Use of Information

3. Subject to the provisions of the preceding paragraph, Discovery Material produced by a Party or a non-party in this Action and given a confidentiality designation as provided in Section III of this Protective Order shall be used only for purposes of this Action in conformance with the terms of this Protective Order and shall not be used for any business, competitive, personal, private, or public purpose; for purposes of any other dispute(s) between the Parties; or for any other purpose besides the prosecution or defense of any claims in this Action. Except as for Discovery Material described in the preceding paragraph, use of any Discovery Material designated pursuant to this Protective Order for any other purpose shall require the advance written consent of all Parties and, in the case of documents or information designated "Privileged/Client Confidential" shall require adequate assurance to protect against the disclosure of confidential client information or waiver of any attorney-client privilege, work product protection, or similar protection.

## III. Confidentiality Designations and Effect Thereof

4. <u>"Confidential" Designation</u>. Any Party or non-party shall have the right to identify and designate as "Confidential" any Discovery Material that is not in the public domain (meaning that it is not generally known or reasonably ascertainable by means other than discovery in this Action) and either (a) contains a trade secret, (b) is protected by any confidentiality agreement, or (c) contains

**DRAFT**

commercially sensitive information (e.g., information that constitutes or contains proprietary financial, technical, or commercially sensitive competitive information that the Producing Party maintains as Confidential in its business) or personally sensitive information (e.g., social security numbers, financial account numbers, credit card numbers, personal phone numbers, personal email addresses, home addresses; driver's license or state identification numbers, dates of birth, passwords, or the names of minor children).

5. Discovery Material designated "Confidential" may only be shared with the following:

   a. The Court or members of its staff. However, if any Party files Confidential Discovery Material, a motion for leave to file the material under seal shall be filed pursuant to Local Civil Rule 5.1(h) and in accordance with the procedures set forth in Section 15.

   b. Jones Day's Managing Partner, any member of the Jones Day Partnership Committee, and any member of the Jones Day Advisory Committee;

   c. Attorneys and staff at Jones Day actively involved in the representation of Jones Day in this Action ("Defendants' Counsel");

   d. Individuals named as a party in this Action;

   e. Any person with whom either Plaintiff has an attorney-client relationship and who is advising or consulting Plaintiffs in connection with this case, provided that Plaintiffs first identify this person to Defendants at least seven (7) days prior to the disclosure of any Discovery Material designated under this Order, the disclosure is made in the context of the Plaintiff's attorney-client relationship with the person related to this case, and the person executes prior to any disclosure the Certification attached hereto as Exhibit A;

   f. Experts, vendors, and consultants retained by either Defendants' Counsel or Plaintiffs, on the condition that any such expert, vendor, and consultant first execute the Certification attached hereto as Exhibit A;

   g. Any person deposed in this Action as necessary in the course of the deposition;

   h. Any individual identified in a document designated Confidential or whom a Party believes in good faith may have authored the document, been involved in its preparation, received the document, or may have information related to the document;

   i. Any reporter retained to transcribe any deposition or hearing in this Action, on the condition that any such reporter first execute the Certification attached hereto as Exhibit A; and

j.  Such other individuals as may be agreed upon by both Parties following meet-and-confer, on the additional condition that any such person first execute the Certification attached hereto as Exhibit A.

6.  <u>"Highly Confidential-Counsel/Experts Only" Designation</u>. Any Party or non-party shall have the right to identify and designate as "Highly Confidential-Counsel/Experts Only" any Discovery Material that includes, contains, or reflects: (a) compensation information or other financial remuneration (other than information about the opposing parties in this Action); (b) information contained in personnel, leave or recruiting files (other than information about the opposing parties in this Action); or (c) medical or health information or leave status of specific Jones Day personnel other than the opposing parties in this Action.

7.  Any Discovery Materials designated "Highly Confidential-Counsel/Experts Only" may only be shared with the following:

   a.  The Court or members of its staff. However, if any Party files Highly Confidential-Counsel/Experts Only Discovery Material, a motion for leave to file the material under seal shall be filed pursuant to Local Civil Rule 5.1(h) and in accordance with the procedures set forth in Section 15.

   b.  Individuals named as a party in this Action;

   c.  Defendants' Counsel;

   d.  Any person with whom either Plaintiff has an attorney-client relationship and who is advising or consulting Plaintiffs in connection with this case, provided that Plaintiffs identify this person to Defendants at least seven (7) days prior to the disclosure of any Discovery Material designated under this Order, the disclosure is made in the context of the Plaintiff's attorney-client relationship with the person in connection to this case, and the person executes prior to any disclosure the Certification attached hereto as Exhibit A;

   e.  Experts—including non-testifying expert consultants—retained by either Defendant's Counsel or Plaintiffs, on the condition that any such expert first execute the Certification attached hereto as Exhibit A;

   f.  Any reporter retained to transcribe any deposition in this Action, on the condition that any such reporter first execute the Certification attached hereto as Exhibit A;

**DRAFT**

      g.   Any individual identified in a document designated Highly Confidential-Experts/Counsel Only, who authored the document, received the document, or already possesses the information contained in the document;

      h.   Document hosting vendors, but only to the extent necessary to host documents for review by the Parties and counsel in the Action and on the condition that a representative of the vendor first execute the certification attached hereto as Exhibit A; and

      i.   Such other individuals as may be agreed upon by both Parties following meet-and-confer, on the condition that any such person first execute the Certification attached hereto as Exhibit A.

8.    Any Discovery Material designated "Highly Confidential-Counsel/Experts Only" may be shared with any individual that is the subject of that Discovery Material.

9.    <u>"Privileged/Client Confidential" Designation</u>. Any Party or non-party shall have the right to identify and designate as "Privileged/Client Confidential" any Discovery Material that the designating Party in good faith believes contains or reflects information subject to the attorney-client privilege, attorney work product, or other privilege or confidentiality protection by virtue of the legal representation of a non-party to this Action. The Parties understand and agree that both Plaintiffs and Defendants maintain ethical obligations to hold in confidence information received or generated in connection with the legal representation or potential legal representation of a client. Accordingly, the Parties agree that "Privileged/Client Confidential" information includes Discovery Material that contains, reflects or describes legal work or advice, or non-public facts related to such legal work or advice, or the nature of or existence of the engagement or potential engagement (unless the Party's role in that engagement was disclosed publicly, in which case the existence of the engagement would not be confidential), legal analysis, strategy, or other legal work that was performed, requested or anticipated to be performed on behalf of a potential client or client that/who is a non-party to this Action, such as, without limitation: (i) communications between a Party (including experts or other consultants retained by the Party) and a non-party or client related to a potential or actual legal matter;

**DRAFT**

(ii) communications internal to a Party (including experts or other consultants retained by the Party) and related to a potential or actual legal matter on behalf of a client or potential client; (iii) work product drafted or generated in the course of legal representation of a client or potential client; (iv) work product drafted or generated in an effort to obtain client engagements that is addressed to a specific client or matter; or (v) descriptions of work performed, requested or anticipated on behalf of a client or potential client, including but not limited to particular time entries used to record time on a particular client matter, descriptions of non-public work performed on client matters reflected in performance reviews or other communications (whether prepared by the individual who performed the work or another individual commenting on the work performed), and billing records reflecting the work performed for clients (but excluding generalized descriptions of skills that are not attributed to particular engagements, such as would appear on a resume or Firm biography, and publicly disclosed descriptions of engagements, such as would appear on a Firm website or other public source describing the nature of an engagement).

      10.     Any Discovery Materials designated "Privileged/Client Confidential" may only be shared with the following:

      a. Any person currently employed with, or currently engaged in the practice of law with, Jones Day;

      b. Any person who billed time to the relevant client matter during his or her employment with Jones Day;

      c. Document hosting vendors, but only to the extent necessary to host documents for review by the Parties and counsel in the Action and on the condition that any person at the vendor with access to the documents first execute the certification attached hereto as Exhibit A; and

      d. Such other individuals as may be agreed upon by both Parties following meet-and-confer, on the condition that any such person first execute the Certification attached hereto as Exhibit A.

      e. The Court or members of its staff. However, if any Party files "Privileged/Client

Confidential" Discovery Material, a motion for leave to file the material under seal shall be filed pursuant to Local Civil Rule 5.1(h) and in accordance with the procedures set forth in Section 15.

11. [Plaintiffs: "Attorney's Eyes Only" Designation. Any party or non-party may designate as "Attorney's Eyes Only" any Discovery Material it produces that the designating party reasonably believes contains information about current or former Jones Day employees (other than a Party) that, if known to Jones Day leadership, would be likely to materially impair the employees' relationship with Jones Day. Such materials are subject to the restrictions imposed above on "Highly Confidential" materials, except that they must not be shared with or viewed by any individual who is, was, or is reasonably anticipated to be a member of Jones Day's leadership (regardless of whether such individual is involved in the representation of Defendants in this Action, is named as a Defendant, or would otherwise be permitted to view the materials under the restrictions on "Highly Confidential" materials). For purposes of this Order, Jones Day's leadership includes its managing partner, individuals who advise the managing partner with respect to the management of Jones Day, partners in charge, practice group leaders, deputies of the foregoing positions, individuals who participate in compensation and advancement decisions, and other individuals who hold comparable roles, whether formal or informal. Any individual with whom such materials are shared shall maintain the confidentiality of the materials and of the identities of the employees involved, consistent with the purposes of this provision. A Party who files such materials shall comply with the procedure below regarding filing provisionally under seal.]

12. The parties shall file information designated as Confidential, Highly Confidential-Counsel/Experts Only, or Privileged/Client Confidential in accordance with the following procedures:

    a. All motions, oppositions, and replies shall be served in accordance with the schedule set forth in LCvR 7, unless otherwise ordered by the Court or agreed to by the Parties. Any documents containing information designated as Confidential, Highly

NAI-1518160535v3                         8

**DRAFT**

Confidential-Counsel/Experts Only, or Privileged/Client Confidential shall be filed on the public docket in redacted form such that the redacted version shall redact any and all information designated as Confidential, Highly Confidential-Counsel/Experts Only, or Privileged/Client Confidential, including summaries, compilations, citations, or any references to such material. In addition, any document containing information designated as Confidential, Highly Confidential-Counsel/Experts Only, or Privileged/Client Confidential shall be filed provisionally under seal in unredacted form with a notice to the Court that the producing party will file a separate sealing motion as set forth in Section 15.b.

    b.  Any material that a Party wishes to file in support of a motion, opposition or reply that is designated as Confidential, Highly Confidential-Counsel/Experts Only, or Privileged/Client Confidential shall be the subject of separate sealing motion, which shall be filed within seven (7) business days of service of the motion, opposition, or reply. Such sealing motion shall be prepared and filed by the party who designated the material.

    c.  Any material that a Party wishes to file in support of a motion, opposition or reply and which is designated as Privileged/Client Confidential shall be the subject of a meet and confer conference, which conference shall be completed within two (2) business days of service of the motion, opposition, or reply. If the parties cannot resolve the dispute over whether certain material is Privileged/Client Confidential, then the party that designated the material shall seek a ruling from the Court as to whether the material is appropriately designated Privileged/Client Confidential and all submissions to the Court in connection with such dispute shall be submitted for in camera review without any such disputed material appearing in the public record unless the Court rules that the material was not appropriately designated Privileged/Client Confidential. The issue of whether the designated material is appropriately designated Privileged/Client Confidential shall be included in the sealing

**DRAFT**

motion discussed in Section 15.b, if any.

    d.    As soon as practicable, and in no more than five (5) days after the Court's order on the sealing motion, the party who originally sought to file the material (e.g., the moving party) shall file any designated materials in compliance with the Court's order on the sealing motion as well as any materials that the Court has declined to seal.

13.    Based on the large volume of documents to be produced from the Plaintiffs' email files, some of which may not be subject to a page by page review prior to production in order to meet the goals of an economic and efficient litigation pursuant to F.R.C.P. 1, as well as the schedule of this case, the producing party initially may designate as Confidential, Highly Confidential-Counsel/Experts Only, and/or Privileged/Client Confidential groups of documents that it reasonably believes in good faith will contain such information (e.g., all emails and attachments contains in plaintiffs' email files). The producing party will reasonably and in good faith meet and confer regarding the re-designation or de-designation of material designated pursuant to this paragraph at the request of another party. Where the non-producing party seeks the de-designation, the producing party shall either de-designate or provide written justification for maintaining a designation. The producing party shall de-designate or provide a written justification for maintaining a designation for the first 100 documents within five (5) business days; for the next 400 documents within 10 business days; and within seven (7) additional business days for each set of additional 500 documents thereafter.

14.    Plaintiffs and Defendants' Counsel shall maintain a copy of each Certification executed by any non-party at their direction.

15.    The Parties shall take reasonable steps to ensure that any designation of Discovery Material pursuant to this Protective Order is clear and well known to the other Party and any other person authorized to view the Discovery Material under this Order, by, for instance:

    a.    Marking all documents (including but not limited to documents marked as exhibits at

      any deposition or hearing in this Action) with the appropriate designation at the bottom of each page;

b. Referencing any designation—including, where practical, with reference to specific Bates numbers—in any enclosure letter or email;

c. Declaring on the record either immediately before, during, or within 48 hours after any deposition that the Party intends to designate some or all of the deposition as "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential" pursuant to this Protective Order, in which case such material shall be treated consistent with the stated designation until at least such time as the Parties can meet-and-confer over the issue;

d. Accompanying the introduction of any exhibit designated as "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential" pursuant to this Protective Order with an on-the-record comment that the particular exhibit has been so designated, except that the failure to make such an on-the-record comment shall not adversely affect such designation provided that the Discovery Material has been appropriately marked as "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential"; and/or

e. Including, to the extent practicable, any designation pursuant to this Protective Order in the filename of any electronically stored copy of the relevant document, and on the cover of any media-such as a cassette tape, CD, or thumb drive-that contains Discovery Material designated pursuant to this Protective Order.

16. Any person who receives Discovery Material designated pursuant to this Protective Order is prohibited from disclosing it to any other person except in conformance with this Protective Order.

17. Any person who receives Discovery Material designated pursuant to this Protective Order shall maintain any such Discovery Material received in a secure area and shall exercise, at the very least, the same standard of due and proper care with respect to the storage, custody, use or dissemination of such Discovery Material as is exercised by the recipient with respect to its own equivalent information, and is reasonably calculated to maintain the confidentiality of the Discovery Material in conformance with the terms of this Protective Order.

18. Nothing in this agreement shall be construed to constitute a waiver of the ability to challenge the propriety of any designation under this agreement.

Case 1:19-cv-02443-RDM   Document 50-1   Filed 06/01/21   Page 13 of 20

**DRAFT**

19. The parties agree that they will, in advance of a hearing or trial, negotiate in good faith concerning an appropriate procedure to propose to the Court for the treatment of information designated under this Protective Order at such hearing or trial. In the event the parties cannot agree to such a procedure to propose to the Court, each party shall be free to apply to the Court for the entry of an order concerning the treatment of information submitted at a hearing and/or at trial. Nothing in this Protective Order shall be construed to affect the admissibility of any document or information at a hearing and/or trial.

V. **Challenges to Designations, Misdesignations, and Other Disclosures**

20. If a non-designating party objects to the designation or continued treatment of certain information as "Confidential" or "Highly Confidential-Counsel/Experts Only" or "Privileged/Client Confidential," it shall so notify counsel of record for the designating party, and the Parties shall then confer in good faith in an attempt to resolve the dispute. Following such consultation, if the Parties are able to reach agreement, the document(s) shall be reproduced with the agreed-upon confidentiality designation. If the Parties are unable to agree on whether the information is appropriately designated or on a less restrictive alternative, the objecting Party may move for an order requiring redesignation of the information in dispute. It is the burden of the designating party to establish the appropriateness of the original designation. Unless and until such an order requiring redesignation of the information in dispute is obtained, the original designation by the designating party shall stand.

21. Any Party that inadvertently fails to designate or misdesignates any Discovery Material pursuant to this Protective Order at the time of its production may subsequently make a designation or a correction of the initial designation. In the event of a designation pursuant to this Paragraph:

   a. Any such designation or correction, along with notice thereof, shall be promptly made in writing after the discovery of the non-designation or misdesignation of the Discovery Material, and shall be accompanied by substitute copies with appropriate designations.

NAI-1518160535v3                                12

**DRAFT**

    b. All persons who received the non-designated or misdesignated Discovery Material prior to receipt of such notice shall, within seven (7) calendar days of receipt of substitute copies, destroy the non-designated or misdesignated Discovery Material and confirm as much to the producing party in writing or return it to the producing Party, except if the receiving party is challenging the designation, it shall maintain the subject Discovery material in confidence pending resolution of that challenge.

    c. All persons who reviewed the non-designated or misdesignated Discovery Material prior to receipt of such notice shall abide by the relevant provisions of this Protective Order with respect to the use and disclosure of any Discovery Material contained in the nondesignated or misdesignated Discovery Material.

22. If Discovery Material designated pursuant to this Protective Order is disclosed to any person other than in accordance with this Protective Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating Party. The Party responsible for the disclosure must also make every effort to retrieve the improperly disclosed information and to prevent further unauthorized disclosure on its own part or on the part of the unauthorized recipient of such Discovery Material. All such efforts shall be without prejudice to the rights and remedies of the designating Party.

23. If, at any time, any Discovery Material designated pursuant to this Protective Order and in the possession, custody, or control of any person other than the one making the designation is the subject of a subpoena or discovery request related to any court, government agency, legislative body, or similar proceeding, the Party or person to whom the subpoena or request is directed shall promptly provide written notice to the designating Party. Such notice shall include the date set for the production of the subpoenaed or requested information. Upon receipt of such notice:

    a. The designating Party shall, within seven (7) calendar days, or promptly before the time specified for the production in the subpoena or request if such time is less than seven (7) days, inform the noticing Party or person either that it does not object to production of the Discovery Material, or that it will seek protection to prevent such production.

    b. If the designating Party responds that it will seek protection, then the noticing Party or person may not produce the Discovery Material until the request for protection is resolved or until the designating and noticing Parties otherwise agree, except that, if

DRAFT

>    the noticing party has acted in good faith, it may comply with a judicial order requiring production of the Discovery Material sought. The designating Party and subpoenaed Party shall cooperate and use best efforts to promptly resolve such issues.
>
>    c. If the designating Party responds that it will not seek protection, or does not timely respond, then the noticing Party or person may produce the Discovery Material.

## VI. Return or Destruction of Designated Discovery Material

24. Within sixty (60) calendar days after the final resolution of this Action including all trial, appellate proceedings, confirmation proceedings, and appeals therefrom, or such other time as agreed in writing between the Parties, the Parties shall make best efforts to ensure that all Discovery Material that is designated as "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential" shall be returned to counsel for the Party that produced it or, alternatively, shall be destroyed. In addition, the Parties shall make reasonable best efforts to locate and destroy the portions of any Discovery Material that contains or reflects any references to, or mention of, Discovery Material that is "Confidential," "Highly Confidential-Counsel/Experts Only," or "Privileged/Client Confidential."

25. Notwithstanding the foregoing Paragraph, the Parties shall be entitled to retain pleadings, motions, briefs, discovery responses, affidavits, work product, other papers submitted to the Court, deposition transcripts, and the trial record. Any material retained pursuant to this Paragraph must still be maintained in conformance with this Order.

26. Each Party shall promptly certify, in writing, that all Discovery Material subject to Paragraph 27 has been returned to counsel for the producing Party or has been destroyed.

## VII. Disclosure of Privileged Information

27. If a Party inadvertently discloses information that is subject to a claim of privilege or protection from disclosure ("Privileged Disclosures"), such disclosure shall not constitute or be deemed a waiver or other forfeiture of any claim of privilege or protection that the Party making the

**DRAFT**

disclosure would otherwise be entitled to assert with respect to either the disclosed information or its subject matter, provided that the disclosing Party promptly upon learning of the disclosure notify the Party that has received the subject information of such inadvertent disclosure. Upon receipt of the notice, the receiving Party shall treat the information as privileged, but shall have the right to challenge the privilege designation.

28.    Upon the final resolution of the Action as described in paragraph 27, any Discovery Material claimed by the producing Party to contain Privileged Disclosures shall be, upon written request, promptly returned to the producing Party or destroyed at the producing Party's option (unless the receiving party has successfully challenged the claim of privilege). This includes all copies, electronic or otherwise, of any such documents. In the event that the producing Party requests destruction, the other Party shall provide written certification of compliance within fourteen (14) calendar days of such written request. A Party's return or destruction of documents containing Privileged Disclosures shall not waive its right to seek a determination as to the assertion of privilege or protection for the Privileged Disclosures. No Privileged Disclosures may, after notice of the claim of privilege, be used as evidence against the producing Party or disclosed to any non-parties. Should a Party challenge the assertion of privilege or protection, that challenging Party may not use or disclose the Discovery Material or its contents without a resolution allowing such disclosure by either agreement of the Parties and/or Order of the Court. Should any Privileged Disclosures that subsequently are identified by the producing Party as such be disclosed to any persons not a Party to this Action, the Party causing such disclosure shall inform the person receiving the Privileged Disclosures that the information is covered by this Order and make its best efforts to retrieve the Privileged Disclosures. Notwithstanding the foregoing, this Protective Order shall not be deemed to limit a Party's right to withhold privileged or work product protected materials pursuant to law.

**VIII.   Preservation of Rights and Privilege**

**DRAFT**

29. Nothing in this Protective Order shall affect any right of a Party or witness to make any otherwise proper type of objection, claim, or response to discovery requests (including, without limitation, requests for production, or questions at deposition). This Protective Order shall not be construed as a waiver by any Party of any legally cognizable privilege to withhold production of Discovery Material, or of any right which any Party may have to assert such privilege at any stage of the litigation.

30. Nothing contained in this Protective Order shall preclude the parties from stipulating in writing to waive, modify, or change the provisions of this Protective Order, subject to Court approval. Any Party or non-party may, at any time upon notice to all Parties, move the Court for a modification of, or relief from, the terms of this Protective Order.

31. Compliance by any Party or non-party with the terms of this Protective Order shall not operate as an admission that any particular material is or is not confidential, privileged, or admissible in evidence at trial.

32. After termination of this Action, including any appeals, this Protective Order shall continue to be binding upon the parties and all persons to whom confidential Discovery Material has been disclosed and communicated. Moreover, this Court shall retain jurisdiction over such parties and persons to enforce the provisions of this Order.

So ordered, this ____ day of _____, 2021.

_____
Randolph D. Moss
United States District Judge

**DRAFT**

Agreed as to form and substance:

Dated: _____

/s/ DRAFT
Julia Sheketoff (*pro se*)
2207 Combes Street
Urbana, IL 61801
(202) 567-7195
sheketoff@gmail.com

/s/ DRAFT
Mark C. Savignac (*pro se*)
2207 Combes Street
Urbana, IL 61801
(217) 714-3803
marksavignac@gmail.com

*Plaintiffs*

/s/ DRAFT
Terri L. Chase (pro hac vice)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Phone: 305-714-9700
Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939
Email: cdipompeo@jonesday.com

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Phone: (412) 391-3939
Email: atbailey@jonesday.com

**DRAFT**

*Counsel for Defendants*

DRAFT

**Exhibit A**

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, | ) )  Civ. No. 1:19-02443 (RDM) |
| *Plaintiffs*, | ) ) |
| v. | ) |
| JONES DAY, *et al.*, | ) ) |
| *Defendants*. | ) |

**CONFIDENTIALITY CERTIFICATION**

1. My name is_____.

2. I live at_____.

3. I am employed as (state position)_____, and my employer is (state employer name)_____, which is located at (state address)_____.

4. I have received and read a copy of the Protective Order that has been entered in this Action. I understand the provisions of this Order, and I agree to comply with, and to be bound by, its provisions. I also consent to the jurisdiction of the Court with respect to the enforcement of the Protective Order.

5. I declare under penalty of perjury that the foregoing is true and correct.


Executed this_____day of_____by _____


Signed: _____

NAI-1518160535v3