IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>BETH HEIFETZ, and JOHN DOES 1-10,<br><br>   *Defendants*. | Case No. 1:19-cv-02443-RDM |

**RESPONSE TO PLAINTIFFS' JUNE 1, 2021 NOTICE**

Plaintiffs' June 1, 2021 Notice (ECF# 50): (1) misstates Defendants' positions as to a protective order to govern discovery in this case, and (2) includes terms that Plaintiffs inserted after the Parties had met and conferred on the draft. Accordingly, Defendants respectfully submit this brief response.

1. On April 12, 2021, Defendants circulated to Plaintiffs a proposed protective order regarding confidential discovery. The Parties then conferred over several weeks, exchanged drafts and comments regarding several provisions, and held a lengthy phone call to discuss areas of potential disagreement.

2. The Parties ultimately were unable to resolve their disagreement on four specific points. Pursuant to Paragraph 13 of the Court's Standing Order, the Parties contacted the Court on May 25, 2021, to request a conference, which is now scheduled for June 4, 2021. The Parties agreed—as stated in the email to Chambers—that they "would file a joint notice to the Court with the proposed protective order in which we would identify the disputed terms." May 25, 2021 Email to K. Thompson.

3. On May 26, 2021, Plaintiffs circulated a draft protective order to be jointly submitted to the Court in advance of the conference. Plaintiffs' proposed draft, however, included three new paragraphs that Defendants had not previously seen. *See* Notice Ex. A ¶¶ 3-5 (ECF# 50-1). It also would omit a paragraph Defendants had proposed to Plaintiffs on May 24 (then numbered Paragraph 3), which paragraph represented Defendants' final position on one of the four disputed points.

4. On May 28, 2021, Defendants circulated a draft of the protective order that was "consistent with the parties' final positions" as of May 25, when they contacted the Court. Notice Ex. B, May 28, 2021 Email of A. Bailey (ECF# 50-2). The draft removed the new paragraphs that Plaintiffs had inserted and included the Paragraph 3 that Defendants had previously proposed.

5. A series of emails followed over the next few days. *See generally* Notice Ex. B. In the course of that exchange, Defendants identified issues in Plaintiffs' new paragraphs that the Parties had not previously discussed and also noted that the draft protective order Plaintiffs had proposed submitting to the Court would not "reflect the parties' positions. It would, for instance, entirely delete Defendants' proposed Paragraph 3." *Id.*, May 30, 2021 Email from A. Bailey.

6. Plaintiffs then filed their Notice without any joinder from Defendants and attached the draft protective order that included Plaintiffs' new paragraphs and omitted Defendants' Paragraph 3.

7. Defendants would not object to an Order continuing the June 4 conference and compelling the parties to reach agreement on a joint submission.

8. In the event the Court prefers to move forward with the June 4 conference, the draft of the protective order that Defendants circulated to Plaintiffs on May 28 is attached hereto as Exhibit 1. The contested terms are highlighted. To provide additional context for each:

a. **Page 2**, **Paragraphs 3 & 4** – Defendants would include the highlighted language; Plaintiffs would omit. The disputed language permits any Party to assert that a document produced by the other side should be subject to the protective order, thereby restricting any public filing of that document until the Parties have discussed the matter and, if necessary, the Court has resolved any disagreement.

b. **Page 4**, **Paragraph 7(f)** – Plaintiffs would include the highlighted language; Defendants would omit. The disputed language enables Plaintiffs to use document hosting services of their discovery vendor without any certification from that vendor agreeing to be bound to the terms of the protective order. This issue also relates to the highlighted language at Page 6, Paragraph 9(i), and Page 7, Paragraph 12(c).

c. **Page 5**, **Paragraph 9(g)** – Plaintiffs would include the highlighted language; Defendants would omit. The disputed language grants any Party the right to use material designated "Highly Confidential-Counsel/Experts Only" in the deposition of any witness.

d. **Page 8**, **Paragraph 13** – Plaintiffs would include the highlighted language; Defendants would omit. The disputed language creates an additional tier of protected discovery materials that cannot be reviewed by anyone at Jones Day falling within the enumerated categories, including certain parties and counsel of record.

9. Defendants appreciate the opportunity to present argument related to the disputed terms at the conference with the Court.

June 2, 2021                                              Respectfully submitted,

                                                          /s/ *Anderson T. Bailey*
                                                          Anderson T. Bailey (pro hac vice)
                                                          JONES DAY
                                                          500 Grant Street
                                                          Pittsburgh, PA 15219
                                                          Phone: (412) 391-3939
                                                          Email: atbailey@jonesday.com

                                                          Terri L. Chase (pro hac vice)
                                                          JONES DAY
                                                          600 Brickell Avenue, Suite 3300
                                                          Miami, Florida 33131
                                                          Phone: 305-714-9700
                                                          Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Phone: (202) 879-3939
Email: cdipompeo@jonesday.com

*Counsel for Defendants*