# APPENDIX

                                    **Julia Sheketoff <sheketoff@gmail.com>**

## FW: Sheketoff, Jula - Cobra Packet Request

**Sheketoff, Julia W.** <jsheketoff@jonesday.com> Thu, Aug 16, 2018 at 12:06 PM
To: Julia Sheketoff <sheketoff@gmail.com>

Julia Fong Sheketoff
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3425

---

**From:** Madyun, Saundra C.
**Sent:** Thursday, August 16, 2018 9:57 AM
**To:** Sheketoff, Julia W. <jsheketoff@jonesday.com>
**Subject:** RE: Sheketoff, Jula - Cobra Packet Request

Hello Julia,

Below you will find a copy of our Family Leave policy for lawyers.

5. Family Leave
   a. Leave to Care for a Newborn or Newly Adopted Child
      (1) Primary Caregiver
      (2) Secondary Caregiver
   b. Leave to Care for Child with Serious Illness

**(1) Primary Caregiver**

In the case of a newly born child, the Firm will provide mothers eight weeks of paid leave under the Firm's Short Term Disability policy (the first 5 days of which will be charged to sick or vacation). In addition, if the mother is the primary caregiver, the Firm will provide an additional ten weeks of paid family leave after the eight weeks of paid disability leave and, with approval, up to an additional six weeks of unpaid leave. Mothers who are primary caregivers may use accrued vacation leave following the 18 weeks of paid leave instead of unpaid leave, but in no case may the total leave exceed 24 weeks. Mothers must commence this family leave immediately after the short term disability for the pregnancy and childbirth ends.

In the case of a newly born child, if the father is the primary caregiver, the Firm will provide ten weeks of paid family leave and, with approval, up to an additional six weeks of unpaid leave. Fathers who are primary caregivers may use accrued vacation leave following the ten weeks of paid leave instead of unpaid leave, but in no case may the total leave exceed 16 weeks. Fathers must commence this family leave within eight weeks after the birth of the child.

In the case of a newly adopted child, the Firm will provide 18 weeks of paid adoption leave to the primary caregiver and, with approval, up to an additional six weeks of unpaid leave. The primary caregiver may use accrued vacation leave following the 18 weeks of paid leave instead of unpaid leave, but in no case may the total leave exceed 24 weeks. Primary caregivers must commence this family leave within eight weeks after the adoption of the child.

**(2) Secondary Caregiver**

In the case of a newly born child, the Firm will provide mothers eight weeks of paid disability leave under the Firm's Short Term Disability policy. In addition, if the mother is the secondary caregiver, the Firm will provide an additional four weeks of paid family leave after the eight weeks of paid disability leave. Mothers must commence family leave immediately after the short term disability for the pregnancy and childbirth ends.

In the case of newly born child, if the father is the secondary caregiver, the Firm will provide four weeks of paid family leave. Fathers must commence family leave within eight weeks after the birth of the child.

In the case of a newly adopted child, the Firm will provide four weeks of paid family leave to the secondary caregiver. Secondary caregivers must commence this family leave within eight weeks after the adoption of the child.

**b. Leave to Care for Child with Serious Illness**

In the event an Of Counsel, Counsel, Associate or Senior Staff Attorney has a child with a serious illness or medical condition which necessitates the lawyer's absence from the office to care for the child, the Firm provides up to four weeks of paid family leave in any one year period.

Leave taken under this Family Leave policy should be approved by the appropriate Partner-in-Charge, Practice Leader and Staffing Attorney, and the Office Administrator or his or her designee should be notified.

Saundra C. Madyun
Human Resources Manager
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Office +1.202.879.3921



Julia Sheketoff <sheketoff@gmail.com>

## RE: Parental Leave

**Savignac, Mark C.** <msavignac@jonesday.com>  Thu, Aug 23, 2018 at 10:34 PM
To: "McClure, Sarah B." <sbmcclure@jonesday.com>
Cc: "sheketoff@gmail.com" <sheketoff@gmail.com>, "Heifetz, Beth R." <bheifetz@jonesday.com>

Hi Sarah,

Julia let me know that you decided to reject our request that Jones Day amend its discriminatory parental leave policy. Thank you for your consideration.

Needless to say, I oppose your practice, which is made illegal by Title VII. You may know that it is also illegal to retaliate against an employee who opposes discrimination.

Thanks again, Sarah.

Mark


Mark C. Savignac
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue NW
Washington, DC 20001
Office +1.202.879.3821
Cell +1.217.714.3803
msavignac@jonesday.com

---

**From:** Sheketoff, Julia W.
**Sent:** Thursday, August 23, 2018 11:00 PM
**To:** Savignac, Mark C. <msavignac@jonesday.com>
**Subject:** FW: Parental Leave




Julia Fong Sheketoff
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, N.W.

Washington, D.C. 20001
Office +1.202.879.3425

---

**From:** Heifetz, Beth R.
**Sent:** Friday, August 17, 2018 5:21 PM
**To:** Sheketoff, Julia W. <jsheketoff@jonesday.com>
**Subject:** RE: Parental Leave

Julia, I have passed this along to Sarah McClure who will get back to you next week.

Beth

Beth Heifetz
Partner
JONES DAY® - One Firm Worldwide℠
51 Louisiana Avenue, NW
Washington DC 20001-2113
Office +1.202.879.3878
bheifetz@jonesday.com

---

**From:** Sheketoff, Julia W. <jsheketoff@jonesday.com>

**Date:** Thursday, Aug 16, 2018, 3:41 PM

**To:** Heifetz, Beth R. <bheifetz@JonesDay.com>

**Subject:** Parental Leave

Beth,

I was looking at the firm's parental leave policy, and I noticed that Jones Day gives women 18 weeks of paid leave (and 24 weeks total) while it gives men 10 weeks of paid leave (and 16 weeks total). Eight of the weeks for women are labeled as disability leave, but the leave is not dependent upon whether women are actually disabled. Most women aren't physically disabled from office work for such a long period and yet still get the full eight weeks of disability leave—and adoptive parents receive the full 18 weeks paid and 24 weeks total leave even though they are not disabled. That seems to reflect the traditional notion that women should bear most of the burden of childcare, which strikes me as unfairly discriminatory. I don't object that the firm is socially conservative as a general matter, or that its selection of cases promotes those values, but in this case I think it goes too far in imposing those values on its employees.

For me, since Mark will be the primary caregiver, this will have a pretty big impact on my life, because I'll end up staying out of work for the extra eight weeks that Mark cannot. For career reasons, I'd rather not do that. I would guess that the effects of the policy are similar for other women. Is there anything that I can do here? Would the firm treat Mark equally to female primary caregivers and grant him 18 weeks paid and 24 weeks total leave?

I’d be happy to discuss further. Thanks very much.

Best,
Julia

Julia Fong Sheketoff
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3425

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***



Julia Sheketoff <sheketoff@gmail.com>

## RE: Parental Leave

**Savignac, Mark C.** <msavignac@jonesday.com> Wed, Jan 16, 2019 at 3:12 PM
To: "McClure, Sarah B." <sbmcclure@jonesday.com>
Cc: Julia Sheketoff <sheketoff@gmail.com>, "Heifetz, Beth R." <bheifetz@jonesday.com>

Sarah,

We have closely reviewed the case law, including the two cases you rely on. We have also discussed the matter with other competent attorneys. Your cases do not support Jones Day's discriminatory policy, which is illegal under Title VII and D.C. law.

Jones Day's policy is also inconsistent with the EEOC enforcement guideline you mention. Regardless, your reliance on the guideline example is misplaced because EEOC's interpretations of the substantive provisions of Title VII do not receive *Chevron* deference, and courts routinely reject them. E.g., *Young v. UPS*, 135 S.Ct. 1338, 1351-52 (2015).

Because our son has now been born and because Julia made the prior request whereas I will be the named plaintiff, I write to say: Give me the treatment that Jones Day gives to all women with new children—18 weeks of paid leave and 6 weeks of unpaid leave—or else I will file a charge with EEOC and then a class-action lawsuit, and the matter will be decided in the D.C. Circuit and in the court of public opinion. We are very familiar with the D.C. Circuit and confident that we will win.

I am aware that Jones Day's black-box compensation system and its attempts to keep associate salaries secret are tailor-made to enable sex discrimination, including retaliation. We ourselves experienced this when Julia's salary was cut in relative terms based on a negative review from a partner who, in hindsight, clearly treated her worse because she is a woman. As you know, Title VII prohibits retaliation for opposition to sex discrimination.

Mark C. Savignac
Associate
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue NW
Washington, DC 20001
Office +1.202.879.3821
Cell +1.217.714.3803
msavignac@jonesday.com

---

**From:** McClure, Sarah B. <sbmcclure@JonesDay.com>
**Sent:** Friday, August 24, 2018 6:29 PM
**To:** Savignac, Mark C. <msavignac@jonesday.com>
**Subject:** RE: Parental Leave

Mark -

The Firm disagrees with your assertion of discrimination and impropriety. Jones Day's family leave policy provides for male and female lawyers with newborn children to receive ten weeks of paid family leave (primary caregiver), while female lawyers receive eight weeks of additional paid leave under the Firm's short term disability policy for the childbirth. This is consistent with Title VII, which allows employers to provide female employees disability leave for childbirth while not providing the same disability leave to male employees. *See e.,g.*, *Johnson v. University of Iowa*, 408 F. Supp. 2d 728, 734 (S.D. Iowa 2004), *aff'd*, 431 F.3d 325 (8th Cir. 2005) (employer's policy allowing mothers six weeks of disability leave due to pregnancy but not the equivalent disability leave to fathers did not violate Title VII); *See also California Fed. Sav. & Loan Ass'n v. Guerra*, 472 U.S. 272, 290 (1987) (upholding a state law that required employers to provide four weeks of medical leave to women who had given birth without extending similar benefits to men or persons with other disabilities). The EEOC's Enforcement Guidelines address your concern and confirm the propriety of Jones Day's approach. Specifically, the Guidelines provide the following example:

EXAMPLE 14

Pregnancy-Related Medical Leave and Parental Leave Policy –

No Disparate Treatment

> An employer offers pregnant employees up to 10 weeks of paid pregnancy-related medical leave for pregnancy and childbirth as part of its short-term disability insurance. The employer also offers new parents, whether male or female, six weeks of parental leave. A male employee alleges that this policy is discriminatory as it gives up to 16 weeks of leave to women and only six weeks of leave to men. The employer's policy does not violate Title VII. Women and men both receive six weeks of parental leave, and women who give birth receive up to an additional 10 weeks of leave for recovery from pregnancy and childbirth under the short-term disability plan.

EEOC's Enforcement Guidance: Pregnancy Discrimination and Related Issues (June 25, 2015).

I explained this to Julia on the phone yesterday. I hope this is helpful and addresses your concern. I am happy to answer any additional questions you may have in follow up.

Sarah

Sarah B. McClure
Director of Human Resources and Counsel
**JONES DAY® - One Firm Worldwide[SM]**

51 Louisiana Avenue, NW
Washington, DC  20001-2113
Office +1.202.879.3811

Cell +1.202.550.0613

sbmcclure@jonesday.com


***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

CONFIDENTIAL

[Page fully redacted]

33

**A11**

CONFIDENTIAL

37

A12

CONFIDENTIAL

38

A13

CONFIDENTIAL

CONFIDENTIAL

40

A15

CONFIDENTIAL

41

A16