IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>　*Plaintiffs*,<br><br>　　　v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>BETH HEIFETZ, and JOHN DOES 1-10,<br><br>　*Defendants*. | Case No. 1:19-cv-02443-RDM |

**NOTICE REGARDING MOOTNESS OF MOTION FOR PROTECTIVE ORDER**

At the June 4 conference with the Court and in their June 16 motion (Dkt. 55), Plaintiffs sought an "attorneys' eyes only" protective order to prevent Jones Day leadership from viewing communications of employees (including partners) that would have been likely to harm those employees' standing with the firm. In its July 16 order, the Court states that "[t]he parties' submission [of an agreed protective order] appears to moot any remaining dispute" about Plaintiffs' request. The order then says that, if the dispute is live, then the Court denies the request.

Plaintiffs respectfully submit this notice to clarify for the record that they did not intend to, and did not, moot, withdraw, or otherwise abandon their request for an "attorneys' eyes only" provision. Plaintiffs believe that Defendants share Plaintiffs' understanding. *See* Dkt. 54 at 2 (the parties' joint status report, which states: "The parties will submit as soon as practicable a proposed protective order incorporating all agreed upon or otherwise resolved provisions. The disputed Attorney Eyes Only provision … will be omitted from that draft, and Plaintiffs will submit the provision as a separate proposed order with their" brief in support of the provision).

Plaintiffs have vigorously pursued the avenues available to them to seek protection for Jones Day employees. Plaintiffs respect that the Court has denied their request, and Plaintiffs will expeditiously produce the relevant communications. As the Court appears to suggest in its July 16 order, the "agreed-upon protective order" that has now been entered by the Court does impose certain "limitations" pertinent to Plaintiffs' concerns. For example, the protective order entered by the Court states that "Discovery Material produced … and given a confidentiality designation … shall be used only for purposes of this Action … and shall not be used for any business … purpose … or for any other purpose besides the prosecution or defense of any claims in this Action." Dkt. 58 at 3 (Protective Order ¶ 6).

| | |
|---|---|
| /s/ Julia Sheketoff | /s/ Mark C. Savignac |
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 2207 Combes Street | 2207 Combes Street |
| Urbana, IL 61801 | Urbana, IL 61801 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

July 19, 2021