**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, | |
| *Plaintiffs*, | Case No. 1:19-cv-02443-RDM |
| v. | |
| JONES DAY, STEPHEN J. BROGAN, BETH HEIFETZ, and JOHN DOES 1-10, | |
| *Defendants*. | |

**NOTICE REGARDING JULY 29 CONFERENCE ON JULIA'S TEXT MESSAGES**

Plaintiffs respectfully submit this notice to advise the Court regarding the disputes as to which the parties seek guidance at the conference scheduled for July 29, 2021.

**1.** Jones Day seeks a court order prohibiting Julia from filing her own text message communications on the public docket in connection with all future briefing in this action, on the ground that Jones Day believes that a public filing of those communications "would be embarrassing to the firm." A4, *infra*. The communications in question are the texts between Julia and former and current Jones Day partners that Julia submitted to the Court on June 7 in support of Plaintiffs' unsuccessful request for an "attorney's eyes only" protective order. *See* A5, *infra*. Plaintiffs contend that Jones Day's attempt to control Julia's use in this litigation of her own communications is legally baseless and improper, including because those communications include evidence that is highly relevant to important issues in this civil rights action and that refutes false and malicious statements that Jones Day has elected to make against Plaintiffs in public forums, both in court and out of court. *See* A1, *infra*.

      **2.**      Plaintiffs seek guidance on Jones Day's rights under the Court's protective order to make decisions to fire or otherwise "discipline" partners and other employees using information that Plaintiffs produce and designate as confidential.  The Court's order states that "Discovery Material produced … and given a confidentiality designation … shall be used only for purposes of this Action … and shall not be used for any business … purpose … or for any other purpose besides the prosecution or defense of any claims in this Action."  Dkt. 58 at 3 (Protective Order ¶ 6).  Yet Jones Day apparently maintains that it can fire and otherwise act against employees based on information that Plaintiffs produce and designate as confidential.  *See* A2, *infra*.

/s/ Julia Sheketoff

Julia Sheketoff (pro se)
2207 Combes Street
Urbana, IL 61801
(202) 567-7195
sheketoff@gmail.com
D.C. Bar No. 1030225

July 28, 2021

/s/ Mark C. Savignac

Mark C. Savignac (pro se)
2207 Combes Street
Urbana, IL 61801
(217) 714-3803
marksavignac@gmail.com
D.C. Bar No. 995367



**Julia Sheketoff <sheketoff@gmail.com>**

---

## Protective Order

**Julia Sheketoff** <sheketoff@gmail.com>                                    Fri, Jul 23, 2021 at 2:47 PM
To: "Chase, Terri L." <tlchase@jonesday.com>
Cc: Mark Savignac <mark.savignac@gmail.com>, "Bailey, Anderson T." <atbailey@jonesday.com>

Terri,

Jones Day's attempt to dictate what I do with my own personal text messages, simply because you deem them "embarrassing to the firm," is improper.

Jones Day and its leadership willfully violated the civil rights laws by attacking us and our two-week-old child in retaliation for our discrimination complaint. Jones Day then retaliated against our filing of this action by publishing to tens of thousands of people a false and malicious press release intended to destroy our reputations. We have the right to defend ourselves publicly in court by establishing our claims and disproving Jones Day's malicious falsehoods. As you apparently recognize, my text messages with Jones Day partners contain a great deal of important and highly relevant evidence. Your demand that we suppress truthful statements made by Jones Day partners about the transactions at issue in this action is hypocritical and legally inappropriate. Jones Day and Brogan have no right to a gag order on my personal communications.

As I said two days ago, if we file my text messages in support of our positions in this action, we are under no obligation to move for that filing to be sealed. This is not a secret arbitration. It is a federal court proceeding on a matter of public importance: a pattern of willful and malicious civil rights violations by the top leadership of one of the nation's most influential law firms. Jones Day has itself observed that "a discrimination suit necessarily ... will result in litigation in a public forum ... Public airing of the [parties'] legal and factual positions ... is a natural and inevitable incident of litigation." Dkt. 26 at 2-3. (Jones Day also publicly filed personal text messages in support of its motion for sanctions in the *Tolton* case. *Tolton* Dkt. 102 at 12-13.)

We sought to maintain the confidentiality of the texts *from Jones Day and Brogan* by seeking an AEO order so that Brogan and other top leaders could not attempt to destroy the partners involved as they have attempted to destroy us. You opposed our motion, and you succeeded. After the Court denied our motion, we took some comfort in the fact that the protective order would subject Defendants to contempt if they used designated information for any purpose other than litigating the case, including firing the Jones Day partners in question or taking other personnel actions. But you inexplicably assert, contrary to the Court's clear order, that you can fire people based on the texts regardless of whether we designate them as confidential.

In response to your final paragraph: The Court has not lifted its June 4 order prohibiting you and Anderson from disclosing the in camera submission to Brogan and others at Jones Day. The Court's denial of our request for an AEO order prevents Plaintiffs from using an AEO designation in any productions we make to Defendants. It does not somehow void the Court's own earlier order regarding disclosure of the in camera submission. It is possible that the Court would have lifted the June 4 order had it been asked to do so. It is also possible that the Court would have declined to lift it and, instead, preserved the status quo by allowing discovery of the texts to proceed in the ordinary course, giving Plaintiffs an opportunity to seek another resolution that might remove the need for production of at least some of the texts and giving the affected Jones Day partners the opportunity to seek new employment while they could still count on strong references from more senior partners at Jones Day. Regardless, the fact is that the Court has not lifted the order and it remains in force. You should not have violated it.

Julia

On Thu, Jul 22, 2021 at 9:21 PM Chase, Terri L. <tlchase@jonesday.com> wrote:

> Julia,
>
> Plaintiffs previously made clear their intent to litigate their claims in the court of public opinion. You have used the media as a vehicle for Plaintiffs' accusations, and you have consistently expressed deep personal animosity for Jones Day and its partners. My concern is that Plaintiffs will continue to do so by publicly filing information that

would be embarrassing to the Firm or its current or former lawyers.  While neither the facts nor the law supported Plaintiffs' AEO request, that does not mean Defendants agree this material should be filed publicly.  If you refuse to agree to keep this material confidential, and you believe that the material can be filed publicly, please let us know and we will seek a protective order.  That is the point on which I am seeking confirmation, and until I have confirmation on that, the two-day period for us to seek a conference with Judge Moss does not begin to run.

As for the rest of your email, the Court superseded its June 4 order when it held that Plaintiffs had no basis for impeding on defendants' right to participate in this case and communicate with defense counsel.  I can also confirm that Defendants do not agree with the characterization of the Protective Order in the last paragraph of your email.

Terri

Terri L. Chase
Partner
JONES DAY® - One Firm Worldwide<sup>SM</sup>
600 Brickell Avenue, Suite 3300

Miami, Florida 33131

(T) 305.714.9722

(F) 305.714.9799

tlchase@jonesday.com

250 Vesey Street
New York, New York 10281
(T)  212.326.8386
(F)  212.755.7306

*Admitted in Florida, New York,

Massachusetts and Connecticut

**From:** Julia Sheketoff <sheketoff@gmail.com>
**Sent:** Wednesday, July 21, 2021 2:33 PM
**To:** Chase, Terri L. <tlchase@jonesday.com>
**Cc:** Mark Savignac <mark.savignac@gmail.com>; Bailey, Anderson T. <atbailey@JonesDay.com>
**Subject:** Re: Protective Order

** External mail **

A2

Hi Terri,

I don't understand your urgency about this.  The Court has not lifted its June 4 order prohibiting you and Anderson from disclosing the in camera filing to anyone else.  And a confidentiality designation would not limit Plaintiffs' use of our own texts, since the protective order does not place any "limit [on] a Party's use of (a) documents or information in that Party's possession prior to discovery."

We intend to expeditiously produce responsive texts to Defendants.  Those productions will be Bates stamped.  We will determine the degree to which we will designate them as confidential when we produce them.  For instance, it might be more appropriate to designate the name of the sender of certain texts as confidential without otherwise designating the contents of the texts.  If the Court lifts the June 4 order, please treat the in camera submission as confidential in the interim.

Would you please confirm whether Defendants agree that the protective order prohibits Jones Day (including Brogan) from considering information that Plaintiffs produce and designate as confidential for the purpose of making decisions about termination, pay, or other "disciplinary" measures for Jones Day partners or other employees, or for any other purpose besides litigating this case?


Thank you,
Julia


On Tue, Jul 20, 2021 at 5:15 PM Chase, Terri L. <tlchase@jonesday.com> wrote:

> Julia,
>
>
> To date, you have not designated the texts as "Confidential" under the terms of the Protective Order.  You requested an Attorneys' Eyes Only designation, but the Court rejected it.  Based on your request to have the documents treated as Attorneys' Eyes Only, we expected that you would designate them Confidential under the Protective Order.  Instead, you sent a notice telling the Court, letting the Court know that the AEO request had not been mooted.  When you sent such a note and failed to inform us or the Court that you designated the documents Confidential under the Protective Order, I notified you of our intent to so designate the documents.
>
>
> I believe that this issue can be resolve if you would confirm that the texts are designated "Confidential" under the terms of the Protective Order.   Based upon your email below, there is ambiguity around whether you believe that the texts are "Confidential" under the terms of the Protective Order.
>
>
> Also, do you intend to produce a Bates Stamped version of the texts with that designation?
>
>
> Terri L. Chase
> Partner
> **JONES DAY® - One Firm Worldwide<sup>SM</sup>**
> 600 Brickell Avenue, Suite 3300
>
> Miami, Florida 33131
>
> (T) 305.714.9722
>
> (F) 305.714.9799
>
> tlchase@jonesday.com

A3

250 Vesey Street
New York, New York 10281
(T)  212.326.8386
(F)  212.755.7306


*Admitted in Florida, New York,

Massachusetts and Connecticut


**From:** Julia Sheketoff <sheketoff@gmail.com>
**Sent:** Tuesday, July 20, 2021 5:50 PM
**To:** Chase, Terri L. <tlchase@jonesday.com>
**Cc:** Mark Savignac <mark.savignac@gmail.com>; Bailey, Anderson T. <atbailey@JonesDay.com>
**Subject:** Re: Protective Order


** External mail **


Hi Terri,

Jones Day has no power to designate my text messages or our brief referring to those messages as confidential. You asked for a protective order that would have given you that power, we declined to agree to it, and, after a conference with the Court, the parties agreed to and the Court ultimately entered an order that does not allow a receiving party to designate material it receives.  Under the order actually agreed to by the parties and entered by the Court, there is no "limit [on] a Party's use of (a) documents or information in that Party's possession prior to discovery," and the "right to identify and designate as 'Confidential'" belongs solely to the "Party or non-party" that "produces" the material to be designated. Dkt. 58 at 2-3.  As our own ethical obligations require, we will continue to maintain the confidentiality of confidential client information.

Would you please confirm that Defendants agree that the protective order prohibits Jones Day (including Brogan) from considering information produced by Plaintiffs and designated by Plaintiffs as confidential for the purpose of making decisions about termination, pay, or other "disciplinary" measures for Jones Day employees, or for any other purpose besides litigating this case?

If you'd like to talk, Mark and I are available tomorrow afternoon.

Julia


On Mon, Jul 19, 2021 at 12:02 PM Chase, Terri L. <tlchase@jonesday.com> wrote:

> Julia and Mark,
>
>
> In light of the ruling on the Attorney' Eyes Only motion, we write to designate the texts that you previously submitted to the Court *in camera* and attached to the AEO motion, as well as the descriptions of them in the sealed portion of the briefing, as "Confidential" under the terms of the Protective Order signed by Judge Moss.   From your submission to the Court today, it seemed as if you also wanted these documents designated "Confidential" under the Protective Order.  However, for the avoidance of doubt, we are formally designating those materials "Confidential" under the Protective Order.

Please note that some of the portions of the texts also may be "Privileged/Client Confidential." We are working to understand context and may further designate some portions of the texts and references to those texts in the briefing as "Privileged/Client Confidential."

If you would like to discuss this topic, let's set a time to talk this week.

Terri L. Chase
Partner
**JONES DAY® - One Firm Worldwide^{SM}**
600 Brickell Avenue, Suite 3300

Miami, Florida 33131

(T) 305.714.9722

(F) 305.714.9799

tlchase@jonesday.com

250 Vesey Street
New York, New York 10281
(T)  212.326.8386
(F)  212.755.7306

*Admitted in Florida, New York,

Massachusetts and Connecticut

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

A5