# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and <br> JULIA SHEKETOFF, <br><br> Plaintiffs, <br><br> v. <br><br> JONES DAY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civ. No. 1:19-02443 (RDM) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**SUPPLEMENTAL DECLARATION OF MICHAEL R. SHUMAKER**

I, Michael R. Shumaker, declare as follows:

1. My name is Michael Shumaker. I am a partner in the law firm of Jones Day. I also hold the title of Firm Administrative Partner. In that capacity, I help oversee and coordinate Jones Day's administrative operations and serve as counsel to the Firm on personnel and other matters, among other things. Since 2019, I have been a member of Jones Day's Partnership Committee, which advises on matters involving partner admissions.

2. My business address is 51 Louisiana Avenue NW, Washington, D.C., 20001. I have personal knowledge of the facts described in this declaration.

3. Partnership promotion decisions at Jones Day are made and announced in December of each year and are effective as of January 1 of the following year. Partnership decisions are made by the Managing Partner in consultation with the Partnership Committee. Effective January 1, 2021, the Firm promoted 50 lawyers to partnership – the largest up-from-the-ranks class ever admitted to the partnership.

4. At Jones Day, lawyers need a minimum of nine years of post-J.D. legal experience in order to be eligible for consideration. But many lawyers are not considered, much less promoted,

in the first year in which they meet the minimum experience threshold. The majority – 27 out of 50 – of the lawyers promoted to the partnership in January 2021 had more than 9 years of experience (*i.e.*, a J.D. graduation year earlier than 2011).

5. In addition to the minimum legal experience threshold, a critical factor is whether the lawyer has a sufficient track record for the Firm to assess their partnership potential. The Firm has no set tenure requirement. We do not have a rule of "nine-and-three." The minimum tenure varies by individual depending on the lawyer's seniority, prior experience and performance. A lateral with significant prior legal experience who joins the Firm as an Of Counsel can, depending on performance and other circumstances, be promoted in less than three years. Lateral associates, in contrast, require a longer tenure with the Firm, because they do not arrive with an established track record of performance at a senior level. Three years of tenure for a lateral associate typically is a bare minimum and not necessarily sufficient to be considered for promotion to partner. No one with only nine years of legal experience and only 3 years at Jones Day was promoted to partner in January 2021.

6. Although a 2011 J.D. graduate, Savignac would not have had 9 years of legal experience as of January 2021 because he did not practice law for almost two years after his judicial clerkships. According to his resume, Savignac worked for 22 months as a supervisory financial analyst at the Federal Reserve Board. That was not a comparable legal position ████████████████████████████████████████████████████████████████████ ████████████████████████████████████ For that reason, Savignac would not have met the 9-year threshold for consideration until, at the earliest, January 2023.

7. When assessing candidates, Partnership Committee members look for superior professional accomplishment, manifest commitment to the Firm, leadership, and respect for the

Firm, its culture, its people, and its ways. The Managing Partner explains these criteria to associates every year in his presentation to new lawyers. During Savignac's brief tenure, he did not distinguish himself in any of these areas. While he was a skilled brief writer, he lacked stand-up experience commensurate with his seniority, and his quiet demeanor and lack of presence were identified as concerns with respect to his potential to serve in a client-facing role. He had not held any associate leadership role, and his conduct in January 2019 showed disrespect for staff, lack of commitment to the Firm, and disdain for its culture and values.

8. Partnership Committee members also consider numerous and variable other factors when evaluating partnership candidates in any given year, including the number of other more deserving candidates, the business need for partner expertise in a practice or office, and strategic priorities for expanding offices and practices. In an office with a surfeit of outstanding appellate lawyers and brief writers, none of these factors would have weighed in Savignac's favor. Given the record-sized class of deserving associates (including four I&A associates all of whose combined "experience plus tenure" exceeded Savignac's), it is inconceivable that the Firm would have admitted Savignac as a 51st new partner effective January 2021.

9. Supreme Court clerks have to meet the same high standards as other candidates for promotion to partnership. Jones Day counsels all associates—including Supreme Court clerks—about their partnership prospects as they progress in seniority. Associates—again, including Supreme Court clerks—for whom partnership is unlikely are advised of their performance deficiencies and are encouraged to seek other employment opportunities. Indeed, after receiving counseling about performance deficiencies, ▮▮▮▮▮▮▮▮ Issues & Appeals associates have left the Firm.

10. Four Supreme Court clerks in the Issues & Appeals practice were promoted to partner as of January 2021. Two were Washington, D.C. associates who each graduated from law school in 2008 and had 12 years of legal experience before being promoted. The third was a Washington, D.C. associate who graduated from law school in 2011, but had a 5 year track record of success at the Firm. The fourth, a Supreme Court clerk who was a 2011 J.D. graduate, was with the Firm almost five years, had an exceptional record of success in that time, and was the first Issues & Appeals partner in a small and relatively new office. This promotion helped fill a litigation need in that office that does not exist in the Washington, D.C. office, which already has approximately 25 Issues & Appeals partners.

11. Materials relating to partner admissions and partner compensation at Jones Day contain extensive personnel information and privileged client information, redaction of which would be a burdensome and time-consuming process that requires individual review and manual redaction. To the extent any associate evaluation information was produced in the *Tolton* litigation, the vast majority of the production was limited to numeric information (ratings, rankings, hours information), as well as narrative evaluations that required extensive redactions and were produced only for a very limited number of specifically named comparators.

12. Wendy Moore is a former partner whose relationship with the Firm was that of an owner – not an employee, as was Savignac. █████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████

13. █████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

4

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████

In compliance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   August 27, 2021               */s/ Michael R. Shumaker*
                                                            Michael R. Shumaker