IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK C. SAVIGNAC and <br> JULIA SHEKETOFF, <br><br> *Plaintiffs*, <br><br> v. <br><br> JONES DAY, *et al.*, <br><br> *Defendants.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civ. No. 1:19-02443 (RDM) <br><br> **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY** |

Plaintiffs accuse Defendants of wasting the Court's time with their "meritless" arguments. But briefing on these issues is necessary only because Plaintiffs sought disclosure of the compensation of all 850-plus Jones Day partners (for many, going back seven years), and every piece of paper related to the setting of compensation or the admission to partnership for over 100 partners. Plaintiffs would not even consider narrowing these requests during meet-and-confer conversations, even though their briefs make no attempt to defend the requests' extraordinary scope. And now, yet again in this case, Plaintiffs have asked for a surreply to raise issues that were already covered in the existing briefing, piling disputes upon disputes.

"The Local Rules of this Court contemplate that there ordinarily will be at most three memoranda associated with any given motion: (i) the movant's opening memorandum; (ii) the non-movant's opposition; and (iii) the movant's reply." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). Thus, "surreplies are generally disfavored." *Id.* When asked for leave to file a surreply, the Court should consider, among other things, "whether the movant's reply in fact raises arguments or issues for the first time" and also "whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion." *Id.* Plaintiffs' motion for leave to file a surreply fails on both counts and should be denied.

1

First, the proposed surreply does not identify any new arguments made for the first time in Defendants' reply brief. Plaintiffs purport to respond to the "brand-new argument" that "Mark cannot recover more than four years of lost wages—and cannot recover any front pay at all— ███████████████████████████████████████████████████████████████ ███." Proposed Surreply 1. But the argument that Savignac's "damages should not extend beyond the period which, by his own admission, he would have been an associate" was front-and-center in Defendants' opening brief—this was the topic sentence of the second paragraph of Part I.A. Defs' Br. 10. Indeed, the two major points of Part I.A of Defendants' opening brief were that (1) "Savignac will not be able to obtain damages that extend into years when he speculates he might have been elevated to partner," *id.* at 10-13, and (2) that "Savignac cannot recover front pay on these facts" because he has already obtained "comparable employment" at Steptoe and "if Savignac claims he had the requisite qualities to be admitted to the partnership at Jones Day, there is no reason why he would not enjoy similar prospects at Steptoe or elsewhere." *Id.* at 14-16.

Plaintiffs, of course, responded to these arguments in their opposition brief. They argued that "Mark's position is not comparable to his Jones Day position in the relevant (economic) sense," and ██████████████████████████████████████████████ ████████████████ Pls' Br. 7, 19 (emphasis omitted).

Importantly, Plaintiffs also revealed, for the first time, ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Defendants' first and only opportunity to respond to these newly revealed facts was in their reply brief, arguing: "Savignac's own analysis of the law and facts suggests that the *maximum* amount of lost wages he could obtain is 4 years" because, when he is considered for partner at Steptoe ██████ he "will have received

2

precisely the opportunity he says he was denied at Jones Day, and no further remediation will be justified." Defs' Reply 9. This is not a new argument but a response to Plaintiffs' new facts. The response is fully consistent with Defendants' long-maintained position that "'front pay ends when the sting of discrimination has passed and the victim has had a reasonable amount of time to secure comparable employment.'" Defs' Br. 10 (quoting *Barbour v. Medlantic Mgmt. Corp.*, 952 F. Supp. 857, 866 (D.D.C. 1997)).

Second, Plaintiffs' proposed surreply adds nothing to the existing briefing and does not help resolve the existing motion. Plaintiffs' proposed surreply dutifully marches through points already made in Plaintiffs' opposition brief—legal arguments (such as that it is too early in the case for a substantive ruling on lost wages, Proposed Surreply 1, and that the focus of a lost wages award is *solely* the economic differential, *id.* at 2-3), unsupported factual assertions (such as that Steptoe makes far fewer partners than Jones Day or that it has a far smaller appellate practice, *id.* at 2), and other speculative and equally unsupported claims (such as that Savignac will not be in the same economic position if made partner at Steptoe, *id.* at 4-5, that Savignac's job prospects have been irreversibly damaged, *id.* at 5, and that a lifetime award of front pay is a possible remedy here, *id.* at 6). Each of these arguments was raised in the opposition brief.

Having failed to proffer a legitimate need for a surreply, the motion for leave to file one should be denied. Indeed, although Defendants have so far made only two substantive motions in this case, Plaintiffs have sought to file surreplies with respect to *both* of them, which is a pattern that should not be allowed to continue. *See* ECF 21 (seeking to file surreply with respect to Defendants' motion to dismiss). Oral argument is the appropriate place for Plaintiffs to respond to arguments in Defendants' reply or to expand upon arguments in their opposition. The Court

has already scheduled oral argument for September 9, 2021, and Plaintiffs will be able to make any of the points raised in their proposed surreply at that time.

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' motion for leave to file a surreply.

Dated: September 7, 2021

Respectfully submitted,

 /s/ Terri L. Chase
Terri L. Chase (*pro hac vice*)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Ph: (305) 714-9700
Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Ph: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Ph: (202) 879-3939
Email: cdipompeo@jonesday.com

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Ph: (412) 391-3939
Email: atbailey@jonesday.com

*Attorneys for Defendants*