# APPENDIX

June 23, 2021

Mark Savignac
Julia Sheketoff
2207 Combes Street
Urbana, IL 61801

*Via Email*

Terri Chase
Jones Day
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
tlchase@jonesday.com

Anderson Bailey
Jones Day
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
atbailey@jonesday.com

      RE:    *Savignac v. Jones Day*, No. 19-cv-2443-RDM

Terri and Anderson,

      We write to address certain of the deficiencies in Defendants' Objections and Responses to Plaintiffs' First Consolidated Discovery Requests. Our review is ongoing; we have set forth the deficiencies that we have identified to date. Please promptly correct these deficiencies.



**25-33. Partner Data.** One of the principal elements of damages in this action is Mark's lost wages resulting from his unlawful termination. The complaint alleges that Mark would have been promoted to partner at Jones Day in 2020 but for the illegal retaliation. Jones Day promoted around 50 attorneys to partner effective January 2021, including numerous 2011 law school graduates, and Defendants have offered no basis to doubt that Mark would have been among them but for the retaliation. He would thereafter have been paid as a Jones Day partner. Make-whole relief in the form of lost wages must therefore account for the compensation that Mark would now be receiving as a partner.

App. 3a

To litigate this key element of damages, Plaintiffs require evidence relevant to (1) whether Mark would have made partner and (2) what Mark's compensation would have been in the years following his promotion to partner.  Numerous items in Plaintiffs' First Consolidated Discovery Requests seek information relevant to these two issues, including Document Requests 1, 21, and 24-33, and Interrogatories 3, 9, and 10.  It appears, however, that Defendants are flatly refusing to produce information relevant to Mark's promotion to partnership or compensation as a partner.  During our Rule 26(f) conference, Terri stated that Jones Day has never produced any partner compensation data in any lawsuit and that we would have to litigate the issue before the Court to compel it to do so.  Defendants' responses appear to confirm that statement.  With respect to most of the requests just mentioned, Defendants do not indicate that they will produce anything at all, and they specifically object to several requests "insofar as [they] seek[] information related to partners."

There is no basis in the law or facts to bar Plaintiffs from accessing any information to prove that Mark would have made partner, and how much he would have earned as a partner.  Unless Jones Day is now willing to back down from its position as stated by Terri, the parties will need to present the issue to the Court as Terri indicated.  This issue should be presented and resolved immediately, because Defendants are blocking discovery into one of the central issues in the case and the parties will need time to actually perform and review the discovery on this issue.

While Plaintiffs believe that most of the relevant requests would impose no meaningful burden on Jones Day, and that any burden that might be imposed would not be disproportionate to the substantial importance of this issue, Plaintiffs are also willing to discuss and address any specific issues that Defendants may raise about particular information.  Such discussions would be pointless, however, so long as Defendants adhere to their blanket refusal to participate in discovery relating to Mark's partnership promotion and compensation.

Please confirm that you will produce the requested documents, which are relevant to Mark's claim that he would now be a Jones Day partner but for Defendants' illegal actions and his claim for lost wages.

33.     This request seeks information relevant to showing how Jones Day will increase compensation in the future, which is relevant to Mark's claim for lost wages.  Please confirm that you will produce the requested documents.

34.     Please confirm that you will produce all documents relating to the "policies" referenced in Defendants' Eleventh Defense.

35.     Please confirm that you will produce the requested documents, which are relevant to Plaintiffs' claims and to Defendants' Sixth Defense (and to their Seventh Defense to the Supplemental Complaint).  Defendants' objection that the request is vague or ambiguous is unfounded; the request is clear and is largely based on Defendants' wording of the Defenses just referenced.  To the extent that you contend that responsive documents are privileged, produce a privilege log.  The request does not "necessarily" seek privileged information; Plaintiffs do not have the facts necessary to evaluate whether any responsive document is privileged.



Julia Sheketoff <sheketoff@gmail.com>

## Savignac v. Jones Day, 19-CV-2443 - Discovery Conference Request

**Bailey, Anderson T.** <atbailey@jonesday.com>   Fri, Jul 9, 2021 at 11:58 AM
To: Julia Sheketoff <sheketoff@gmail.com>
Cc: Mark Savignac <mark.savignac@gmail.com>, "Chase, Terri L." <tlchase@jonesday.com>

Thanks, Julia.  To avoid any confusion, I just note that Defendants agreed to produce information related to associates in the I&A practice from 2014 through 2018, including sex, JD year, clerkship by court, compensation, billable hours, ratings, and rankings.  Defendants also agreed to produce documents sufficient to show the overall process for evaluating U.S. associates and determining compensation adjustments during the time relevant to your 2017 and 2018 adjustments, which are at issue in Plaintiffs' claims.   That information is responsive to, at least, RFPs 21, 24, 26, and 27, as well as ROG 9.  Based on your email, I understand Plaintiffs will seek to compel full responses to these requests, as well as the others identified in my June 30 email and your July 1 email.  It is still unclear, however, how RFP 1 relates to partnership discovery, as we agreed to produce Mark's performance evaluations, assessment statements, ratings, and rankings.  What more are Plaintiffs seeking to compel there in relation to the disputes over partner discovery and punitive damages?


Also, I do not think we've discussed all of "the deficiencies in the responses to interrogatories 1, 4, 5, and 8" set out in Plaintiffs' letter of June 23.  If there are specific aspects of those deficiencies that Plaintiffs think are ripe for the July 20 conference, please let me know.  Perhaps we can discuss on our call this afternoon.  I assume both sides are amenable to further discussions on these prior to the conference.


Best,


Anderson T. Bailey
Partner
**JONES DAY® - One Firm Worldwide℠**
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Office +1.412.391.3939
Direct +1.412.394.7250
atbailey@jonesday.com



**From:** Julia Sheketoff <sheketoff@gmail.com>
**Sent:** Thursday, July 1, 2021 11:02 AM
**To:** Bailey, Anderson T. <atbailey@JonesDay.com>
**Cc:** Mark Savignac <mark.savignac@gmail.com>; Chase, Terri L. <tlchase@jonesday.com>
**Subject:** Re: Savignac v. Jones Day, 19-CV-2443 - Discovery Conference Request


** External mail **

Hi Anderson,

As we discussed during our call, we hope to address damages discovery relating to partnership and punitives. Our understanding is that Defendants' position is that discovery should be bifurcated, with discovery on damages put off until there is a ruling on liability. We believe that discovery on all aspects of the case should move forward now, consistent with the agreed schedule. So this relates to all requests that concern partnership promotions, partnership pay, or punitives.

I don't understand your statement that Defendants have agreed to provide information responsive to the items you mention. Your response to RFP 21 agrees only to provide certain documents relevant to "U.S. associates" through the first half of 2018, and your response to RFP 24 simply refers back to your response to RFP 21; your responses appear to be total refusals to respond to those items as they relate to partners. Your response to interrogatory 3 specifically rejects "any request for information related to partnership or partner compensation." And your response to interrogatory 9 appears to be a total refusal to respond at all, so I am especially confused by your statement that Defendants agreed to provide responsive information there. When we discussed these issues at length during our phone call, you and Terri reiterated that Defendants would not produce any discovery at this stage on partnership or punitives unless we went to the Court and obtained a ruling requiring them to do so.

If time allows, we also anticipate seeking guidance on the individual Defendants' refusal to answer the interrogatories directed to them and on the deficiencies in the responses to interrogatories 1, 4, 5, and 8.

Best,
Julia


On Wed, Jun 30, 2021 at 4:07 PM Bailey, Anderson T. <atbailey@jonesday.com> wrote:

> Julia, can you please confirm which discovery requests this relates to? I infer from our conversation last week and your letter that the relevant requests are (a) RFPs 25 through 33 and ROG 10, all related to the partnership issue; and (b) RFPs 3, 37, 38, and 39, and ROG 12, related to the request for punitive damages. Do Plaintiffs intend to raise all of these with Judge Moss as part of the conference requested below?
>
> I note that Plaintiffs' letter also references RFPs 1, 21, and 24 and ROGs 3 and 9 in relation to the partnership issue, but Defendants did agree to provide information responsive to these. I'm not sure what aspect of those responses Plaintiffs may intend to address in this conference. Clarification on that would be appreciated.
>
> Thanks,
>
> Anderson T. Bailey
> Partner
> **JONES DAY® - One Firm Worldwide**℠
> 500 Grant Street, Suite 4500
> Pittsburgh, PA 15219-2514
> Office +1.412.391.3939
> Direct +1.412.394.7250
> atbailey@jonesday.com
>
>
> **From:** Julia Sheketoff <sheketoff@gmail.com>
> **Sent:** Wednesday, June 30, 2021 12:59 PM
> **To:** Kristin Thompson <Kristin_Thompson@dcd.uscourts.gov>; Mark Savignac <mark.savignac@gmail.com>;

Chase, Terri L. <tlchase@jonesday.com>; Bailey, Anderson T. <atbailey@JonesDay.com>
**Subject:** Savignac v. Jones Day, 19-CV-2443 - Discovery Conference Request

** External mail **

Dear Ms. Thompson,

The parties in this case have reached an impasse on disputed discovery matters.  Plaintiffs therefore request a telephonic conference with the Court.

Thank you very much for your help.

Best,
Julia

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# JONES DAY

500 GRANT STREET, SUITE 4500 • PITTSBURGH, PENNSYLVANIA  15219.2514

TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number:  (412) 394-7250
atbailey@jonesday.com

July 15, 2021

<u>VIA ELECTRONIC MAIL</u>

Julia Sheketoff
2207 Combes Street
Urbana, IL 61801
(202) 567-7195
sheketoff@gmail.com

Mark C. Savignac
2207 Combes Street
Urbana, IL 61801
(217) 714-3803
marksavignac@gmail.com

Re:   <u>Savignac et al. v. Jones Day et al.</u>, No. 1:19-cv-2443 (D.D.C.)

Counselors:

I write in response to your letter of June 23, 2021 ("Letter") regarding purported deficiencies in Defendants' June 11, 2021 written discovery responses ("Responses").  We have already discussed many of the issues raised in the Letter in meet-and-confers held on June 25 and July 9.  I will not attempt here to summarize those conversations in full.  This letter instead will briefly refer back to those conversations where necessary, supplement our prior discussions with respect to certain points, and respond to outstanding questions raised in our meet-and-confers.  If there is any aspect of Plaintiffs' lengthy Letter that you believe Defendants have not responded to either below or in our previous discussions, please let me know.



AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Julia Sheketoff
Mark C. Savignac
July 15, 2021
Page 12

**Partnership and Punitive Damages Discovery.**  These topics were addressed in our meet-and-confer on June 25, 2021.

**Requests 34, 35, and 36.**  Plaintiffs seek confirmation that Defendants will produce the requested documents.  The Responses indicate what documents Defendants have agreed to produce.  The Letter does not identify any deficiency in those aspects of the Responses.  Please let me know if there is something more specific Plaintiffs wish to discuss in relation to these Requests.

