IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK C. SAVIGNAC and <br> JULIA SHEKETOFF, <br><br> *Plaintiffs*, <br><br> v. <br><br> JONES DAY, *et al.*, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 1:19-02443 (RDM) <br><br> **DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' MOTION FOR REMOTE DEPOSITIONS** |

Plaintiffs' *Motion for Remote Depositions in Light of Ongoing Pandemic*, ECF 112, is premature, improper, and nothing more than another effort to litigate this case "in the court of public opinion," ECF 48, Am. Compl. ¶ 190. Plaintiffs' Motion should be denied.

First, Plaintiffs' Motion is premature. As the Motion itself makes clear, Defendants' noticed depositions only 11 days ago. The depositions subject to the notices will not occur until late January at the earliest, and, as explained in the cover note sent with the deposition notices, the initial dates in the notices are subject to further discussion among the parties about the actual date, time, and location. Since the depositions were noticed, the parties have exchanged only two short letters that briefly touched on this topic, in which Plaintiffs made a "request" for remote depositions and Defendants expressed a "preference" for in-person depositions. *See* App. 6a, 8a. Indeed, Defendants' letter was sent only this past Friday (December 17), and Defendants heard nothing in response from Plaintiffs until the Motion hit the docket this morning (Monday, December 20). The parties have not had a single telephone conversation to discuss the parameters of the depositions or to negotiate about accommodations. The parties have not even come close to having completed a meet-and-confer process on this topic.

Second, Plaintiffs' Motion is procedurally improper and violates the District's Local Rules and this Court's Standing Order. Local Civil Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement," and provides that "[a] party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Moreover, under the Court's Standing Order, if "the parties are unable to resolve [a] discovery dispute, they shall contact the Courtroom Deputy Clerk … to arrange for a hearing with the Court. The parties shall not file any motions relating to a discovery dispute without leave of the Court." ECF 5, at ¶ 13. Plaintiffs, however, did not inform Defendants they were planning to file the Motion; did not discuss the basis with Defendants; did not ask whether Defendants consent; did not obtain leave of the Court; and did not include the certifications required by the Local Rules.

From the beginning, Plaintiffs have threatened to litigate this case primarily "in the court of public opinion." ECF 48, Am. Compl. ¶ 190. Now, despite having barely begun to discuss depositions, Plaintiffs have filed a motion claiming that "Jones Day seeks to endanger Plaintiffs and their unvaccinated young children" by expressing a preference for in-person depositions. ECF 112, at 1. Plaintiffs have absolutely no basis for this outrageous and false assertion. The Motion is yet another example of Plaintiffs' desire to publicly harm the reputation of Jones Day, rather than engage in good faith in the discovery process. The Court should reject Plaintiffs' improper litigation tactics and deny the Motion as both premature and procedurally deficient.[1]

---

[1] To the extent the Court excuses Plaintiffs' procedural improprieties and considers the Motion, Defendants reserve the right to respond on the merits of the Motion in a separate filing, assuming the parties are not able to reach a consensual resolution in the interim.

Dated: December 20, 2021               Respectfully submitted,

                                       /s/ Terri L. Chase
                                       Terri L. Chase (*pro hac vice*)
                                       JONES DAY
                                       600 Brickell Avenue, Suite 3300
                                       Miami, Florida 33131
                                       Ph: (305) 714-9700
                                       Email: tlchase@jonesday.com

                                       Traci Lovitt (Bar No. 467222)
                                       JONES DAY
                                       250 Vesey Street
                                       New York, NY 10281
                                       Ph: (212) 326-3939
                                       Email: tlovitt@jonesday.com

                                       Christopher DiPompeo (Bar No. 1003503)
                                       JONES DAY
                                       51 Louisiana Avenue NW
                                       Washington, DC 20001
                                       Ph: (202) 879-3939
                                       Email: cdipompeo@jonesday.com

                                       Anderson T. Bailey (*pro hac vice*)
                                       JONES DAY
                                       500 Grant Street
                                       Pittsburgh, PA 15219
                                       Ph: (412) 391-3939
                                       Email: atbailey@jonesday.com

                                       *Attorneys for Defendants*