IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>　*Plaintiffs*,<br><br>　　v.<br><br>JONES DAY, STEPHEN J. BROGAN,<br>BETH HEIFETZ, MICHAEL SHUMAKER,<br>and TRACI LOVITT,<br><br>　*Defendants*. | Case No. 1:19-cv-02443-RDM-ZMF |

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Jones Day's motion to strike (Dkt. 128) weighs in at 19 pages. But that total includes under three pages on the sole legal basis that Jones Day offers for its motion: its argument that Plaintiffs' Third Amended Complaint (Dkt. 126) was filed in violation of Federal Rule of Civil Procedure 15. That argument is wrong. The TAC was properly filed under Rule 15(a)(1) because it was Plaintiffs' one amendment as of right and was timely filed 21 days after Jones Day answered the Second Amended Complaint. Jones Day contends that Rule 15(a)(1) applies only to the first amendment in a case, not to later amendments. But the better reading—and the majority position—is the one endorsed by a conservative panel of the Ninth Circuit in *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015). *Ramirez* holds that, "as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." *Id.* at 1007. That is precisely what Plaintiffs have done here.

## ARGUMENT

**A.** Rule 15(a) governs amendments of pleadings prior to trial. It provides:

(a) AMENDMENTS BEFORE TRIAL.

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15(a)(1) thus imposes three conditions on "amending as a matter of course": (1) it must be done "before trial," (2) it may be done only "once," and (3) it must be done

either within 21 days of service of the complaint or within 21 days of service of either an answer or a Rule 12 motion, whichever is earlier.  Otherwise, the party must proceed under Rule 15(a)(2).

Rule 16 imposes a fourth restriction.  It provides that "the district judge … must issue a scheduling order," which "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(1) & (3)(A).  If a plaintiff wishes to add defendants or otherwise amend the complaint after the deadline set by the scheduling order, the plaintiff must establish "good cause" and obtain "the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Since Rule 16 "good cause" is a "more stringent standard" than "when justice so requires" under Rule 15, a plaintiff's ability to amend as a matter of course effectively expires upon the scheduling order's deadline.  *See U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015).  In this case, the Court did not set a deadline to amend—but the parties nonetheless agreed to one.

It is undisputed that the TAC complies with all four of these requirements.  *First*, the case is far from trial.  *Second*, the TAC is Plaintiffs' one amendment as of right: Jones Day acknowledges that the FAC was filed with leave of Court and the SAC was filed with consent.  *Third*, the TAC was filed 21 days after Jones Day answered the SAC (it filed no Rule 12 motion).  *Fourth*, the Court has not set a deadline to amend.  *See* Minute Order of May 7, 2021.

And the TAC complied with the parties' agreement on the time to amend.  The parties' Rule 26 report "propose[d]" that "[a]ny motion to amend the pleadings or add a party shall be filed no fewer than sixty days prior to the close of fact discovery."  Dkt. 46 at 1.  In September 2021, Plaintiffs told Jones Day that they "anticipate[d] adding defendants to the retaliation claims of both the original complaint and the supplemental complaint"; noted that Julia had previously advised the Court that "if someone made the decision to fire Mark or recommended that or *wrote the press release*, that person should be named as a defendant"; and explained that Plaintiffs "would also

2

add to some of the factual allegations, such as with material from text messages." App. 4a (emphasis added). Plaintiffs proposed modifying the agreed deadline to amend "[i]n light of" Plaintiffs' request for in camera review of documents on Jones Day's privilege log, which Plaintiffs believed would shed light on who should be named as defendants. App. 2a. Jones Day agreed to modify the deadline to "2 weeks after the privilege dispute is resolved and any documents ordered produced are actually produced, or by 60 days before fact discovery closes, whichever is later." App. 4a. That dispute has yet to be resolved.[1]

**B.** Jones Day argues that Rule 15(a) imposes an additional restriction on amendments as of right: "[T]he automatic amendment provisions of Rule 15(a) do not apply to amendments of amended pleadings." Dkt. 128 at 13 (quoting *Deutsch v. Health Insurance Plan of Greater New York*, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983)). Of course, Rule 15(a)(1) does not say that—though it would have been easy for the drafters to write "A party may file a *first* amended pleading as a matter of course …" if they had wanted to do so.

Admittedly, Jones Day cites a Fifth Circuit case and a few out-of-Circuit district court rulings that appear to endorse its position. The Court should not follow these cases, which are inconsistent with the text of the rule and do not represent the majority position. Jones Day's principal cases—*Deutsch* and *Elliott v. Foufas*, 867 F.2d 877 (5th Cir. 1989)—were decided long before the current version of Rule 15(a)(1) was adopted in 2009, address the question only briefly, and offer practically no reasoning. And Jones Day's three other supporting cases likewise offer no reasoning, instead citing back to *Elliott* and *Deutsch*. *See Soto v. John Defendants 1-5*, 2014

---

[1] To be clear, Plaintiffs do not contend that Jones Day consented to the amendments in the TAC. But it did consent to the *timing* of those amendments. In light of the parties' longstanding agreement about the time for amending the complaint and the limited nature of the amendments, it is unsurprising that Jones Day does not contend that the TAC's amendments would alter the scope of discovery or delay the resolution of the case.

3

WL 1607615 (D. Minn. 2014); *Bingham v. Morales*, 2011 WL 5358594 (S.D. Ga. 2011); *Kearney v. Jandernoa*, 979 F. Supp. 576 (W.D. Mich. 1997).[2]

  **C.** The leading case is the Ninth Circuit's thorough 2015 decision in *Ramirez*. The question there was "whether Federal Rule of Civil Procedure 15(a) required the Plaintiff, who filed his First Amended Complaint with consent of the opposing party, to seek leave of court before filing his Second Amended Complaint." 806 F.3d at 1003. The district court rejected the second amended complaint on the ground that the plaintiff "had already exhausted his one matter of course amendment" (or had "waived his right to file an amended complaint 'as a matter of course'") "when he filed the First Amended Complaint" with the defendants' consent. *Id.* at 1005.

  The Ninth Circuit reversed. It considered "whether the Plaintiff was allowed to file a Second Amended Complaint as a matter of course under 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment." *Id.* at 1007. "Rule 15 is clear and unambiguous." *Id.* at 1006. "It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made. … Indeed, it does not even hint that there is a timing component to the operation of this Rule." *Id.* at

---

[2] *Elliott* contains no reasoning. *See* 867 F.2d at 882. *Deutsch* points out that the rule allows a party to amend only "*once* as a matter of course" and suggests that "[w]ere the law otherwise, a defendant could forestall an action indefinitely by repeatedly interposing a new amended answer within 20 day periods ad infinitum." 573 F. Supp. at 1445 & n.1. But that concern is resolved if "once" is given its ordinary meaning: A party may amend as of right only "once." *See D'Agostino*, 802 F.3d at 193 (Rule 15(a)(1) allows "one such amendment per plaintiff per case"). The concern does not call for the rule proposed by Jones Day and adopted by *Deutsch* that "the automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings."

1007. The Ninth Circuit held that "a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)." *Id.*

"For example, as in this case, a plaintiff may file his first amended complaint with consent from the opposing party, which satisfies Rule 15(a)(2). He may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." *Id.* While "[t]he reverse is equally true and is more often the case, … [e]ither order complies with the text of the Rule." *Id.*

      **D.**      Courts across the country have followed *Ramirez*. For example, in *Smith v. United States*, the plaintiff amended her complaint with the defendant's consent after the first motion to dismiss and then amended under Rule 15(a)(1) after the second motion to dismiss. 2016 WL 10654071, at *1 (N.D. Ga. 2016). Because the first amended complaint "was filed with Defendant's written consent pursuant to Fed. R. Civ. P. 15(a)(2), … Plaintiff retained the right to amend [her] pleading once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)" in response to the second motion to dismiss. *Id.* (alteration in original).

Similarly, in *McMahon v. County of Santa Barbara*, the plaintiff filed one amended complaint by consent and another by leave of court. 2015 WL 13917959, at *1 (C.D. Cal. 2015). Those amendments did not "exhaust [the] Rule 15(a)(1) right to amend his pleading once as a matter of course," so the plaintiff's next amended complaint was properly filed "as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)." *Id.*

In *Dragonas v. Macerich*, the court dismissed the complaint with leave to amend, and the plaintiff thus filed his first amended complaint by leave of court. 2021 WL 1139847, at *1 (D. Ariz. 2021). The defendant filed another motion to dismiss, and the plaintiff filed a second amended complaint within 21 days of that motion. *Id.* The court held that the plaintiff had properly filed his second amended complaint as of right under Rule 15(a)(1), which is "organized

5

substantively, not chronologically." *Id*. (quoting *Ramirez*, 806 F.3d at 1007).

The majority of courts have coalesced around this view. *See, e.g.*, *Ocampo v. Apple Inc.*, 2021 WL 796269, at *2 (N.D. Cal. 2021) ("Plaintiffs complied with Rule 15 because Defendant provided written consent to the FAC and afterwards, Plaintiffs filed their SAC."); *Backcountry Against Dumps v. BIA*, 2021 WL 242934, at *1 (S.D. Cal. 2021) ("Defendants filed the Second Motion to Dismiss on January 4, 2021, and Plaintiffs filed their Amended Complaint within twenty-one days, on January 22, 2021. Accordingly, it appears Plaintiffs' amendment is proper as of right"); *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 115-16 (D. Md. 2020) ("In sum, when Gilman & Bedigian filed its FAC with leave of the court under 15(a)(2), it was free thereafter to amend by filing its SAC as a matter of course under 15(a)(1) so long as it did so in a timely manner."); *Lee v. AXA Financial, Inc.*, 2019 WL 2552202, at *2 (E.D. Tenn. 2019) (Plaintiff "preserved her one-time right to amend as of course under Fed. R. Civ. Proc. 15(a)(1)(B) because her first amendment was made by stipulation rather than as a matter of course. This amendment was also timely under the rule because it was made within 21 days of a 12(b)(6) motion."); *Nuclear Watch New Mexico v. Department of Energy*, 2018 WL 3405256, at *7-8 (D.N.M. 2018) ("district courts within the Tenth Circuit have held that a plaintiff preserves its as of right amendment under 15(a)(1) even if the plaintiff obtained previous amendments through a different provision of Rule 15"); *Parks v. Liberty Insurance Corp.*, 2017 WL 11457907, at *4 (D.S.C. 2017) ("Where a party has previously amended her complaint pursuant to Rule 15(a)(2), but has not done so as a matter of course pursuant to Rule 15(a)(1), the plaintiff may still amend the complaint as a matter of course."); *Duncan v. Liberty Mutual Insurance Co.*, 2016 WL 9223846, at *1 (E.D. Mich. 2016) ("The only requirement was that plaintiff file the second amended complaint within '21 days after service of a responsive pleading,' as a complaint is a 'pleading ... to which a responsive pleading

is required.' As noted, plaintiff met this requirement by filing her second amended complaint on the twenty-first day after defendant filed its answer to the first amended complaint." (quoting Fed. R. Civ. Proc. 15(a)(1)); *Steele v. Lvnv Funding LLC*, 2016 WL 593593, at *2 (E.D. Tenn. 2016) ("a plaintiff retains the right to amend as a matter of course, even when requesting leave to amend, so long as he submits to the Court that he may amend his pleading as a matter of course"); *Renasant Bank, Inc. v. Smithgall*, 2016 WL 164311, at *2 (N.D. Ga. 2016) ("Because the First Amended Complaint was not filed by the Plaintiff as 'a matter of course' but upon the Order of the Court, the Court holds that Plaintiff's court-ordered First Amended Complaint did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15."); *Ross v. Cecil County*, 2012 WL 346625, at *1 (D. Md. 2012) (amendment proper under Rule 15(a)(1) where filed "17 days after [the plaintiff] was served with the second motion to dismiss"); *Thompson v. Jiffy Lube International, Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) (plaintiff allowed to file second amendment as of right under 15(a)(1) where first amendment was made by leave of court).

**E.** The other six cases that Jones Day cites in the short section of its brief that is actually relevant here are inapposite. *See* Dkt. 128 at 11-14. The four in-Circuit cases state general propositions and do not address the question before the Court. Nor does *D'Agostino* or *Gentry v. Tennessee Board of Judicial Conduct*, 2017 WL 2362494 (M.D. Tenn. 2017).

In *D'Agostino*, the First Circuit addressed Rule 15(a)(1)'s limitation of amendments as a matter of right to "once" per case. The relator filed his complaint and then "exercised his unilateral right to file an amended complaint as a matter of course" when he filed his first amended complaint. 802 F.3d at 190. "The relator thereafter filed second and third amended complaints …, having obtained leave of court in each instance." *Id.* Then, "the relator filed a fourth amended complaint … asserting that he had an absolute right to amend his complaint under Federal Rule of

7

Civil Procedure 15(a)(1)." *Id.* at 191. "The defendants moved to strike the fourth amended complaint, arguing that the relator had already exhausted his one amendment as of course" when he filed his first amended complaint. *Id.* "The court agreed that the relator had used up his one-time right to amend as a matter of course" and granted the motion to strike. *Id.*

The First Circuit agreed: "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court." *Id.* at 192. "Rule 15(a)(1) explicitly states that a party is entitled to amend '*once as a matter of course.*' The relator took advantage of this one-time opportunity in February of 2011 when he filed his first amended complaint." *Id.* (citations omitted). The relator argued that "the right to amend as a matter of course renewed each time the defendants filed a responsive pleading (either an answer or a responsive motion) to a particular version of the complaint." *Id.* The First Circuit rejected this one-amendment-as-of-right-per-responsive-pleading interpretation of Rule 15. *See id.* at 193. The "historic limitation of amendment as a matter of course" is "one such amendment per plaintiff *per case*." *Id.* (emphasis added). The First Circuit concluded: "We hold, without serious question, that a plaintiff may amend a complaint only once as a matter of course under Rule 15(a)(1). It follows that the district court did not err in concluding that the relator exhausted his one-time right to amend as a matter of course when he filed his first amended complaint." *Id.*

Although *D'Agostino* does not speak directly to the question at issue here, it offers far more support for Plaintiffs than for Jones Day. The defendants argued, and the district court and First Circuit agreed, that the relator's attempt to file his fourth amended complaint as a matter of course failed *because he had used up his one amendment as of course when he filed his first amended complaint*. If the First Circuit agreed with Jones Day, then it would have simply said that the

8

amendment was improper because Rule 15(a)(1) can *never* be used to file a fourth amended complaint, regardless of whether the plaintiff had previously amended as of right. But *D'Agostino* says nothing of the sort. It "hold[s], without serious question, that a plaintiff may amend a complaint only once as a matter of course under Rule 15(a)(1)." 802 F.3d at 193. The First Circuit's statement that "amendments as a matter of course" are limited to "one per plaintiff per case" would be curious, to say the least, if the First Circuit actually believed that such amendments are limited to the first amendment in the case. Had the First Circuit believed that, it could and would have said so.

*Gentry* is the same as *D'Agostino*. The plaintiff filed a first amended complaint invoking Rule 15(a)(1) and then a second amended complaint that also expressly invoked Rule 15(a)(1). *See Gentry* Dkt. 32 at 1 and 36 at 1. He "assert[ed], without any authority, that, under Rule 15(a)(1)(B), Federal Rules of Civil Procedure, he may amend his complaint as a matter of course, without seeking leave of court, each time a Rule 12 motion is filed." 2017 WL 2362494, at *1. But the court disagreed, pointing to "[t]he plain language of the rule"—presumably, the word "once." *Id.* Unlike in *Gentry* and *D'Agostino*, Plaintiffs here have not previously filed a complaint under Rule 15(a)(1). They seek to do so only "once."

## CONCLUSION

The bulk of Jones Day's brief argues that the Court should not grant leave to amend under Rule 15(a)(2). Those arguments are irrelevant. Plaintiffs have not moved to amend. *See Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) ("a request for leave must be submitted in the form of a written motion"). And Jones Day appears to recognize that its other arguments are not bases to strike if the TAC was filed as of right. *See Shipkovitz v. Barr*, 2019 WL 1082161, at *5 (D.D.C. 2019) ("arguments regarding bad faith and futility … have no bearing on amendment as of right").

The Court should deny the motion to strike. If the Court grants the motion, then Plaintiffs will move for leave to amend within the limits that Defendants have agreed to. *See* App. 2a-4a.

/s/ Julia Sheketoff
Julia Sheketoff (pro se)
2207 Combes Street
Urbana, IL 61801
(202) 567-7195
sheketoff@gmail.com
D.C. Bar No. 1030225

/s/ Mark Savignac
Mark C. Savignac (pro se)
2207 Combes Street
Urbana, IL 61801
(217) 714-3803
marksavignac@gmail.com
D.C. Bar No. 995367

March 18, 2022