UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> JONES DAY, *et al.*, <br><br> **Defendants.** | No. 19-cv-2443-RDM-ZMF |

### ORDER

On October 13, 2021, Plaintiffs filed a motion to compel in response to Defendant's first privilege log.[1] ECF No. 85. On February 1, 2022, Judge Moss referred this matter to a magistrate judge to conduct *ex parte, in camera* review of Defendant's first privilege log and determine whether the documents fell within the asserted privileges. *See* Minute Order (Feb. 1, 2022). On February 14, 2022, the undersigned held a sealed, *ex parte* status conference to receive additional context on the documents. After careful consideration of the motions and responses thereto, the applicable law, and the entire record, Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part.

### I.   LEGAL STANDARD

"Determinations of the applicability of privileges to particular documents are committed to the [] Judge's discretion." *Chao v. Koresko*, No. 04-3614, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005). "Since such determinations properly depend heavily on the factual context in which

---

[1] The Court presumes that the parties are familiar with the allegations in this case, and thus will dispense with a detailed recitation of those allegations. *See Savignac v. Jones Day*, 486 F. Supp. 3d 14, 19–24 (D.D.C. 2020) (providing factual background).

1

the privilege is asserted, [the reviewing court] will not disturb a district court's decision . . . unless it can be shown the court abused its discretion." *In re Sealed Case*, 877 F.2d 976, 981 (D.C. Cir. 1989).

## II.     ANALYSIS

The court conducted an *in camera* review of 43 total documents. In its review the court made the following privilege determinations. First, header information and non-substantive subject lines are not privileged "unless they reveal the client's confidences." *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 79-80 (S.D.N.Y. 2010). That includes transmittal emails that state nothing more than the equivalent of "see attached" or contain no content beyond a signature block or document title. *See Community Ass'n Underwriters of America, Inc. v. Queensboro Flooring Corp.*, No. 10-cv-1559, 2014 WL 4165385, at *5 (M.D. Pa. Aug. 20, 2014). This is because such content "do[es] not reflect the provision of, or request for, legal advice." *Gucci America, Inc.*, 271 F.R.D. at 79-80. Similarly, attachment titles that do not reveal any information that was held in confidence are not protected by attorney-client privilege. *See id*.

Second, business communications that did not include the provision of legal advice or services shall be produced. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 760 (D.C. Cir. 2014). For example, a "human resources report," "[c]ommunications about scheduling," and "routine human resources topics" like computer access and final paycheck issuance are not privileged. *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 45 (E.D.N.Y. 2013) (citing *Weinstein v. Univ. of Connecticut*, No. 11-cv-1906, 2013 WL 2244310, at *6 (D. Conn. May 21, 2013)). And a party's "status as an attorney does not transform what would otherwise be human resources and business communications into legal communications. *Id.*

Conversely the court must redact any content: (a) where one of the primary purposes—i.e., a significant purpose—was for the provision of legal advice or services, *see In re Kellogg*, 756 F.3d at 760; or (b) which involved gathering factual background for the purposes of obtaining legal advice, *see Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

Applying this reasoning, the Court finds that certain documents previously withheld by defendants can be produced with redactions to plaintiffs. The Court has provided the redacted documents to defendants *ex parte*. Defendants are ORDERED to produce the redacted documents to the plaintiffs by April 30, 2022.

### III.   OBJECTIONS TO ORDER

This is a final order issued pursuant to Local Rule 72.2. *See Haughton v. D.C.*, 161 F. Supp. 3d 100, 101-02 (D.D.C. 2014). Pursuant to LCvR 72.2, any party may file written objections to this ruling within 14 days after being served. The objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection. The filing of oppositions and replies shall be governed by LCvR 7(b) and (d). When considering an objection, the District Judge will determine whether this Order is clearly erroneous or contrary to law. *See* LCvR 72.2(c); *see also Haughton*, 161 F. Supp. 3d at 102.

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE