## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, *Plaintiffs*, v. JONES DAY, STEPHEN J. BROGAN, BETH HEIFETZ, MICHAEL SHUMAKER, and TRACI LOVITT, *Defendants*. | Case No. 1:19-cv-02443-RDM-ZMF |

**OBJECTION TO MAGISTRATE JUDGE ORDER ON IN CAMERA REVIEW**

On February 1, 2022, the Court referred documents on Jones Day's privilege log to a Magistrate Judge for in camera review. On April 14, the Magistrate Judge granted Plaintiffs' motion to compel in part and ordered Jones Day to produce the documents with the Magistrate Judge's redactions. Dkt. 135 at 3. When a nondispositive matter is resolved by a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Plaintiffs object to the Magistrate Judge's ruling as reflected in his redactions to the documents that he ordered Jones Day to produce. As the Court is aware, Jones Day fired Mark after Defendant Shumaker (the "Administrative Partner") forwarded Plaintiffs' discrimination complaint to Defendant Brogan and wrote: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ App. 14a; *see id.* at 13a-15a.[1] The Court and the parties have long recognized that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is unprivileged business advice. Jones Day had already produced the email chain without redacting ▓▓▓▓▓▓▓▓▓ And, last July, this Court ordered Jones Day to tell Plaintiffs "whether or not Mr. Shumaker recommended Mark's termination." July 20, 2021 Tr. 29:10-13. When the Court asked Jones Day's counsel whether there was "any reason that [Jones Day] couldn't" provide that information, she made no privilege objection and simply replied that Jones Day "certainly could" do so. *See id.* at 27; *see also id.* at 29 (distinguishing between "providing legal advice and … making recommendations"); *id.* at 28 (informing the Court that "Shumaker … repeatedly jumps between one role and the other"). ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ App. 19a.

---

[1] "App." is the appendix to the underlying motion to compel (Dkt. 84-2). Plaintiffs addressed the law and facts in the underlying briefing on this motion; if it is necessary to do so, they incorporate that briefing here. *See* Mot. (Dkt. 84-1) at 1-17; Reply (Dkt. 95-1) at 1-11.

Whereas the Court and the parties have long treated ▓▓▓▓▓▓▓ as unprivileged, the Magistrate Judge took the opposite view: He redacted ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Then, in reliance on his ruling, Jones Day asserted privilege and purported to claw bac ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* ADD5, *infra*.[2]

Under the circumstances, there can be no dispute that the Magistrate Judge misapplied the privilege when he redacted ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

---

[2] Even if ▓▓▓▓▓▓▓▓▓▓▓▓ were privileged, the clawback would be invalid.  First, this Court ordered Jones Day to tell Plaintiffs "whether or not Mr. Shumaker recommended Mark's termination." July 20, 2021 Tr. 29. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Second, while the protective order (Dkt. 58 at 13) allows a party to claw back privileged information that it "inadvertently discloses," so long as it does so "promptly," that language cannot be stretched to cover this situation. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Jones Day itself affirmatively represented in its opposition to that motion (▓▓▓▓▓▓) that "Shumaker ultimately recommended to Jones Day's Managing Partner—Defendant Stephen Brogan—that Jones Day terminate Savignac's employment." Dkt. 92 at 10. In short, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Its change of heart does not make its earlier disclosures "inadvertent." While Plaintiffs anticipate that the Court's resolution of this objection will implicitly reject the clawback by rejecting the premise that ▓▓▓▓▓▓▓▓ was privileged, Plaintiffs reserve their right to directly challenge the clawback if necessary.  *See* Dkt. 58 at 13 (Protective Order) (in case of clawback, the other party "shall have the right to challenge the privilege designation").

2

prejudice had Jones Day not already acknowledged that ▓▓▓▓▓▓▓▓ was not privileged. Any other over-redactions to the in camera materials, which document Jones Day's motivation for Mark's termination, are likely similarly prejudicial.

The mistaken redaction of ▓▓▓▓▓▓▓▓ compels Plaintiffs to object to the resolution of the in camera review. With the fortuitous exception of ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓, Plaintiffs have little insight into the material that he redacted. But the redaction of ▓▓▓▓▓▓▓▓ raises a serious risk that other crucial information was likewise mistakenly redacted. The Court's review is called for under Rule 72(a)'s provision that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." To minimize the burden, Plaintiffs propose that the Court review ▓▓▓▓▓▓▓▓ (JD_PRIV_0039), and review the other in camera documents only if it finds that Jones Day improperly withheld material in that chain.³

| /s/ Julia Sheketoff | /s/ Mark Savignac |
|---|---|
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 2207 Combes Street | 2207 Combes Street |
| Urbana, IL 61801 | Urbana, IL 61801 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

May 4, 2022

---

³ 



Julia Sheketoff <sheketoff@gmail.com>

## Savignac et al. v. Jones Day et al., No. 1:19-cv-2443 (D.D.C.)

**Bailey, Anderson T.** <atbailey@jonesday.com>  Wed, Apr 20, 2022 at 2:42 PM
To: Mark Savignac <mark.savignac@gmail.com>, Julia Sheketoff <sheketoff@gmail.com>
Cc: "Chase, Terri L." <tlchase@jonesday.com>

Counselors.

Pursuant to Paragraph 28 of the Stipulated Protective Order, and consistent with Judge Faruqui's privilege rulings, Defendants hereby provide notice that documents produced with Bates numbers JD_00003169 and JD_00005097, as well as Defendants' First Supplemental Response to Interrogatory 1 in Plaintiffs' First Consolidated Discovery Requests, contain privileged information.  Please return or destroy all copies of those documents.  At a minimum, the Stipulated Protective Order requires that all copies of those documents be treated as privileged going forward.  Replacement versions of JD_00003169 and JD_00005097 were included in Defendants' document production of April 20, 2022.  Defendants will provide an amended response to Interrogatory No. 1 with our next set of supplemental interrogatory responses.

Thank you.  Please let me know if you have any questions.

Anderson T. Bailey
Partner
**JONES DAY® - One Firm Worldwide**[SM]
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Office +1.412.391.3939
Direct +1.412.394.7250
atbailey@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***