UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK C. SAVIGNAC, *et al.*,

    *Plaintiffs*,

v.

JONES DAY, *et al.*,

    *Defendants.*

Civil Action No. 19-2443 (RDM)

## MEMORANDUM OPINION AND ORDER

Defendants' motion to strike the Third Amended Complaint raises a basic question about the scope of Federal Rule of Civil Procedure 15(a)(1): Does a plaintiff's right to amend her complaint "once as a matter of course" permanently expire 21 days after service of the first responsive pleading or Rule 12 motion, or can that right revive at a later point in the litigation—even years later—if the plaintiff files an amended complaint with leave of Court or with the defendant's consent and the plaintiff has not previously amended as a matter of course?  Relying on the latter theory, Plaintiffs filed a Third Amended Complaint on February 23, 2022, 21 days after Defendants answered their Second Amended Complaint, without first obtaining leave from the Court or Defendants' consent.  In response, Defendants moved to strike the Third Amended Complaint, arguing that the time for Plaintiffs to amend their complaint as a matter of course permanently expired on October 18, 2019—21 days after Defendants filed their initial motion to dismiss.

Because Defendants have the better reading of Rule 15(a)(1), the Court will **GRANT** Defendants' motion and will **STRIKE** the Third Amended Complaint.

## I. BACKGROUND

Plaintiffs Mark Savignac and Julia Sheketoff filed their original complaint in this action on August 13, 2019, asserting claims for unlawful sex discrimination, retaliation, and violations of the federal and D.C. family leave statutes against Defendants Jones Day, Stephen Brogan, and Beth Heifetz.  Dkt. 1.  Defendants moved to dismiss the complaint on September 27, 2019.  Dkt. 15.  The Court granted that motion in part and denied it in part, Dkt. 32, and Plaintiffs moved for partial reconsideration of that decision on September 9, 2020, Dkt. 33.  While Plaintiffs' motion for reconsideration was pending, Defendants answered the complaint on September 18, 2020, Dkt. 35.  On April 28, 2021, the Court granted in part and denied in part Plaintiffs' motion for reconsideration and granted Plaintiffs leave to file an amended complaint addressing the deficiencies identified in their pleadings with respect to Plaintiff Sheketoff's claim for violation of the Equal Pay Act.  Dkt. 47.  Plaintiffs filed their First Amended Complaint on May 12, 2021, Dkt. 48, and Defendants filed their answer on May 26, 2021, Dkt. 49.

On January 19, 2022, Plaintiffs obtained Defendants' consent to file a Second Amended Complaint, in which they added a new defendant—Jones Day's administrative partner, Michael Shumaker.  Dkt. 116.  Defendants answered the Second Amended Complaint on February 2, 2022.  Dkt. 119.  Twenty-one days later, on February 23, 2022, Plaintiffs filed a Third Amended Complaint without seeking leave of the Court or Defendants' consent.  Dkt. 126.

On March 9, 2022, Defendants filed the instant motion, seeking to strike the Third Amended Complaint on the ground that Rule 15(a)(2) required Plaintiffs to obtain leave of the Court or Defendants' consent before filing a third amended complaint.  Dkt. 128.  Plaintiffs filed their opposition on March 18, 2022, Dkt. 132, and Defendants filed their reply on March 25, 2022, Dkt. 133.  Defendants' motion is now ripe for a decision.

## II. ANALYSIS

Federal Rule of Civil Procedure 15 sets forth the requirements for amending or supplementing a pleading. Rule 15(a), which governs amendments before trial, provides:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Before turning to the heart of Defendant's motion, it is necessary first to clarify the relationship between Rule 15(a)(1) and Rule 15(a)(2). Although there is some difference of opinion on the matter, *see* 6 Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. §§ 1480, 1483 (3d ed. Apr. 2022 update), the Court agrees with the position taken by the First Circuit, the Seventh Circuit, and multiple judges in this district, that Rules 15(a)(1)(A) and (B) are mutually exclusive: Rule 15(a)(1)(A) sets forth the terms for amending pleadings to which no responsive pleading is required, and Rule 15(a)(1)(A) sets forth the requirements for pleadings to which a responsive pleading is required. Under this reading of Rule 15(a)(1)(B), the time to amend begins when the *pleading* is served and ends 21 days after the *response* is served. *Hayes v. Buttigieg*, No. CV 20-2523, 2021 WL 6619326, at *1 (D.D.C. May 3, 2021); *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011) ("[A] party has an absolute right to amend its complaint at any time from the moment the complaint is filed until 21 days after the earlier of the filing of a responsive pleading or a motion under Rule 12(b), (e), or (f)."); *see United States ex*

3

*rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015); *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015); *Doe #1 v. Syracuse Univ.*, 355 F.R.D. 356, 359 (N.D.N.Y. 2020) ("[W]hen a responsive pleading is required . . . there is no 'time gap' during which a party cannot amend as a matter of course when no responsive pleading or motion under Rule 12(b), (e), or (f) has been filed."); *see also* Susan E. Hauser, *The 2009 Amendment to Federal Rule 15(a)(1)—A Study in Ambiguity*, 33 N.C. Cent. L. Rev. 10, 35 (2010).  Thus, when "[a] pleading is one to which a responsive pleading is required," such as a complaint, Rule 15(a)(1)(A) is inapplicable and the pleader must follow Rule 15(a)(1)(B) or Rule 15(a)(2).

This interpretation finds support in the amendment history of the rule.  Before 2009, Rule 15(a)(1) read as follows:

> A party may amend its pleading once as a matter of course:
>
> (A) before being served with a responsive pleading; or
>
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

Fed. R. Civ. P. 15(a)(1) (2009).  This language made two things clear: (1) the rules for amending as a matter of course pleadings requiring responses and pleadings not requiring responses were distinct; and (2) if the pleading was one to which a response was required, the pleader was "allowed to amend as a matter of course at any time between filing his [pleading] and receiving the defendant's [response]," *D'Agostino*, 802 F.3d at 193.  Although the 2009 revision altered the language of Rule 15(a)(1) to its present form, the amendment was not intended to change either the mutual exclusivity of the two prongs of Rule 15(a)(1) or the unbroken, continuous nature of the period to amend as a matter of course.  Rather, the 2009 revision was "intended primarily to remedy inefficiencies created" by treating responsive pleadings and Rule 12 motions differently for the purposes of amendment as a matter of course.  *Id.*  To that end, the

commentary to the 2009 amendment explains that the amendment made "three changes in the time allowed to make one amendment as a matter of course." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment. None of those changes, however, involved ending the initial time to amend a pleading to which a responsive pleading is required after 21 days, only to open a new 21-day period upon service of a response. *See D'Agostino*, 802 F.3d at 193. "Had the drafters intended so dramatic a change in long-settled procedure, they surely would have chosen language indicating as much and explained this change in the commentary." *Id.*

The rule, accordingly, gives a plaintiff seeking to amend her complaint two options. First, she may amend once as a matter of course anytime up to "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Second, she may amend at any other time with the defendant's consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). Where a plaintiff moves for leave to amend under Rule 15(a)(2), courts must "freely grant leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs filed their complaint on August 13, 2019, and Defendants filed a motion to dismiss under Rule 12(b) on September 27, 2019. Based on this timeline, Defendants argue that Plaintiffs' time to amend the complaint as a matter of course expired 21 days later, on October 18, 2019. Dkt. 128 at 12. In Defendants' view, amendment as a matter of course is a use-it-or-lose-it proposition: because Plaintiffs did not avail themselves of the opportunity to amend as a matter of course within this time frame, Plaintiffs lost the opportunity to do so and, accordingly, required consent of the opposing party or leave of the Court to file their Third Amended Complaint. *Id.* at 14.

Plaintiffs read the rule differently. In their telling, the right to amend once as a matter of course exists throughout the litigation, not just at the beginning of the case. Although Plaintiffs acknowledge—as they must—that the right to amend terminates 21 days after the first responsive pleading or Rule 12 motion is filed, they argue that the right *revives* anytime a new (that is, amended) complaint is filed in the case, so long as Plaintiffs have not yet used their one amendment as a matter of course. *See* Dkt. 132 at 2. Here, Plaintiffs point out, the First Amended Complaint was filed with leave of the Court, and the Second Amended Complaint was filed with Defendants' consent. *Id.* at 3. Thus, Plaintiffs argue, they had not yet availed themselves of their one-time amendment as a matter of course and, consequently, were free to do so within 21 days of the responsive pleading to the Second Amended Complaint, as occurred here. *Id.*

The parties' disagreement boils down to a single question: Does amendment of the complaint as a matter of course permanently terminate 21 days after the first responsive pleading or Rule 12 motion is filed or does the right revive each time a new, amended complaint is filed in the case, so long as the plaintiff has not yet exercised her one opportunity to amend "as a matter of course"? For several reasons, the Court concludes that Defendants have the better reading of the rule and that the right to amend the complaint once as a matter of course is confined to the initial stages of a case—that is, the right terminates 21 days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter. This interpretation best harmonizes the text, structure, and purpose of Rule 15(a).

Turning first to the text, Rule 15(a) permits a party to amend "its pleading" once as a matter of course "within . . . 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b), (e), or (f), whichever is earlier," "if the pleading is one to which a

6

responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). "In *all* other cases," however, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

At first glance, the text of Rule 15(a)(1)(B) arguably embraces two possible interpretations. It might be read, as Defendants suggest, to create a single, unbroken period at the beginning of a case during which a party may correct deficiencies in their initial pleading—which is to say, the clock to amend begins upon the filing of the original complaint and continues through the date of the first responsive pleading or Rule 12 motion to be filed, after which the plaintiff has 21 days to amend as of course. At the end of that period, however, the right to amend as a matter of course expires once and for all. Or, alternatively, the rule might be read, as Plaintiffs urge, to create a right to amend as of course that revives with each new version of the complaint, so long as the plaintiff has not previously exercised her right to amend as of course.

Although both readings of the text have some surface plausibility, when viewed in light of the structure and purpose of Rule 15(a), the first interpretation is clearly better than the second. Consider, for instance, the interaction of Rule 15(a)(1) with Rule 15(a)(2). All agree that Plaintiffs' right to amend as a matter of course (at least initially) expired on October 18, 2019. Thus, if Plaintiffs had sought to amend their complaint on October 19, 2019, they would have required Defendants' written consent or leave of the Court to do so. *See* Fed. R. Civ. P. 15(a)(2). And, indeed, both the First Amended Complaint and the Second Amended Complaint followed this procedure.

Rule 15(a)(2) introduces a limited hurdle to the amendment process with the goal of protecting opposing parties from prejudice and promoting judicial efficiency. *See United States v. Hougham*, 364 U.S. 310, 316 (1960). Consequently, the rule imposes no limitation on an

7

opposing party's ability to withhold its consent, and—although it directs courts to grant leave to amend "freely"—a court may nonetheless deny a party leave to amend where it appears that the proposed amendment results from "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.  This is a generous standard, but it nonetheless protects defendants from undue prejudice or unfair tactics, such as waiting (without justification) to amend a complaint until after the parties have completed discovery, and it permits the court to manage its docket in a fair and efficient manner.

Plaintiffs' interpretation of Rule 15(a)(1) is fundamentally flawed because it would permit a plaintiff to circumvent Rule 15(a)(2)'s safe-guarding function to the point of absurdity. Under Plaintiffs' theory, for example, a plaintiff seeking to amend her complaint in a way that she fears might not garner the defendant's consent or the court's leave—perhaps because she unduly delayed making the proposed amendment—could ask the court or the defendant instead to assent to an unrelated, noncontroversial amendment.  Under Plaintiffs' interpretation of Rule 15(a)(1), once the plaintiff filed an amended complaint with that noncontroversial amendment, the door would be open for her to use her one amendment as a matter of course to make any and all amendments she saw fit—even those she feared would not receive prior approval under Rule 15(a)(2).

Rule 15(a)(1) cannot be read to open the door to any and all such amendments—no matter how late in the case, no matter how severe the prejudice to the opposing party, and no matter how unjustified the delay might be—particularly in light of Rule 1's direction that the Federal Rules of Civil Procedure "should be construed, administered, and employed by courts

8

and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Each of these values would be undermined by Plaintiffs' interpretation of Rule 15(a)(1), which, by permitting circumvention of the preapproval requirements of Rule 15(a)(2), would enable a party greatly (and justifiably) to expand the scope of a case years into the litigation, leading to unnecessary costs and delays and substantial prejudice to defendants.  This is particularly so when one considers that the only amendments for which Plaintiffs' interpretation would make a difference are those for which the Court would deny leave to amend notwithstanding its obligation to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).

Defendants' reading of Rule 15(a)(1) also more closely conforms to the purposes of the amendment-as-a-matter-of-course provision, which are (1) "to avoid judicial involvement in the pleading process when there is little reason for doing so;" (2) to "reduce the number of issues to be decided;" and (3) to "expedite other pretrial proceedings, as well as the determination of the issues involved."  6 Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. § 1480 (3d ed. Apr. 2022 update).  Rule 15(a)(1) furthers these goals only if the period to amend as matter of course exists exclusively at the beginning of an action.  *See id.*  During the early stages of the litigation, for instance, "there is no reason for requiring the court to pass on" Rule 15(a)(1) amendments, since "it is unlikely that [such] motions for leave to amend would be denied by a judge." *Id.*  Similarly, a Rule 15(a)(1) amendment at the onset of the litigation "cannot prejudice an opposing party in any significant way," since, "[i]f the opponent has not served a responsive pleading" or Rule 12 motion, "the opponent . . . probably has not relied to any appreciable extent on the contents of the original pleading." *Id.*  For these reasons, the two leading civil procedure treatises agree that a Rule 15(a)(1) amendment is confined to a "limited time period following

9

the commencement of the action," and, "when this time period expires . . . [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2)." *Id.*; *accord* 3 Moore's Fed. Prac. § 15.10 (2021) (explaining that "[t]he right to amend pleadings 'as a matter of course' exists only for a limited time," and "[a]fter the time allowed for amendments 'as a matter of course' expires, a party may amend only with leave of court or the written consent of the opposing party").

The Advisory Committee's note to the 2009 Amendment to Rule 15(a)—which promulgated the rule in its current form—is also instructive. That note explains that "the right to amend once as a matter of course *terminates* 21 days after service of a motion under Rule 12(b), (e), or (f)" or a responsive pleading. Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment (emphasis added). The purpose of this 21-day period, the Advisory Committee explains, is to "force the pleader to consider carefully and *promptly* the wisdom of amending to meet the arguments in the motion" or any "issues" that "the responsive pleading may point out . . . that the original pleader had not considered." *Id.* (emphasis added). Although the utility of amendments in response to an opposing party's initial Rule 12 motion or responsive pleading is high, the value of responsive amendments diminishes significantly in subsequent stages of the litigation, once the issues have been narrowed.

The parties have not identified any published opinions from this circuit that have considered the question before the Court, but Plaintiffs and Defendants each invoke a court of appeals decision that they maintain resolves this case in their favor. In *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188 (1st Cir. 2015), which Defendants invoke, the First Circuit held that the relator in a *qui tam* action who had already exercised his right to amend the complaint as a matter of course could not do so a second time. *Id.* at 192. In so holding, the court of appeals rejected the relator's argument that, as a consequence of the 2009 amendment to

10

Rule 15(a)(1), "his right to amend as a matter of course renewed each time the defendants filed a responsive pleading . . . to a particular version of the complaint." *Id.* After surveying the amendment's changes to the text of Rule 15 and the advisory committee's notes, the court of appeals concluded that the 2009 amendment did not modify "[t]he Rule's traditional restriction of amendments as a matter of course to one per plaintiff per case" and reasoned that, "[h]ad the drafters intended so dramatic a change in long-settled procedure, they surely would have chosen language indicating as much and explained this change in the commentary." *Id. D'Agostino*, therefore, stands for the proposition that a plaintiff may not amend her complaint as a matter of course more than once. But the First Circuit's decision does not consider whether a plaintiff's right to amend as a matter of course can ever revive after it has terminated.

For their part, Plaintiffs invoke the Ninth Circuit's decision in *Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015). *Ramirez* dealt with circumstances not present here, in which a plaintiff filed an amended complaint within 21 days of the first Rule 12 motion filed in the case but after he had previously amended the complaint pursuant to stipulation of the parties. *Id.* at 1004. The question before the Ninth Circuit in *Ramirez*, then, was whether a prior amendment with consent of the opposing party (and, arguably, by leave of the court) "somehow exhausted [the plaintiff's] one matter of course amendment." *Id.* at 1007. In holding that the plaintiff could still avail himself of his one amendment as a matter of course, the court of appeals explained:

> Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made.

11

*Id.* Thus, the court of appeals concluded that the "[p]laintiff's [Rule] 15(a)(2) amendment, filed first in time, cannot be construed as a waiver or exhaustion of his automatic right to amend under [Rule] 15(a)(1)." *Id.* at 1008. The court stressed, however, that the Rule 15(a)(1) amendment must still be "timely," and it went on to explain that the amendment in *Ramirez* was timely because the plaintiff had filed his amendment as a matter of course 21 days after defendant's Rule 12 motion. *Id.* Crucially, the Rule 12 motion at issue was the first such motion in the case, *see id.* at 1004; thus, the court of appeals had no occasion to consider whether an already expired right to amend as a matter of course could be revived by a future amended complaint, and nothing in *Ramirez* bears on that question. As a result, *Ramirez* does little to advance Plaintiffs' position.

Both *D'Agostino* and *Ramirez* strike the Court as correct; but neither decision addresses the question presented here—that is, whether the right to amend as a matter of course can ever revive after the initial period to do so has ended. In addition to *D'Agostino* and *Ramirez*, the parties invoke several out-of-circuit district court opinions that grant or deny motions to strike under circumstances similar to those present here. Plaintiffs, in particular, identify four cases accepting amendments as a matter of course that were filed within 21 days of a *second or successive* Rule 12 motion or responsive pleading, but not within 21 days of the *first* responsive pleading or Rule 12 motion. *See Dragonas v. Macerich*, No. CV 20-1648, 2021 WL 1139847, at *1 (D. Ariz. Mar. 21, 2021); *Backcountry Against Dumps v. U.S. Bureau of Indian Affs.*, No. CV 20-2343, 2021 WL 242934, at *1 (S.D. Cal. Jan. 25, 2021); *Smith v. United States*, No. CV 15-726, 2016 WL 10654071, at *1 (N.D. Ga. June 16, 2016); *McMahon v. County of Santa Barbara*, No. CV 15-02714, 2015 WL 13917959, at *1 (C.D. Cal. Nov. 24, 2015); *see also Lee v. AXA Financial, Inc.*, No. CV 18- 140, 2019 WL 2552202, at *2 (E.D. Tenn. June 20, 2019)

(granting a plaintiff's motion to amend but suggesting that the plaintiff might have been able to amend as of course).  The Court, however, is neither bound nor persuaded by those opinions.

      As a group, the decisions generally admit of three flaws.  First, none of the decisions grapples with the interactions of the text, structure, and purposes of Rule 15(a).  Second, *Dragonas*, *Backcountry*, and *McMahon* all overread *Ramirez* to reach amendments outside of the 21-day period of the first responsive pleading or Rule 12 motion—a situation that, as discussed, was not present in *Ramirez* and was not implicated by the Ninth Circuit's reasoning.  And, third, the decisions implicitly place too much weight on Rule 15(a)(1)(B)'s use of the article "a" before the terms "responsive pleading" and "motion under Rule 12(b), (e), or (f)."

      The third shortcoming merits some discussion.  The Court recognizes that, when viewed in isolation, Rule 15(a)(1)(B)'s use of the article "a" might suggest that a new, 21-day window to amend opens as a matter of course anytime "a" new responsive pleading or "a" Rule 12(b) motion is filed in the case.  *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of *a* responsive pleading or 21 days after service of *a* motion under Rule 12(b), (e), or (f), whichever is earlier." (emphasis added)).  But, as discussed, that interpretation conflicts with Rule 15(a)(1)'s provision for one, unbroken period for amendment as a matter of course.  The cases that Plaintiffs cite, however, all reason—at least implicitly—that Rule 15(a)(1)(B) uses "a" responsive pleading instead of "the" responsive pleading out of a recognition that an amendment as of course would be proper after *any* responsive pleadings an opposing party might file throughout a case, not just the first responsive pleading.  But the problem with this reading of the word "a" is that it ignores a more obvious and convincing reason why Rule 15(a)(1)(B) uses an indefinite article rather than a definite one: a complaint can

name several defendants, each of whom may file her own responsive pleading or Rule 12 motion. Understood in this light, the rule does not refer to "the" responsive pleading or "the" Rule 12 motion because a case can involve multiple defendants and multiple responses to the complaint.

Rule 15(a)'s similarly imprecise references to "its pleading" and "the pleading," Fed. R. Civ. P. 15(a)(1), (1)(B), (2), raise a related question—that is, what is the object that is subject to amendment under Rule 15(a)? On its face, the text arguably permits three possibilities: (1) "the pleading" might refer to the original version of the complaint; (2) "the pleading" might refer to each separate version of the complaint (*i.e.*, the original and each subsequent amendment); or (3) "the pleading" might refer to "the complaint" in a general sense—just as one might, at times, refer to "the President" without intending to reference any particular occupant of the presidency.

Upon reflection, however, only the third of these interpretations is plausible. "Its pleading" and "the pleading" cannot mean "the original pleading" because that interpretation would render meaningless Rule 15(a)(2), which contemplates amendments of amendments. *See* Fed. R. Civ. P. 15(a)(2) ("In *all other cases*, a party may amend *its pleading* only with the opposing party's written consent or the court's leave." (emphases added)). Nor can "its pleading" and "the pleading" refer to the various versions of the complaint separately. That is because Rule 15(a)(1) makes clear that the object that may be amended "once" is "[the] pleading." If "the pleading" referred separately to any distinct version of the pleading, then, contrary to the "[t]he Rule's traditional restriction of amendments as a matter of course to one per plaintiff per case," *D'Agostino*, 802 F.3d at 192, a plaintiff could amend her complaint indefinitely, since *each* new amendment could, in turn, be amended without preapproval. The Court concludes, therefore, that the object of Rule 15(a) amendment is "the complaint" in a

general sense—that is, the singular "complaint" as refined or modified over the course of the litigation.

That conclusion, moreover, is consistent with Rule 7, which identifies the "pleadings" that "are allowed."  Fed. R. Civ. P. 7.  Those include "a complaint," "an answer to a complaint," "an answer to a counterclaim," "an answer to a crossclaim," "a third party complaint," "an answer to a third-party complaint," and, at times, "a reply to an answer."  Fed. R. Civ. P. 7(a).  Notably, each type of pleading is singular.  As relevant here, Rule 7 contemplates a single complaint.  It does not treat "an amended complaint," "a second amended complaint," and "a third amended complaint" as three separate "pleadings."  Rather, the plaintiff is entitled to file a single complaint, and she may amend *that* singular complaint to the extent permitted by Rule 15.

Once "the pleading" is understood in this sense, it becomes clear that Rule 15(a)(1)(B) is phrased restrictively, not permissively; it refers to one, unbroken period for amendment as of course that begins with service of the complaint and continues through the service of the first responsive pleading or Rule 12 motion and runs for another 21 days.  *Hayes*, 2021 WL 6619326, at *1; *Villery*, 277 F.R.D. at 219; *see also D'Agostino*, 802 F.3d at 193 (explaining that "the word 'within' merely specifies the point at which the right expires" and does not demarcate the date on which a responsive pleading is filed as the beginning of the Rule 15(a)(1)(B) amendment period).  Applying that logic here, Plaintiffs' right to amend once as a matter of course expired on October 18, 2019, and that right was not revived when (with Defendants' consent) they filed their Second Amended Complaint over 27 months later.  Thus, Plaintiffs were required to seek Defendants' written consent or the Court's leave before filing their Third Amended Complaint.  Because they did not do so, the Court will grant Defendants' motion to strike.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike, Dkt. 128, is hereby **GRANTED**. The Clerk of Court is directed to **STRIKE** Plaintiffs' Third Amended Complaint, Dkt. 126, from the docket.

**SO ORDERED**.

        /s/ Randolph D. Moss
        RANDOLPH D. MOSS
        United States District Judge

Date: May 12, 2022