IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JONES DAY, *et al.*,<br><br>   *Defendants*. | Civ. No. 1:19-02443 (RDM) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE ORDER ON IN CAMERA REVIEW**

  Plaintiffs are unhappy with the results of the in camera review they requested and now want another bite at the apple. They ask this Court to set aside Magistrate Judge Faruqui's ruling and conduct a de novo in camera analysis of documents that Magistrate Judge Faruqui held are privileged, effectively redoing work that has already taken months to complete. That de novo review of Jones Day's privileged documents is exactly what the Court previously declined to do when it decided Plaintiffs' motion to compel so as "to give everyone here some confidence in the process." Jan. 31, 2022 H'rg Tr. at 24:10. The Magistrate Judge's thorough in camera review was more than enough to provide that confidence.

  Following that review, Magistrate Judge Faruqui upheld virtually all of Jones Day's privilege assertions, including with respect to the primary focus of Plaintiffs' objection, JD_PRIV_0039 (hereinafter, "the Shumaker Email"). That ruling also found privilege over one line in the Shumaker Email that Jones Day had initially redacted as privileged, but later produced after this Court ordered the Firm to disclose whether Shumaker had made a recommendation of termination.

1

Magistrate Judge Faruqui's decision must stand unless "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); LCvR 72.2(c). It is neither. Plaintiffs' objection disregards the applicable standard of review, misstates the relevant procedural history, and relies on the unsupported claim that all termination decisions are necessarily "business" decisions rather than "legal" ones. For these and for other reasons as explained herein, Plaintiffs' objection must fail. There is no basis for this Court to hold that Magistrate Judge Faruqui's order was clearly erroneous, particularly when the Court does not have before it the full record that Magistrate Judge Faruqui considered.

## BACKGROUND

The roots of this dispute extend back more than a year. On April 28, 2021, Plaintiffs served an interrogatory that asked Jones Day to identify "all persons who were involved in any way with . . . Jones Day's decision to fire Mark . . . and describe each person's role with respect to each, including any decision that the person made or view that the person expressed as to the appropriate course for Jones Day to pursue." Exhibit 1 at 33 (Defendants' June 11, 2021 Discovery Responses). In response, Jones Day objected to the extent that the interrogatory sought information protected by the attorney-client privilege or work-product doctrine, but, subject to that objection, identified four different individuals who were involved in the decision to terminate Savignac and the implementation of that decision. With respect to the termination decision itself, Defendants stated that "[a]fter reviewing privileged advice provided by Michael Shumaker, Stephen Brogan authorized Savignac's termination." *Id.* The Firm withheld all of the contents of Shumaker's advice.

Dissatisfied with this and other discovery responses by Defendants, Plaintiffs asked for a telephonic discovery status conference with the Court, identifying six discrete topics in a Notice

2

filed the day before the teleconference.  *See* ECF 60.  There were no written submissions on any of these topics.

During the teleconference, Plaintiffs stated that one of their concerns was identifying whether Shumaker actually recommended that Brogan terminate Savignac.  After the Court questioned whether an interrogatory (rather than a deposition) was the appropriate way to get details regarding the decision to terminate Savignac, Plaintiffs stated that they would be satisfied with a statement whether Shumaker recommended termination in response to their interrogatory.  The Court then addressed counsel for Jones Day, asking if there was "[a]ny reason, then, that you ought not to clarify this response by indicating in a supplemental response whether or not Mr. Shumaker recommended Mr. Savignac's termination or not."  July 20, 2021 Hr'g Tr. 27:4-7.  Counsel for Jones Day explained that such a response would be problematic because of the privileged nature of Shumaker's communications with Brogan.  After further discussion regarding Shumaker's role, the Court "direct[ed] then that you supplement the response by indicating whether or not Mr. Shumaker recommended Mark's termination."  *Id.* 29:9-13.

On September 10, 2021, Defendants served a supplemental interrogatory response that, as ordered, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ One week later, it served a privilege log of the documents that Jones Day had withheld on the basis of attorney-client privilege or work product.  That log included the Shumaker Email, which Jones Day withheld in full based on an assertion of both privilege and work product.

In subsequent meet-and-confers—and in light of this Court's prior ruling on Plaintiffs' interrogatory—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Jones Day produced that version of the Shumaker Email on October 8, 2021.

3

Still dissatisfied, Plaintiffs filed another motion to compel, this time asserting a blanket challenge to every single assertion of privilege and work-product on Jones Day's privilege log. *See* Motion to Compel, Dkt. No. 85 (Oct. 13, 2021). Plaintiffs asked for a full in camera review on multiple grounds, including a baseless claim that the crime-fraud exception applied to any claim of privilege, and a speculative assertion that many documents could only reflect unprivileged business advice. The parties then submitted significant briefing on these privilege issues, including on the specific question of privilege assertions over communications with legal advice from in-house counsel who also have administrative responsibilities.

The Court ultimately directed that Jones Day submit forty-two documents for in camera review, including the Shumaker Email, in order to give Plaintiffs comfort that a neutral party had evaluated Jones Day's privilege determinations. But in response to Defendants' objections, the Court declined to conduct that in camera review itself. The matter was referred to Magistrate Judge Faruqui, whom the Court authorized "to consider the parties' filings at Dkt. 84, Dkt. 94, Dkt, 95, and Dkt. 118 in reaching a decision on the matter submitted for in camera review, as well as a transcript of the January 31, 2022 hearing." Feb. 4, 2022 Minute Order. The Court also granted the Magistrate Judge discretion to "order that Jones Day's administrative partner, Michael Shumaker, appear for an ex parte hearing before the magistrate judge for the purpose of answering the magistrate judge's questions." Feb. 1, 2022 Minute Order.

The material that Jones Day submitted to Magistrate Judge Faruqui included: (1) fully unredacted copies of the forty-two documents that the Court ordered to be reviewed in camera; (2) any redacted versions of those documents that Jones Day had produced, including the redacted version of the Shumaker Email produced on October 8, 2021; and (3) further

4

information that Shumaker provided at an ex parte hearing on February 14, 2022.[1]  On April 14, 2022, after considering Defendants' unredacted records in camera, and with the benefit of the parties' full briefing and ex parte hearing with Shumaker, Magistrate Judge Faruqui determined that the Shumaker Email was privileged, including the portions that Jones Day had produced on October 8, 2021.  Plaintiffs now object, reiterating their prior argument that a termination recommendation is "quintessential business advice" and cannot be privileged.  Obj. at p. 2.

## ARGUMENT

Non-dispositive decisions by a Magistrate Judge, such as with respect to privilege, may only be modified or set aside if "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); LCvR 72.2(c).  Plaintiffs cannot meet this standard for several reasons.

*First,* although Plaintiffs pay lip service to the high standard of review, their requested relief would have the Court ignore it.  Indeed, Plaintiffs already received what they requested in their motion to compel:  an in camera review of Defendants' documents by a neutral decisionmaker.  Dissatisfied with the results of that review, Plaintiffs now seek a do-over—an improper *de novo* assessment of Magistrate Judge Faruqui's decision.  *Evans v. Atwood*, No. CIV.A. 96-2746(RMU), 1999 WL 1032811, at *1 (D.D.C. Sept. 29, 1999) ("On review by this court, a United States Magistrate Judge's decisions are entitled to great deference, particularly on discovery issues.").  Plaintiffs' displeasure does not equate to clear error, however.  And Plaintiffs do not point to any way in which Magistrate Judge Faruqui clearly erred in his consideration of the extensive briefing, unredacted documents, and testimony from Shumaker

---

[1] Jones Day also voluntarily submitted for Magistrate Judge Faruqui's in camera review four additional documents that were identified through further discovery efforts after the January 31, 2022 argument.

5

available to him. Indeed, it is precisely because this Court does not have the benefit of that extensive record that the Federal Rules make non-dispositive decisions by a Magistrate Judge subject only to clear error review.

Nor do Plaintiffs make any argument that Magistrate Judge Faruqui's privilege analysis is contrary to law, except to say that a recommendation whether or not to terminate an employee can never be privileged because it is "quintessential business advice from an 'administrative' officer to a 'manager.'" Plaintiffs offer no support for this position, and none exists.[2] Rather, a lawyer's recommendation whether or not to terminate an employee is privileged when a significant purpose of the communication by the lawyer is the provision of legal advice. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 757 (D.C. Cir. 2014) (finding that the attorney-client privilege applies whenever "obtaining or providing legal advice was *one of* the significant purposes of the attorney-client communication") (emphasis added); *FTC v. Boehringer Ingelheim Pharms., Inc.*, 892 F.3d 1264, 1267-68 (D.C. Cir. 2018) ("[A]s we stated in *Kellogg*, what matters is whether obtaining or providing legal advice was one of the significant purposes of the attorney-client communications."). And such is the case here, as determined by Magistrate Judge Faruqui following full briefing, in camera review, and discussion with Shumaker, whom no one disputes is both a Jones Day attorney and counsel to the Firm whose written job responsibilities include providing legal counsel on personnel matters.

*Second*, and contrary to Plaintiffs' suggestion, Magistrate Judge Faruqui did not "overrule" the Court. Respectfully, this Court did not have the benefit of the full briefing and factual record

---

[2] Defendants noted this same dearth of authority in their Opposition to Plaintiffs' Motion to Compel: "Plaintiffs, moreover, cite no authority for their claim that the decision to fire an employee is solely a business decision." *See* Defs.' Opp. to Pltfs.' Mot. to Compel at p. 12. Plaintiffs doubled-down in reply, again offering no authority in support.

when it ordered Defendants in July 2021 to disclose whether Shumaker recommended termination. Magistrate Judge Faruqui was ordered to review the documents in camera "to determine whether those documents fall within the asserted privileges." There was no carve-out in that referral order. Magistrate Judge Faruqui conducted his privilege review as directed. He had not only the full legal briefing that both sides submitted last October—after this Court's July 2021 discovery conference—but also all of the documents and additional information that Shumaker provided at the ex parte hearing on February 14, 2022. It was Plaintiffs who demanded an in camera review, and with full context, Magistrate Judge Faruqui decided the relevant privilege issue in Jones Day's favor. There is no way for this Court to conduct the review Plaintiffs now seek without convening its own ex parte hearing to develop the record that Magistrate Judge Faruqui had before him.³



*Third*, Jones Day has not, as Plaintiffs suggest, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Pltfs.' Obj. at 1. At no time did the Firm concede that the information presently disputed is not privileged. To the contrary, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ That order did not qualify for immediate appeal, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) (holding that orders adverse to the attorney-client privilege do not qualify for immediate appeal under the collateral order doctrine), and Jones Day obeyed the order. It also asserted privilege when it included the Shumaker Email—in full—on the

---

³ *See* Jan. 31, 2022 Hr'g Tr. 35:13-17 (THE COURT: ". . . [J]ust to acknowledge Ms. Chase's point, that you need to talk to somebody who understands whether the document is legal advice or not. There may not be a lot of purpose to be served by an in camera review when you can't have those conversations.").

7

Firm's September 17, 2021 privilege log.  Following discussions with Plaintiffs, Jones Day later produced one sentence of the email ███████████████████████████████ ████████  But the Firm never would have done so if it had not already been ordered to disclose exactly the same information in an interrogatory response.  In any event, Jones Day provided the produced, redacted version of the Shumaker Email to Magistrate Judge Faruqui so that he was aware of what parts of that document had been produced, and Magistrate Judge Faruqui still ruled that all presently-disputed content is privileged.[4]

*Fourth*, Plaintiffs argue that the Shumaker Email is "the single most crucial piece of evidence to the central claim in this litigation," Pltfs.' Obj. at 2, but this is simply not true. Defendants have acknowledged from the beginning of the case that the decision to terminate Savignac was made by Brogan in his capacity as Managing Partner of Jones Day.  *See* Defs.' Resp. of Interrogatory No. 1 ("Stephen Brogan authorized Savignac's termination").  Brogan is set to be deposed on June 6, 2022, at which time Plaintiffs will have ample opportunity to investigate why Brogan decided to terminate Savignac.

Moreover, given that it is undisputed Brogan made the decision to terminate Savignac, there is no prejudice to any retaliation claim against Jones Day or Brogan.  While it may be that a related claim against Shumaker personally will fail, that is not a basis for overcoming the attorney-client privilege.  Under D.C. Circuit precedent, there is no "crucial evidence" exception to

---

[4] Plaintiffs claim as further evidence of error that Magistrate Judge Faruqui did not order production of one sentence in an email from the Firm's HR Counsel to Shumaker that Jones Day had not redacted when it produced the otherwise privileged email.  *See* Pltfs.' Obj. at 2.  The sentence — "I know you have an argument tomorrow so we can discuss after then" — is irrelevant and not responsive to any discovery demand, and Magistrate Judge Faruqui could reasonably have concluded that this sentence need not be separately produced when the rest of the email was clearly privileged.  Plaintiffs make no argument that this was clear error or contrary to law.

8

privilege, and courts have thus dismissed claims that either depend upon the disclosure of privileged information for plaintiffs to prove the elements of their claims or that would force defendants to waive privilege to assert valid defenses to those claims. *See, e.g.*, *In re United States*, 872 F.2d 472, 476 (D.C. Cir. 1989) ("The effect of a valid claim of privilege on the outcome of a particular case depends on the purpose that the privileged information would have served. If the information is essential to establishing plaintiff's prima facie case, dismissal is appropriate."); *Edmonds v. Dep't of Just.*, 323 F. Supp. 2d 65, 79 (D.C. Cir. 2004) (dismissing various claims, including retaliation, where "plaintiff is not only unable to prove the prima facie elements of each of her claims without the disclosure of privileged information, but that the defendants are unable to assert valid defenses to her claims without such disclosures"); *Gen. Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1190 (Cal. 1994) ("[W]here the elements of a wrongful discharge in violation of fundamental public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the attorney-client privilege, the suit must be dismissed in the interest of preserving the privilege.").[5]

*Finally*, the Court should not entertain the various conditional requests embedded within Plaintiffs' objection. If the Court overrules their objection, then Plaintiffs evidently intend to seek a third bite at the apple by challenging Defendants' clawback of the Shumaker Email after Magistrate Judge Faruqui's ruling. Obj. at 2 n.2. On the other hand, if the Court sustains their objection, then Plaintiffs also ask the Court to re-review every privilege determination made by Magistrate Judge Faruqui. *See id.* at 3. Plaintiffs fail to explain why the Court should permit any

---

[5] Plaintiffs have never explained why a claim against Shumaker is necessary to afford complete relief on Savignac's retaliation claim when the same claim has already been asserted against Brogan and Jones Day.

9

of this, let alone why any other aspect of Magistrate Judge Faruqui's ruling is clearly erroneous. Having failed to raise timely objections to any other specific aspect of the Magistrate Judge's ruling, Plaintiffs should not be able to present further objections serially and as a way of having the Court constantly reconsider the same issue over and over. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); LCvR 72.2(b) (requiring objections to "specifically designate the order or part thereof to which objection is made, *and the basis for the objection*") (emphasis added).[6]

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Objection to Magistrate Judge Faruqui's Order on In Camera Review.

---

[6] In a gratuitous and irrelevant footnote, Plaintiffs also accuse Jones Day of failing to preserve a mysterious "attachment" to the Shumaker Email. This has been the subject of meet-and-confers in which Defense counsel explained the basis for their understanding that Shumaker did not include any attachment in his email to Brogan (which email was forwarding additional correspondence that is clear on the face of the document). The basis for that understanding was counsel's "investigation of the matter, which includes privileged communications." Defense counsel also advised Plaintiffs that because "Mike [Shumaker] is on the list of witnesses whom you intend to depose, you may have the opportunity to ask him about this directly." Defendants have been trying to schedule depositions in this matter, which requires a Rule 30(b)(6) notice of the topics on which Plaintiffs intend to depose Jones Day. Because many of the Firm's Rule 30(b)(6) designees likely will also be deposed in their personal capacity as fact witnesses, having those topics is key to scheduling the remaining depositions. Defendants have been asking for a Rule 30(b)(6) notice for months, but Plaintiffs only just served a notice on May 13th, reserving the right to add additional topics.

Dated: May 18, 2022                                    Respectfully submitted,

    <u>/s/ Terri L. Chase</u>
Terri L. Chase (*pro hac vice*)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Ph: (305) 714-9700
Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Ph: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Ph: (202) 879-3939
Email: cdipompeo@jonesday.com

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Ph: (412) 391-3939
Email: atbailey@jonesday.com

*Attorneys for Defendants*