IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 1:19-02443 (RDM) |
| *Plaintiffs*, |  |  |
| v. |  |  |
| JONES DAY, *et al.*, |  |  |
| *Defendants.* |  |  |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO THIRD AMENDED COMPLAINT**

For the reasons set forth below, Defendants respectfully request a 21-day extension of time, until October 14, 2022, to move to strike or otherwise respond to Plaintiffs' recently filed Third Amended Complaint ("TAC"), *see* Dkt. 172.

1. This Court previously ruled that Plaintiffs may no longer amend their pleadings as of right; any amendment must be premised on consent or leave of court. *See* Dkt. 144 (striking TAC). In response to that ruling, on May 20, 2022, Plaintiffs filed a motion for leave to file a TAC in order to "add two Jones Day managers—Traci Lovitt and Michael Shumaker—as Defendants" with respect to Plaintiffs' retaliation claims regarding Jones Day's press release. Dkt. 150.

2. At a July 1, 2022, hearing, the Court permitted Plaintiffs to add—if they concluded they had a "good faith basis" to do so after discovery—a "Fair Labor Standards retaliation claim against Ms. Lovitt or Mr. Shumaker" based on their alleged roles with respect to the press statement and "allegations that support the new claims." Tr. of July 1, 2022 Hr'g at 47, 50. The Court denied the motion in all other respects.

1

3. Discovery has now closed. On September 9, 2022, Plaintiffs filed their most recent TAC pursuant to the Court's July 1, 2022, ruling. Dkt. 172. That TAC, however, does not add any claims against Ms. Lovitt or Mr. Shumaker. In fact, it does not include any new allegations at all about the press release. Instead, it adds an unrelated allegation meant to bolster Plaintiffs' other retaliation claims that was not authorized by the Court. *See* Dkt. 172-2 ¶¶ 266, 272, 282.

4. As a result, on September 20, 2022, Defendants sent Plaintiffs a letter demanding withdrawal of the TAC as filed without leave or consent. The letter also demanded voluntary withdrawal of certain claims that lack sufficient evidentiary support under Fed. R. Civ. P. 11(b)(3). Defendants informed Plaintiffs they would consent to an amended complaint only to the extent that it withdrew those claims. Under Rule 11, Plaintiffs have 21 days (until October 11) to consider Defendants' letter.

5. To accommodate that time and the possibility that further pleading in response to the Third Amended Complaint filed on September 9 may be unnecessary, Defendants request an extension of time to move to strike and/or otherwise respond to the TAC until October 14. Defendants submit that it would be most efficient to wait the 21 days before filing an answer or motion to strike that may end up being unnecessary or superseded by yet another amended complaint.

6. By an email on September 21, 2022, the Plaintiffs refused to consent to Defendants' requested extension of time to respond to the TAC.

7. For the reasons set forth above, Defendants respectfully request a 21-day extension, until October 14, 2022, of their time to move to strike and/or respond to the TAC.

| | |
|---|---|
| Dated: September 22, 2022 | Respectfully submitted, |

                                                                                */s/ Terri L. Chase*
Terri L. Chase (*pro hac vice*)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Ph: (305) 714-9700
Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Ph: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Ph: (202) 879-3939
Email: cdipompeo@jonesday.com

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Ph: (412) 391-3939
Email: atbailey@jonesday.com

*Attorneys for Defendants*