IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and<br>JULIA SHEKETOFF,<br><br>      *Plaintiffs*,<br><br>v.<br><br>JONES DAY, *et al.*,<br><br>      *Defendants.* | Civ. No. 1:19-02443 (RDM) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME
TO RESPOND TO THIRD AMENDED COMPLAINT**

1.      Defendants' motion for an extension of time to respond to the Third Amended Complaint ("TAC") was prompted by two grounds: (1) to provide time for Defendants to move to strike or otherwise respond to the TAC; and (2) to accommodate the time required by Rule 11 for Plaintiffs to consider Defendants' Rule 11 letter.

2.      As Plaintiffs pointed out to Defendants for the first time in their opposition, the Court apparently granted leave to add the substance of the new allegations in paragraphs 266, 272, and 282 of the most recently filed TAC. Defendants had not recognized those new allegations as the subject of discussion at the July 1 hearing, because those entire paragraphs appeared in redline in the version of the TAC that counsel and the Court discussed at the hearing, and the new language in those paragraphs was not identified in the briefing on the motion for leave or by counsel at the hearing. After a discussion about the language not adding new theories to the case, defense counsel observed that the language "does not appear to be a new allegation" and "it might have just moved," and consented on that misunderstanding, which Plaintiffs did not correct. Tr. of July 1, 2022 Hr'g at 23:7-8. Regardless, since the Court does appear to have granted leave to add the new allegations, which do not raise new theories, Defendants will not move to strike.

1

3. Defendants continue to seek an extension because responding to a nearly 300 paragraph complaint is a time-consuming endeavor, which may be unnecessary if, after considering Defendants' Rule 11 letter, Plaintiffs withdraw certain claims or allegations. And, even apart from the Rule 11 letter, responding to Plaintiffs' TAC will take significant time because Defendants will be required to consider their responses to all paragraphs in Plaintiffs' TAC in light of the facts learned in discovery since Defendants' last answer.

4. Plaintiffs have not identified any way in which the short delay will cause them prejudice, and, to the contrary, Defendants' requested extension will allow the parties to most efficiently evaluate the impact of the completion of discovery on Plaintiffs' allegations.

5. For these reasons, Defendants request an additional 21-days to respond to Plaintiffs' TAC, to and including October 14, 2022.

Dated: September 23, 2022

Respectfully submitted,

/s/ Terri L. Chase
Terri L. Chase (*pro hac vice*)
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Ph: (305) 714-9700
Email: tlchase@jonesday.com

Traci Lovitt (Bar No. 467222)
JONES DAY
250 Vesey Street
New York, NY 10281
Ph: (212) 326-3939
Email: tlovitt@jonesday.com

Christopher DiPompeo (Bar No. 1003503)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Ph: (202) 879-3939
Email: cdipompeo@jonesday.com

Anderson T. Bailey (*pro hac vice*)
JONES DAY
500 Grant Street
Pittsburgh, PA 15219
Ph: (412) 391-3939
Email: atbailey@jonesday.com

*Attorneys for Defendants*