IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. SAVIGNAC and JULIA SHEKETOFF,<br><br>*Plaintiffs*,<br><br>v.<br><br>JONES DAY, STEPHEN J. BROGAN, BETH HEIFETZ, and MICHAEL SHUMAKER,<br><br>*Defendants*. | Case No. 1:19-cv-02443-RDM-ZMF |

**REPLY IN SUPPORT OF PLAINTIFFS' PRE-MOTION STATEMENT REGARDING THEIR MOTION FOR SUMMARY JUDGMENT**

Jones Day's response (Dkt. 179) to Plaintiffs' pre-motion statement (Dkt. 177) lacks merit.

*First*, starting with the challenge to Jones Day's leave policy, its lead argument is that the Court's decision *denying Jones Day's motion to dismiss* somehow rejected *Plaintiffs'* position. Not so. The Court did not reject any of Plaintiffs' arguments or disagree with their interpretation of the law. It did not even address all of Plaintiffs' lead authorities (nor has Jones Day done so). The Court said no more than it needed to say to reject *Jones Day's* motion. Anyway, the record is such that Plaintiffs would prevail even under Jones Day's unsupported view of the law.

*Second*, as Plaintiffs will show, the record proves beyond dispute that Jones Day gives the full eight weeks to all new mothers, regardless of whether they are disabled for that long (most are not). Any argument to the contrary would be knowingly false and sanctionable.

*Third*, Jones Day argues that a classification giving special benefits to "mothers" but not "fathers" is not sex-based at all, because some women do not give birth and some people who do give birth "do not identify as female." This argument rightly failed at the pleading stage. Ample

authority confirms that pregnancy discrimination is sex discrimination and that leave limited to mothers must be based on actual disability, not the mere fact of motherhood.

Jones Day fares no better on retaliation.  It says that Plaintiffs could have moved for judgment on the pleadings with no need for discovery.  In fact, Plaintiffs *did* seek to move for judgment pre-discovery based on Jones Day's answer.  In desperation, Jones Day complained that it should not have to face a motion until after discovery, and the Court barred Plaintiffs from filing.

Jones Day's other arguments are also meritless.  *First*, it says that Plaintiffs' "demand" must have been objectively reasonable.  But the law is clear that what had to be reasonable is Plaintiffs' *belief that Jones Day's leave policy was unlawful*.  *E.g.*, Dkt. 124 at 7; *Savignac v. Jones Day*, 486 F. Supp. 3d 14, 38-39 (D.D.C. 2020).  Jones Day does not even try to argue that Plaintiffs' belief was unreasonable—a position that this Court rejected when it held that Jones Day's authorities did not unambiguously foreclose Plaintiffs' position.  *See id.* at 39.  Nor did Mark demand "equal treatment with disabled birth mothers" or seek to "depriv[e] birth mothers of disability leave."  Jones Day offers disability leave up to 26 weeks to any associate actually disabled from performing his or her job, and Plaintiffs have never complained about that offering—just the sex-based rule giving every mother eight extra weeks regardless of disability.

*Second*, assuming arguendo that a plaintiff must show that she "believed" an admittedly reasonable legal proposition, there is no genuine dispute that Plaintiffs believed that Jones Day's policy giving all mothers eight weeks of sex-based leave without regard for disability was illegal. Mark told Julia in writing that the policy was "[p]resumably … illegal" *years* before he started work at Jones Day, and nothing in the record would allow a reasonable jury to discredit Plaintiffs' sworn testimony that they have long believed that Jones Day's policy is unlawful.

*Third*, nothing in the "manner" of Plaintiffs' email deprives it of protection. The cases that find opposition unprotected based on its manner all deal with a narrow set of circumstances where the plaintiff either fails to do her own job or is so disruptive that colleagues cannot do theirs. None of this was even arguably presented by Plaintiffs' formal written complaint to the appropriate Jones Day manager.

Plaintiffs acknowledge that out-of-Circuit decisions adopt a different reading of the participation clause. But the EEOC and the United States (speaking through the Bush Administration's Solicitor General) agree with Plaintiffs. The D.C. Circuit has not decided the issue, and the Supreme Court has noted that it is an open question. This Court should consider text, structure, and precedent and reach the legally correct conclusion rather than counting noses. The same goes for Plaintiffs' plain-language reading of the FLSA's antiretaliation provision.[1]

| | |
|---|---|
| /s/ Julia Sheketoff | /s/ Mark Savignac |
| Julia Sheketoff (pro se) | Mark C. Savignac (pro se) |
| 2207 Combes Street | 2207 Combes Street |
| Urbana, IL 61801 | Urbana, IL 61801 |
| (202) 567-7195 | (217) 714-3803 |
| sheketoff@gmail.com | marksavignac@gmail.com |
| D.C. Bar No. 1030225 | D.C. Bar No. 995367 |

October 7, 2022

---

[1] Jones Day's insinuation that Mark deceived the Court by "feigning" uncertainty as to whether the participation clause allegation "expand[ed] legal theories" in the case is a baseless ad hominem attack. When the Court indicated that Plaintiffs might need to amend their complaint to add any new claims or legal theories, Mark stated that he did not know the standard for determining when an allegation must be added to preserve an argument and sought to add an explicit reference to participating in Jones Day's complaint process out of an abundance of caution, though the complaint as it stood already included all the relevant facts. Both the Court and Jones Day read the one-sentence allegation in question and expressly agreed to the addition.